United States District Court
Southern District of Texas
**ENTERED**
April 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS et al, § § § § § § §<br><br>Plaintiff. §<br>v. §<br> §<br> §<br>UNITED STATES OF AMERICA §<br>et al, §<br> §<br><br>Defendants. | CIVIL ACTION NO. 6:21-cv-00016 |

## ORDER FOR SCHEDULING CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES

**1.   The Scheduling Conference**

Counsel and parties appearing *pro se* shall appear for a Scheduling Conference under Rule 16 of the Federal Rules of Civil Procedure:

**June 30, 2021 at 11:00 am.
before Judge Drew B. Tipton
by video conference**

Prior to the deadline for filing the Joint Discovery/Case Management Plan (the "Plan") and the Proposed Scheduling and Docket Control Order (the "Proposed Scheduling Order"), *see* 4.a. *infra*, counsel and any unrepresented parties must meet to discuss the case and prepare the Plan and the Proposed Scheduling Order. The Court will discuss the results of the parties' meeting, the Plan, and the Scheduling Order at the Scheduling Conference.

Counsel with knowledge of the case and with authority to address and agree to substantive as well as scheduling matters must attend both the Rule 26(f) meeting and Scheduling Conference with the Court. Unrepresented parties must also attend.

**2.   Disclosure of Interested Parties**

Counsel and all unrepresented parties must also file with the Clerk, at least 15 days before the Scheduling Conference, a certificate listing all persons, associations, firms, partnerships, corporations, affiliates, parent corporations, or other entities, including any

unincorporated entities such as LLCs or LLPs, that are financially interested in the outcome of this litigation. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities financially interested in the outcome of the litigation are identified during this litigation, an amended certificate must be filed promptly with the Clerk. If an unincorporated entity is named as a party, the certificate must state the citizenship of every member of that entity.

3. **The Parties' Rule 26(f) Meeting**

    The parties must discuss at the Rule 26(f) meeting and include in the Plan and Order filed with the Court all the matters listed in Rule 26(f) that apply to the case. In general, the Court expects the parties to discuss, address in their Plan, and be prepared to review with the Court, the topics that are set out below.

    a. The nature and basis of the parties' claims and defenses, and any threshold issues that need to be resolved, such as jurisdiction or limitations.

    b. The parties' plan for discovery needed to obtain the information that is relevant, not privileged, and proportional to the needs of the case.

    c. Whether there are issues or problems in the preservation, retrieval, review, disclosure, or production of discoverable information.

    d. Whether there are issues specifically relating to the disclosure or discovery of electronically stored information, including:

        i. the form or forms in which it should be produced;

        ii. the topics and the period for which discovery will be sought;

        iii. the sources of information or systems within a party's control that should be searched;

        iv. issues relating to preserving, retrieving, reviewing, disclosing, or producing electronically stored information; and

        v. other topics listed below or in Rules 16 and 26(f).

4. **The Joint Discovery/Case Management Plan and the Proposed Scheduling Order**

    The Rule 26(f) meeting is expected to result in the parties completing the Plan and the Proposed Scheduling Order, using the forms that are Attachments 1 and 2 to this Order. These forms may be modified or adapted to the needs of the particular case.

    <u>The parties are to file with the Court only one Plan and one Proposed Scheduling Order</u>. Both must be signed by counsel for all parties and by any unrepresented parties. Counsel for the plaintiff is responsible for filing the Plan and Proposed Scheduling Order. If the

plaintiff is unrepresented, counsel for the represented parties have the responsibility for filing the Plan and Proposed Scheduling Order.

If the parties cannot agree on matters that must or should be addressed in the Plan or Proposed Scheduling Order, the disagreements must be set out clearly in the joint filing. The Court will discuss the disputes with counsel and attempt to resolve them at the Scheduling Conference.

    **a.**    **Timing**

    The parties must file the Plan and the proposed Scheduling Order no later than 14 days before the Scheduling Conference is scheduled.

    **b.**    **Contents**

    The parties must discuss and include the matters listed on the attached forms in their Rule 26(f) meeting, the Plan, and the Proposed Scheduling Order.

**5.**    **Pre-motion Conferences Required for Discovery and Other Pretrial Disputes**

The Court encourages the parties to make a serious attempt to resolve all discovery and scheduling disputes without intervention by the Court. This includes motions to compel, quash any discovery, or for protection. <u>Lead counsel must personally confer on all discovery and scheduling disputes as a final attempt at resolution prior to involving the Court.</u>

Do not bring a motion on discovery and scheduling disputes without permission. To obtain permission, the party seeking relief must submit a letter not exceeding two pages. Identify the nature of the dispute, outline the issues, and state the contested relief sought. <u>Describe the conference between lead counsel and summarize the results.</u> Send a copy to all counsel and unrepresented parties.

The opposing party should promptly submit a responsive letter of similar length identifying any disagreement. Do not submit a reply letter.

The foregoing letters should be sent by email to the Court's case manager, Kellie Papaioannou at <u>Kellie_Papaioannou@txs.uscourts.gov</u>.

The Court may dispose of the dispute on the letters. When determined advisable, the Court may schedule a telephonic or video conference as soon as practicable. The Court will dispose of disputes at the conference to the extent possible and establish the issues and briefing schedule of any written motion allowed.

When the dispute includes discovery of electronic data, each party must have available at any conference a person with detailed knowledge of the computers and electronic databases in issue. The Court may rely on accurate responses from those individuals when ordering relief as to that aspect of any dispute.

       Motions for extension of discovery must be filed far enough in advance of the deadline to enable opposing counsel to respond before the deadline.

**6.**    Counsel designated attorney-in-charge must appear at the initial pretrial conference. The Court permits substitution of counsel for this conference only on showing of good cause. File and seek ruling on any such motion well in advance of the conference.

**7.**    Any counsel or *pro se* party who appears at the conference must be:

    a.    Fully familiar with the facts and the law applicable to the case;

    b.    Prepared to argue any pending motion and to discuss any anticipated motion;

    c.    Prepared to discuss potential alternative dispute resolution methods suited to the case; and

    d.    Authorized to bind the client on all matters discussed at the conference.

**8.**    At or shortly after the conference, the Court will enter a scheduling order and may rule on any pending motions.

**9.**    The parties are bound by this Order, the papers mentioned in paragraphs 4 and 5 above, and the dates set out in the Scheduling Order to be entered in this case.

**10.**    Failure to comply with this Order may result in sanctions, including dismissal of the action and assessment of expenses.

*It is SO ORDERED.*

# ATTACHMENT 1

# The Joint Discovery/Case Management Plan

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| _____ | § | |
| **Plaintiff,** | § | |
| v. | § | Civil Action No. 6:21\_\_-cv-\_\_\_\_\_ |
| _____ | § | |
| **Defendant.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Restate each instruction in bold and furnish the requested information.

1. State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.

2. List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.

3. Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.

4. Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

5. List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.

6. List any anticipated interventions. Briefly explain why.

7. Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.

8. State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.

9. Apart from initial disclosures, specify other discovery served or accomplished to date.

10. Describe the proposed agreed discovery plan. At a minimum, include:

    a. Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;

    b. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

    c. When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

    d. Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.

    e. Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.

    f. When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.

    g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.

    h. List expert depositions the opposing party anticipates taking and their anticipated completion date.

11. State the date by which the parties can reasonably complete the planned discovery.

12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.

13. Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

14. Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.

15. A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.

16. Identify any party that has made a jury demand and whether it was timely.

17. Specify the number of hours it will likely take to present the evidence at trial in this case.

18. List pending motions the Court could resolve at the initial pretrial conference.

19. List other pending motions.

20. List all other matters that deserve attention of the Court at the initial pretrial conference.

21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

23. If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.

24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.

Respectfully submitted,

Date                                              [Plaintiff Signature Block]

Date                                              [Defendant Signature Block]

# ATTACHMENT 2

# The Proposed Scheduling Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| _____ | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21__-cv-_____ |
| | § | |
| _____ | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## SCHEDULING ORDER

The disposition of this case will be controlled by the following schedule:

1. _____    **MOTIONS TO ADD NEW PARTIES**
   The party causing the addition of a new party must provide copies of this Order and all previously entered Orders to the new party.

2. _____    **MOTIONS FOR LEAVE TO AMEND PLEADINGS**
   Any party seeking leave to amend pleadings after this date must show good cause.

3. _____    **EXPERTS (other than attorney's fees)**
   The party with the burden of proof on an issue must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

   _____    The opposing party must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

4. _____    **COMPLETION OF DISCOVERY**
   Discovery requests are not timely if the deadline for response under the Federal Rules of Civil Procedure falls after this date. Parties may continue discovery beyond the deadline by agreement.

5. _____    **PRETRIAL MOTIONS DEADLINE**
   **(except for motions *in limine*)**
   No motion may be filed after this date except for good cause.

6. _____ **MEDIATION OR SETTLEMENT CONFERENCE**
Mediation or other form of dispute resolution must be completed by this deadline.

7. _____ **JOINT PRETRIAL ORDER AND MOTION *IN LIMINE* DEADLINE**
The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Plaintiff is responsible for timely filing the complete Joint Pretrial Order.  Failure to do so may lead to dismissal or other sanction in accordance with the applicable rules.

8. _____ **DOCKET CALL**
Docket Call will be held at 2:00 p.m.  The Court will not consider documents filed within seven days of docket call. The Court may rule on pending motions at docket call and will set the case for trial as close to docket call as practicable.

9. Additional orders relating to disclosures, discovery, or pretrial motions:

_____

_____

Any party wishing to make a discovery or scheduling motion must obtain permission before the submission of motion papers. This includes any motion to compel, to quash, for protection, or for extension. <u>Lead counsel must personally confer on all discovery and scheduling disputes as a final attempt at resolution prior to involving the Court</u>. To obtain permission, the party seeking relief must submit a letter not exceeding two pages. Identify the nature of the dispute, outline the issues, and state the contested relief sought. Describe the conference between lead counsel and summarize the results.  Send a copy to all counsel and unrepresented parties.  The opposing party should promptly submit a responsive letter of similar length identifying any disagreement. Do not submit a reply letter.  The foregoing letters should be sent by email to the Court's case manager, Kellie Papaioannou at Kellie_Papaioannou@txs.uscourts.gov.

The parties agree to submit attorney's fees issues to the Court by affidavit after resolution of liability and damages.

It is SO ORDERED.

Signed this \_\_\_ of _____, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**