# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*. | Civ. Action No. 6:21-cv-00016 |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit this Notice of Supplemental Authority to advise the Court of the Supreme Court's recent decision in *Johnson v. Guzman Chavez*, No. 19-897, 2021 WL 2653264 (U.S. June 29, 2021), which interpreted both 8 U.S.C. § 1226(c) and 8 U.S.C. § 1231(a)(2).

In this case, the parties dispute whether those provisions mandate detention of covered aliens. Plaintiffs argue they do. *See* ECF 18 at 13–16, 18–19. Defendants, on the other hand, contend that "[n]either § 1226(c) nor § 1231(a)(2) impose a mandatory duty to detain any noncitizen." ECF 42 at 22.

In *Guzman Chavez*, the Supreme Court confirmed that both provisions are mandatory. For aliens covered by Section 1226(c), "detention is mandatory and release is permitted in very limited circumstances." *Guzman Chavez*, 2021 WL 2653264, at *3 n.2 (citing 8 U.S.C. § 1226(c)). Similarly, for aliens covered by Section 1231(a)(2), "detention is mandatory" "during the removal period." *Id.* at *4 (citing 8 U.S.C. § 1231(a)(2)).

| | |
|---|---|
| Date: July 1, 2021 | Respectfully submitted. |
| | |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>*Attorney-in-Charge* |
| BRENT WEBSTER<br>First Assistant Attorney General | Texas Bar No. 00798537<br>Southern District of Texas Bar No. 1829509<br>patrick.sweeten@oag.texas.gov |
| JUDD E. STONE II<br>Solicitor General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Texas Bar No. 24088531<br>Southern District of Texas Bar No. 3053077<br>will.thompson@oag.texas.gov |
| | RYAN D. WALTERS<br>Special Counsel<br>Texas Bar No. 24105085<br>Southern District of Texas Bar No. 3369185<br>ryan.walters@oag.texas.gov |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410 |
| | **COUNSEL FOR PLAINTIFF STATE OF TEXAS** |

>JEFF LANDRY
>LOUISIANA ATTORNEY GENERAL
>
>/s/Elizabeth B. Murrill
>ELIZABETH B. MURRILL
>Solicitor General
>JOSEPH S. ST. JOHN
>Deputy Solicitor General
>
>Louisiana Department of Justice
>1885 N. Third St.
>Baton Rouge, LA 70804
>(225) 326-6766
>murrille@ag.louisiana.gov
>stjohnj@ag.louisiana.gov
>
>COUNSEL FOR PLAINTIFF STATE OF LOUISIANA

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this response, exclusive of the matters designated for omission, is 163, as counted by Microsoft Word.

>/s/ Patrick K. Sweeten
>PATRICK K. SWEETEN

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 1, 2021, which automatically serves all counsel of record who are registered to receive notices in this case.

>/s/ Patrick K. Sweeten
>PATRICK K. SWEETEN