# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA, <br><br> *Plaintiffs*, <br><br> v. <br><br> The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> *Defendants*. | Civ. Action No. 6:21-cv-00016 |

**PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants' supplemental authority supports Texas and Louisiana in this case. *See* ECF 65 (citing *Arizona v. DHS*, No. 2:21-cv-186 (D. Ariz. June 30, 2021)). The Arizona court decided two issues: standing and reviewability.

First, the court ruled that Arizona had standing to challenge the February 18 Memorandum. *See* ECF 65-1 at 10–15. The State faced injuries in fact stemming from Defendants' refusal to enforce federal immigration law: "for those noncitizens who commit state crimes, are then incarcerated, and subsequently released but not removed by ICE, Arizona has to spend money to supervise their release into the community." *Id.* at 15. Texas and Louisiana have standing because they face similar costs. *See, e.g.*, ECF 19-12 ¶¶ 18–19; ECF 19-3 ¶ 2.

Second, the Arizona court held "that it [could not] properly review Plaintiffs' claims" because it disagreed with the plaintiffs' argument that "8 U.S.C. § 1231(a)(1)(A) provides sufficient guidelines for DHS to follow." ECF 65-1 at 16. As an initial matter, that ruling cannot help Defendants in this case because Texas and Louisiana have not brought a claim based on Section 1231(a)(1)(A). Instead, Texas and Louisiana argue that the January 20 and February 18 Memoranda are unlawful under Section 1226(c) and Section 1231(a)(2), two provisions the Arizona court did not consider. *See* ECF 18 at 12–19.

In any event, the Arizona court's interpretation of Section 1231(a)(1)(A) is unpersuasive. The court described its conclusion as "*contra*" this Court's holding in *Texas v. United States*, No. 6:21-cv-3, 2021 WL 2096669, at *33–*38 (S.D. Tex. Feb. 23, 2021), but it did not grapple with this Court's reasoning. ECF 65-1 at 17. For example, the Arizona court declined to interpret Section 1231(a)(1)(A) "as a mandate" because Section 1231(a)(3) "contains provisions for when a noncitizen is *not* removed within the 90-day statutory period." *Id.* at 16. But this Court explained that the "mandatory language of § 1231(a)(1)(A) is not neutered by . . . the existence of statutes

and caselaw outlining procedure in the event that practical circumstances prevent removal within 90 days." *Texas v. United States*, No. 6:21-cv-3, 2021 WL 247877, at *3 (S.D. Tex. Jan. 26, 2021).

| | |
|---|---|
| Date: July 6, 2021 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | */s/ Patrick K. Sweeten*<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation |
| BRENT WEBSTER<br>First Assistant Attorney General | *Attorney-in-Charge*<br>Texas Bar No. 00798537<br>Southern District of Texas Bar No. 1829509<br>patrick.sweeten@oag.texas.gov |
| JUDD E. STONE II<br>Solicitor General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Texas Bar No. 24088531<br>Southern District of Texas Bar No. 3053077<br>will.thompson@oag.texas.gov |
| | RYAN D. WALTERS<br>Special Counsel<br>Texas Bar No. 24105085<br>Southern District of Texas Bar No. 3369185<br>ryan.walters@oag.texas.gov |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410 |
| | **COUNSEL FOR PLAINTIFF STATE OF TEXAS** |

**JEFF LANDRY**
**LOUISIANA ATTORNEY GENERAL**

*/s/Elizabeth B. Murrill*
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General

Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this response, exclusive of the matters designated for omission, is 357, as counted by Microsoft Word.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 6, 2021, which automatically serves all counsel of record who are registered to receive notices in this case.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN