UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | No. 6:21-cv-00016 |

| | |
|---|---|
| SHERIFF BRAD COE, et al.<br><br>Plaintiff,<br>v.<br><br>JOSEPH R. BIDEN, JR., et al.<br><br>Defendants. | No. 3:21-cv-00168 |

**DEFENDANTS' MOTION TO CONSOLIDATE RELATED CASES AND BRIEFLY STAY THE CASES PENDING CONSIDERATION OF HOW BEST TO PROCEED**

Two sets of plaintiffs bring overlapping legal claims against effectively-identical defendants, and seek the same injunctive relief against Defendants' priority scheme for immigration enforcement. To avoid potentially inconsistent judgments within the same district, and to serve the interests of judicial and party economies, the Court should consolidate the actions. Defendants accordingly respectfully move to consolidate, before this Court, *Coe, et al. v. Biden, et al.*, No. 3:21-168, with *State of Texas, et al. v. United States of America, et al.*, No. 6:21-16. Additionally, should this Court grant consolidation, Defendants ask this Court to stay proceedings in these matters, including the pending preliminary injunction motion in *Coe*, and,

-1-

correspondingly, order the parties to file status reports within seven days on how best to proceed in a way that would most promote judicial economy. Defendants conferred with counsel for Plaintiffs in both actions. Both sets of plaintiffs oppose Defendants' motion to consolidate and stay proceedings.[1]

## BACKGROUND

On January 20, 2021, the then-Acting Secretary of Homeland Security issued a memorandum titled "Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities." *See* Ex. A (the "Pekoske Memo") (ECF 42-1). The Pekoske Memo made note of DHS's inherent resource limitations and the "significant operational challenges" it faces due to the COVID-19 pandemic, and, in light of these considerations, called upon DHS "components to conduct a review of policies and practices concerning immigration enforcement." *Id.* at 1. Consistent with longstanding historical practice, Acting Secretary Pekoske instructed DHS components to develop recommendations concerning, among other things, "policies for prioritizing the use of enforcement personnel, detention space, and removal assets" and "policies governing the exercise of prosecutorial discretion." *Id.* at 2.

The Pekoske Memo identifies three broad "priority" groups of noncitizens that DHS components should focus on when rendering "a range" of "discretionary enforcement decisions, including deciding" whom to "arrest" and "detain." *Id.* These priority groups are: national security, border security, and public safety. *Id.* The Pekoske Memo clarified, however, that "nothing" therein "prohibits the apprehension or detention of" other noncitizens "who are *not* identified as priorities." *Id.* at 3 (emphasis added).

On February 18, 2021, ICE issued a memorandum to operationalize the enforcement priorities in the Pekoske Memo. *See* Ex. B (the "ICE Interim Guidance," and together with the Pekoske Memo, the "Memoranda") (ECF No. 42-2). The ICE Interim Guidance confirms that "ICE operates in an environment of limited resources," and "necessarily must prioritize" certain

---

[1] As a procedural matter and to the extent necessary under the Local Rules, *see* LR 7.6, Defendants consent to the *Coe* Plaintiffs filing a response to this motion notwithstanding the fact that they are not a party to the *Texas* action.

"enforcement and removal actions over others" in order to "most effectively achieve [its] mission" of "national security, border security, and public safety." *Id.* at 2-3. The guidance further elaborates on the Pekoske Memo and its priority groups. Specifically, the ICE Interim Guidance catalogues the three presumed priority groups identified in the Pekoske Memo, and notes that, at ICE's request, DHS agreed to include "qualifying members of criminal gangs and transnational criminal organizations" in the list of presumed priority groups. *Id.* at 1, 4-5 (hereinafter, the priority group provisions in the Memoranda will be referred to as the "Priority Framework"). Furthermore, the ICE Interim Guidance reiterates that the Priority Framework does not "prohibit the arrest, detention, or removal of *any* noncitizen." *Id.* at 3 (emphasis added). Enforcement actions against other priorities are permissible when justified by "all relevant facts and circumstances," including the nature of any prior criminal convictions and the agency's limited resources. *Id*. Finally, the guidance clarifies that its provisions "will remain in effect" only until the agency institutes "new enforcement guidelines." *Id.* at 1. Defendants' current expectation is that the Secretary will issue new immigration enforcement priorities by the end of August or the beginning of September. *See* Defendants' Advisory (ECF No. 63).

Texas and Louisiana ("the States") brought suit on April 6, 2021, challenging the Priorities Framework (Part B of the Pekoske Memo and the ICE Interim Guidance). *See* Compl., ECF No. 1. Three weeks later, the States moved to preliminarily enjoin the Priority Framework. *See* Mot. for Prelim. Inj. (ECF No. 18) ("*Texas* PI Mot."). In their motion, the States assert claims under the Administrative Procedures Act ("APA"), the Take Care Clause, and a purported "Agreement" between Texas and DHS.

Sheriff Brad Coe and Kinney County, Texas, along with three other sheriffs and their counties, as well as a union that claims ICE officers as members (collectively, "Coe"), brought suit on July 1, 2021, challenging the same Priorities Framework. Last week, they filed a motion to preliminarily enjoin the Priorities Framework. *See Coe* Mot. for Prelim. Inj. (ECF No. 7) ("*Coe* PI Mot."). As in the *Texas* case, Plaintiffs in *Coe* bring claims under the APA and the Take Care Clause.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Local Rule 7.6 directs litigants to file motions for consolidation with the trial judge in the oldest case. LR 7.6.

"'Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that consolidation would avoid unnecessary costs or delay.'" *Texas Dep't of Transportation v. Canal Barge Co.*, No. 4:20-CV-00868, 2020 WL 4335787, at *2 (S.D. Tex. July 28, 2020) (quoting *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n. of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983)) (alteration omitted). Doing so helps to "eliminate unnecessary repetition and confusion." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966). Courts consider the following factors in deciding motions to consolidate:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

*In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, Civ. A. Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (citations omitted).

**ARGUMENT**

**I.    This Court Should Consolidate the Texas and Coe Challenges to DHS's and ICE's Interim Enforcement Guidance.**

The relevant factors counsel in favor of consolidation.

**1.**    *Texas* and *Coe* are both pending in the U.S. District Court for the Southern District of Texas. *See Enron Corp.*, 2007 WL 446051, at *1.

**2.**    The legal issues for this Court to decide in *Texas* and *Coe* are substantially similar. Both the State Plaintiffs and the *Coe* Plaintiffs make the same core statutory claims: that the

Priorities Framework is contrary to law under the APA because it violates 8 U.S.C. § 1226(c), 8 U.S.C. § 1231(a), and the Take Care Clause, it is arbitrary and capricious, and it was issued without observance of the requirements of notice-and-comment rulemaking. *Compare Coe* Compl. at ¶¶ 99-133, *with Texas* Compl. at ¶¶ 94-121, 126-31. *Coe* Plaintiffs' sole unique claim is that the guidance violates also 8 U.S.C. § 1225(b)(2)(A). *Coe* Compl. at ¶¶ 93-98. The States offer one additional claim, that the Priorities Framework violates an agreement between Texas and DHS, which is already fully briefed. *Texas* Compl. at ¶¶ 122-25. That Plaintiffs' legal theories are not completely identical is no bar to consolidation, especially given the substantial overlap of the claims and Defendants' APA threshold defenses. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2384 at n.22 (3d ed.) ("Consolidation is not barred simply because the plaintiffs may be relying on different legal theories . . . the critical consideration . . . is whether there is at least one common question of law or fact to justify bringing the actions together."). Because the cases share most legal issues, the Court should grant the motion to consolidate. *PEMEX Exploración y Producción v. BASF Corp.*, No. CV H-10-1997, 2011 WL 13134611, at *4 (S.D. Tex. Oct. 4, 2011) (cases consolidated where "*[m]any* of the questions of law [were] common") (emphasis added).

   **3.** The potential for inconsistent results also counsels consolidation. "Many of the questions of law common to both actions are questions that should be adjudicated by one court to avoid inconsistent rulings." *PEMEX*, 2011 WL 13134611, at *4 (identifying mostly legal questions). Defendants' APA threshold defenses, *e.g.*, whether a framework providing internal guidance for enforcement actions is committed to agency discretion, either apply or do not. The Priorities Framework either violates 8 U.S.C. § 1226(c), or it does not. The same as to 8 U.S.C. § 1231(a). The same as to the Take Care Clause. The same as to whether it is arbitrary or capricious. Consolidating the two actions eliminates the possibility that this Court reaches inconsistent determinations about the application of these provisions.[2] 9A Charles Alan Wright &

---

[2] Complicated legal questions benefit from circulation in the lower courts, of course. *See Texas* PI Opp'n at 46-47. But, Rule 42(a) dictates that within the *same* court, the interest of consistent judgments reigns. *See* FRCP 42(a).

Arthur R. Miller, Federal Practice & Procedure § 2384 at n.28 (3d ed.). *Contra, e.g.*, *Weir-Cove Moving & Storage Co. v. Fleet Owners Insurance Fund*, 2019 WL 266422, *2 (N.D. Ohio 2019) ("[T]he fact that both cases are pending before the same judicial officer already minimizes the risk of inconsistent results.").

**4.** The parties are substantially similar. Both Complaints name the same Defendants, except that President Biden is also named as a Defendant in *Coe*. Defendants acknowledge, of course, that Plaintiffs are distinct parties, but courts often consolidate cases when different plaintiffs seek the same relief. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2384 at n.12 (3d ed.). The Plaintiffs in both *Texas* and *Coe* ask this Court to enjoin the Priorities Framework, and so consolidation is appropriate.

**5.** Consolidation will serve judicial and party economy. Defendants have already briefed, and this Court has already been considering, the significant majority of the arguments that the *Coe* Plaintiffs present in their PI. *Compare Coe* PI, *with Texas* PI. Rather than a second judicial officer getting up to speed—and Defendants having to fully re-brief the issues—this Court could order supplemental briefing on the new and case-specific elements of the *Coe* motion (*i.e.*, standing and irreparable harm and the one additional statutory claim). The *Coe* Plaintiffs would have a full opportunity to be heard, while the Court and Defendants can preserve resources.[3]

**6.** Consolidation will not prejudice either set of Plaintiffs because they are already litigating together and because the States have accepted delay. In the States' response to this Court's inquiry about whether to schedule an evidentiary hearing, the States' counsel coordinated with *Coe*'s counsel to represent not only the general willingness of certain witnesses to testify, but also specific terms for that testimony and the witnesses' schedules. *See* Plaintiffs' Resp. (ECF No. 70) at 2-3. Though it may have been conceivable for the States to suggest they would be prejudiced by a delay resulting from consolidating the cases, the States have already accepted that delay by

---

[3] Although Defendants submit that an evidentiary hearing is not appropriate for the reasons stated in their recent Advisory, *see* ECF No. 69, if the evidentiary hearing contemplated by the Court were to proceed, it would be highly inefficient to have two separate evidentiary proceedings in the same district involving the same witnesses testifying about the impact of the same federal policy. Thus, to the extent the Court wishes to hold such a hearing, the pendency of such a hearing would favor consolidation.

now suggesting an evidentiary hearing is appropriate in this matter, even though they have a fully briefed motion for preliminary injunction. *See id.* at 2 ("an evidentiary hearing is appropriate"), *contra* Defs.' Advisory (ECF No. 69) (submitting that this Court should resolve the pending motion for preliminary injunction on the fully submitted record). Thus, there is no apparent reason why Plaintiffs would be prejudiced by consolidation.

**II.      This Court Should Briefly Stay the Cases Pending Consideration of How Best to Proceed.**

Should this Court grant the motion to consolidate, Defendants respectfully request that this Court stay proceedings in these matters, including the briefing on the *Coe* preliminary injunction motion, until the parties have an opportunity to propose a path forward in these actions that would best promote judicial economy. Given the substantial overlap between the fully briefed preliminary injunction motion in *Texas*, there are more efficient ways to proceed than duplicative briefing. One possibility is for the parties to supplement the briefing in *Texas* with arguments pertinent to *Coe* (*i.e.*, standing, irreparable harm, and the additional statutory claim). Regardless, the parties should first confer before proceeding and thus Defendants respectfully request that the Court order status reports to be filed within seven days of any order consolidating these matters.[4]

Neither set of plaintiffs would be prejudiced by a short stay. The *Coe* plaintiffs waited nearly five months before bringing a preliminary injunction motion seeking to enjoin the ICE Interim Guidance. Surely, a brief stay to determine how to most efficiently address the issues raised in their motion will not cause prejudice. *See Morland v. Sprecher*, 443 U.S. 709, 710 (1979) (rejecting request for expedited review because petitioner waited two and a half months before making request). "[E]quity aids the vigilant." *See Carver v. Liberty Mut. Ins. Co.*, 277 F.2d 105,

---

[4] One such issue the parties will need to address is how best to resolve the *Coe* Plaintiffs' request to file an affidavit under seal that would require Defendants' counsel to not share allegations made *against* DHS *with* DHS. *See Coe v. Biden*, Pls.' Mot. for Leave to File Affidavit Under Seal (ECF No. 8).

109 (5th Cir. 1960) (emphasizing that plaintiff "allowed most of the year to elapse before filing suit"). Likewise, the *Texas* Plaintiffs have already countenanced a multi-week delay by suggesting that the Court should order an evidentiary hearing, notwithstanding that their motion for preliminary injunction is fully briefed and they did not previously seek a hearing. *See* Pls.' Resp. In any event, the purpose of the status reports will be for the parties to determine how to close the record for this Court's consideration of the multiple preliminary injunction motions in the most efficient manner possible.

## CONCLUSION

For the foregoing reasons, the Court should consolidate the related cases, stay proceedings in *Coe* and *Texas*, and order the parties to file status reports within seven days of entry of an order consolidating the matters.

Dated: July 12, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER
Attorney-in-charge
IL Bar. No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
MICHAEL F. KNAPP
CA Bar No. 314104
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265

Fax: (202) 616-8460
Email: Adam.Kirschner@usdoj.gov
Brian.C.Rosen-Shaud@usdoj.gov
Michael.F.Knapp@usdoj.gov
Kuntal.Cholera@usdoj.gov

<u>Mailing Address</u>:
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address</u>
1100 L Street NW, Room 11020
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 2525, as counted by Microsoft Word.

                                              */s/ Adam D. Kirschner*
                                              ADAM D. KIRSCHNER

## CERTIFICATE OF COMPLIANCE

I certify that on July 12, 2021, I conferred with counsel for the *Texas* Plaintiffs and counsel for the *Coe* Plaintiffs, who both represented they are opposed to this motion.

                                              */s/ Adam D. Kirschner*
                                              ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 12, 2021.

                                              */s/ Adam D. Kirschner*
                                              ADAM D. KIRSCHNER