IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*. | Civ. Action No. 6:21-cv-00016 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE RELATED CASES AND FOR A STAY**

Defendants' recent procedural filings seek to delay judicial review of their unlawful actions. In light of Plaintiffs' continuing irreparable injury, the Court should deny Plaintiffs' motions to consolidate and stay. Plaintiffs respectfully request that the Court consider their motion for preliminary injunction—with or without a hearing—at its earliest convenience.

## BACKGROUND

Plaintiffs' motion for preliminary injunction (the "PI Motion") has been fully briefed since May 25. ECF No. 51. On July 2, the Court held a status conference where it informed the parties of recent allegations in *Coe v. Biden*, No. 3:21-cv-168 (S.D. Tex.) (Brown, J.), that could be relevant to the PI Motion. The Court asked whether an evidentiary hearing with testimony from some of the *Coe* parties would be helpful to this case.

While Plaintiffs "believe[d] that the Court could grant a preliminary injunction based on the evidence already before it," they also advised the Court that a hearing would be appropriate to take the testimony of the witnesses in the *Coe* case. ECF No. 70 at 2. Plaintiffs proposed that, if such a hearing were held, they would use the opportunity to also update the Court, through testimony, regarding the data on rescinded (and never-issued) detainers compiled by the Texas Department of Criminal Justice. ECF No. 70 at 2–3. Plaintiffs also sought to avoid delay of consideration of the PI Motion, proposing July 29 or July 28 as dates for a hearing.

Defendants opposed having an evidentiary hearing, ECF No. 69 at 1, but in the alternative "note[d] that a hearing even in mid-August would be insufficient time for Defendants to properly prepare." *Id*. at 8.

Now, Defendants seek further delay through their latest motions to consolidate and stay. ECF No. 71.[1] The delay Defendants seek is indefinite, with deadlines for any assumption of the proceedings to be determined at some undetermined point in the future. *See* ECF No. 71 at 7–8.

Defendants' efforts to delay this case until at least the end of August are not without purpose. Defendants have advised the Court that their "current expectation is that the Secretary will issue new immigration enforcement priorities by the end of August or the beginning of September." ECF No. 63 at 3–4. In response to the Court's question about the impact the issuance of new guidance would have on the claims in this case, Defendants have asserted that they "expect Plaintiffs' challenge to the January 20 and February 18 Memoranda will become moot . . . [as those memoranda] will expire and be superseded upon the Secretary's issuance of new enforcement guidance." *Id*. at 2.

## LAW AND ARGUMENT

The Court has discretion to order consolidation of multiple cases:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The party moving for consolidation bears the burden of proving that consolidation is desirable. 5 James W. Moore & Jeremy C. Wicker, Moore's Fed. Prac. ¶ 42.04[1], p. 42–6 (1994) (citing cases). Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); *see also Gentry v.*

---

[1] Defendants also filed a motion to expedite consideration of the Motion to Consolidate, asking that Plaintiffs be required to file their response by July 16. ECF No. 72. As this Response is being filed on that date, that motion to expedite is moot.

*Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (noting that "the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice").

Among the factors courts consider when presented with a motion to consolidate are "whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately" and "whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Wellogix, Inc. v. Accenture, LLP*, No. 3:08-cv-119, 2010 WL 11469762, at *2 (S.D. Tex. Dec. 20, 2010) (citation omitted).

"[C]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen'l Hosp. Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 989 (5th Cir. 1983). For example, consolidation can be inappropriate "in instances where the cases are at different stages of preparedness for trial," *Mills v. Beech Aircraft Corp.,* Inc., 886 F.2d 758, 762 (5th Cir. 1989), as "the fact that [] the cases are at different stages of pretrial preparation make it impractical to craft a uniform scheduling and docket control order." *Rizzo v. Wyeth, Inc.*, No. CIV.A.H-03-00425, 2010 WL 2605360, at *1–2 (S.D. Tex. June 28, 2010).

Courts have denied consolidation where the cases involved "markedly different procedural postures" even when they possessed "almost identical questions of law and fact." *Pedigo v. Austin Rumba, Inc.*, No. A-08-CA-803-JRN, 2010 WL 2730463, at *1 (W.D. Tex. June 24, 2010). Even if there would be some benefit to this Court hearing the *Coe* case due to its familiarity with the legal issues in this case, "the risk of delay and prolongation of [Plaintiffs'] claims for relief [] in the present case outweigh the benefits that may accrue if the cases are consolidated." *Wellogix*, 2010 WL 11469762, at *3 (denying consolidation despite conceded benefit due to court's familiarity with the parties on both sides and common questions of fact); *see RTIC Drinkware,*

*LLC v. YETI Coolers*, LLC, No. 1:16-cv-907, 2017 WL 5244173, at *1–3 (W.D. Tex. Jan. 18, 2017) (denying consolidation even though "the cases at issue are pending in the same court and involve common parties," because "the cases are at very different stages of litigation" and a delay for "dispositive motions to be briefed and decided" would prejudice the plaintiff).

Here, by interjecting the *Coe* case into this matter, the Court would be delaying resolution of the PI Motion, which includes allegations of ongoing irreparable injury. The *Coe* plaintiffs have filed their own motion for preliminary injunction, but Defendants have yet to respond and the *Coe* plaintiffs are entitled to a reply. ECF No. 73 at 7. Consolidation would severely prejudice Plaintiffs by prolonging their ongoing irreparable injuries.

Nor would judicial economy be served by consolidation. Post-consolidation, the Court would still be facing two separate sets of full briefing on motions for preliminary injunction. As the *Coe* plaintiffs explain, they seek relief that Plaintiffs do not, ECF No. 73 at 2–4. They also make claims Plaintiffs do not, and vice versa. *See* ECF No. 71 at 5 (Defendants acknowledging this point). And jurisdictional issues of standing will differ between Plaintiffs (which are States) and the *Coe* plaintiffs. There is no way to avoid allowing full briefing by the *Coe* plaintiffs.

Defendants propose to jettison any briefing on the *Coe* plaintiffs' claims that address the legal claims also made by Plaintiffs and allow limited supplemental briefing on any aspects specific to them. ECF No. 71 at 6. But that would prejudice the *Coe* plaintiffs from being able to argue their claims how they see fit. The "strict segregation of merged cases is necessary to prevent consolidation from depriving a party of any substantial rights that he may have had if the actions had proceeded separately." *Shafer v. Army & Air Force Exchange Serv.*, 376 F.3d 386, 395 (5th Cir. 2004), *op. clarified on other grounds*, Nos. 03-10074 and 03-10220, 2004 WL 672 (5th Cir. June 28, 2004) (cleaned up); *see also Harcon Barge Co. V. D & G Boat Rentals, Inc.*, 746 F.2d

278, 287 (5th Cir. 1984). This is because "consolidation does not merge suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *In re Excel Corp*, 106 F.3d 1197, 1201 (5th Cir. 1997) (cleaned up).

Defendants' proposal would also fail to resolve the problem of prejudice to Plaintiffs. Allowing the supplemental briefing would lead to the same delay of resolution of the pending PI Motion.

There would be no efficiency realized by having this Court consider two full sets of briefing at this stage, a circumstance that would also have to be repeated on briefing for permanent relief. *See Neutron Depot, LLC v. Bankrate, Inc.*, No. 2:14-CV-192, 2016 WL 3536721, at *3 (S.D. Tex. June 29, 2016) (denying motion to consolidate after finding "the issue of judicial economy [] neutral" because "[e]ven if the cases were tried together, the Defendants will be seeking separate discovery and filing separate dispositive motions and separate judgments will have to be entered for each case").

## CONCLUSION

Given the need for relief from ongoing irreparable injuries inflicted by Defendants' unlawful action, Plaintiffs respectfully request that the Court deny Defendants' motions to consolidate and stay. Instead of indefinitely delaying consideration of Plaintiffs' pending motion for preliminary injunction, the Court should issue a ruling at its earliest convenience.

If the Court schedules a hearing but does not select among Plaintiffs' proposed dates, Plaintiffs will bring whichever witnesses are available. If the Court prefers to postpone any evidentiary hearing until after a preliminary-injunction ruling, for the summary-judgment or trial stage, Plaintiffs have no objection.

| | |
|---|---|
| Date: July 16, 2021 | Respectfully submitted. |
| KEN PAXTON<br>Attorney General of Texas | /s/ Patrick K. Sweeten<br>PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>*Attorney-in-Charge* |
| BRENT WEBSTER<br>First Assistant Attorney General | Texas Bar No. 00798537<br>Southern District of Texas Bar No. 1829509<br>patrick.sweeten@oag.texas.gov |
| JUDD E. STONE II<br>Solicitor General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Texas Bar No. 24088531<br>Southern District of Texas Bar No. 3053077<br>will.thompson@oag.texas.gov |
| | RYAN D. WALTERS<br>Special Counsel<br>Texas Bar No. 24105085<br>Southern District of Texas Bar No. 3369185<br>ryan.walters@oag.texas.gov |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410 |
| | **COUNSEL FOR PLAINTIFF STATE OF TEXAS** |

JEFF LANDRY
LOUISIANA ATTORNEY GENERAL

*/s/Elizabeth B. Murrill*
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General

Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this response, exclusive of the matters designated for omission, is 1605, as counted by Microsoft Word.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 16, 2021, which automatically serves all counsel of record who are registered to receive notices in this case.

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN