Case 6:21-cv-00016   Document 75   Filed on 07/26/21 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| The **STATE OF TEXAS**; and the **STATE OF LOUISIANA**, § § § | | |
| Plaintiffs, § § | | |
| v. § § | Civil Action No. 6:21-cv-00016 | |
| The **UNITED STATES OF AMERICA**; **ALEJANDRO MAYORKAS**, Secretary of The United States Department of Homeland Security, in his official capacity; **UNITED STATES DEPARTMENT OF HOMELAND SECURITY**; **TROY MILLER**, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; **U.S. CUSTOMS AND BORDER PROTECTION**; **TAE JOHNSON**, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**; **TRACY RENAUD**, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; and **U.S. CITIZENSHIP AND IMMIGRATION SERVICES**, § § § § § § § § § § § § § § § § § § § § § | | |
| Defendants. § | | |

## ORDER

The Government[1] has filed a Motion to Consolidate, (Dkt. No. 71), and a Motion to Expedite Briefing on the Motion to Consolidate. (Dkt. No. 72). The Government contends that the Court should consolidate this case with one recently filed in a different division in the Southern District of Texas. *See Coe v. Biden*, No. 3:21-cv-00168 (S.D. Tex. filed July 1, 2021) (Brown, J.).

---

[1] The Court refers to the Defendants collectively as "the Government" throughout this Order.

The Government further contends that the Court should stay proceedings in both cases and order status updates until the Parties are able to determine how best to proceed. In support, the Government argues that the claims, requests for injunctive relief, and defendants in both cases are practically identical. (Dkt. No. 71). In addition, the Government argues that consolidation would promote judicial economy and prevent potentially inconsistent judgments. (*Id.*). The Plaintiff States of Texas and Louisiana ("the States") in this case are opposed, (Dkt. No. 74), as are the *Coe* plaintiffs. (Dkt. No. 73).[2] Having considered the Motions, the Responses, the record, and the applicable law, the Court **DENIES** the Motion to Consolidate and **DENIES AS MOOT** the Motion to Expedite.

## I.    BACKGROUND

The States filed this suit in the Victoria Division of the Southern District of Texas on April 6, 2021, seeking to prohibit the Government from implementing and enforcing the January 20 and February 18 Memoranda concerning immigration-enforcement actions. (Dkt. No. 1 at 28); (Dkt. No. 18 at 25, 43). The States further seek to compel the Government to take custody of aliens who have been convicted of certain crimes or are subject to a final order of removal. (*Id.*). In their Complaint, the States assert six claims. The first four involve the Memoranda's alleged noncompliance with the Administrative Procedure Act ("APA"); contrary to law for failure to detain under 8 U.S.C. § 1226(c); contrary to law for failure to detain under 8 U.S.C. § 1231(a)(2); arbitrary and capricious; and failure to follow the notice-and-comment requirements of rulemaking. (Dkt. No. 1 at 21–26). The remaining two claims include a violation of the the Constitution's Take Care Clause and a breach of the purported Agreements between the States and the Government. (*Id.* at 26–27).

---

[2]   The Government consented to the *Coe* plaintiffs filing a response to the Motion to Consolidate and Motion to Expedite. (Dkt. No. 71 at n.1).

On April 27, 2021, the States moved to preliminarily enjoin the Government from implementing and enforcing the Memoranda, as well as to compel agency action unlawfully withheld under 5 U.S.C. § 706(1).[3] (Dkt. No. 18). The Government filed a Response in opposition, (Dkt. No. 42), to which the States filed a Reply. (Dkt. No. 51).

On July 1, 2021, well over a month after briefing closed in this case, the *Coe* plaintiffs filed suit in the Galveston Division of the Southern District of Texas. *Coe v. Biden*, No. 3:21-cv-00168 (S.D. Tex. filed July 1, 2021, at Dkt. No. 1). The *Coe* plaintiffs bring claims regarding the February 18 Memorandum. (*Id.*). They assert that the February 18 Memorandum violates: 8 U.S.C. § 1225(b)(2)(A) for failure to detain and initiate removal; 8 U.S.C. § 1226(c) for failure to detain; and 8 U.S.C. § 1231(a) for failure to remove. (*Id.* at 24–26). As for the APA, the *Coe* plaintiffs argue that the February 18 Memorandum: is contrary to law; was promulgated without observance of procedure, including the APA's notice-and-comment requirement; is arbitrary and capricious; and unlawfully withholds and unreasonably delays agency action. (*Id.* at 26–29). Finally, the *Coe* plaintiffs claim that the Government has violated the Take Care Clause of the Constitution. (*Id.* at 30).

For relief, the *Coe* plaintiffs seek a declaration, under various statutes,[4] that the February 18 Memorandum is unlawful. (*Id.* at 31). Next, the *Coe* plaintiffs seek to enjoin the implementation and enforcement of the February 18 Memorandum. (*Id.*). Third, they ask the court to vacate the February 18 Memorandum. (*Id.*). Finally, the *Coe* plaintiffs seek an injunction compelling the defendants to reinstate detainers, "fully comply with their statutory obligations," take custody of certain criminal aliens, and take custody of certain illegal aliens whose detention

---

[3] Section 706(1) of the APA provides that a "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

[4] These statutes include 28 U.S.C. §§ 2201, 2202 and 5 U.S.C. §§ 706(2)(B), 706(2)(D).

or removal is required by law "and who have been arrested by local law enforcement agencies for the commission or state crimes, when such law enforcement agencies seek to transfer custody of such aliens to ICE." (*Id.* at 30–32).

## II. LEGAL STANDARD FOR CONSOLIDATION

Rule 42 of the Federal Rules of Civil Procedure permits a court to consolidate cases if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a).[5] "Consolidation is a procedural device used to promote judicial efficiency and economy by avoiding unnecessary costs or delay . . . ." *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, No. H-17-3784, 2021 WL 3022435, *5 (S.D. Tex. July 15, 2021). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, ___ U.S. ___, ___, 138 S.Ct. 1118, 1131, 200 L.Ed.2d 399 (2018); *accord Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993).

The party moving for consolidation bears the burden of demonstrating that consolidation is proper. *Frazier*, 980 F.2d at 1532. In deciding such motions, courts consider whether (1) the actions were filed in the same court, (2) the actions involve common parties, (3) the actions implicate common questions of law or fact, (4) the risk of prejudice outweighs the risk of inconsistent adjudications, and (5) judicial economy would be affected. *See, e.g.*, *id.* at 1531–32; *Parker v. Hyperdynamics Corp.*, 126 F.Supp.3d 830, 835 (S.D. Tex. 2015).

---

[5] Rule 42(a) provides:

    (a) <u>Consolidation</u>. If actions before the court involve a common question of law or fact, the court may:

        (1) join for hearing or trial any or all matters at issue in the actions;
        (2) consolidate the actions; or
        (3) issue any other orders to avoid unnecessary cost or delay.

The Fifth Circuit has urged district courts "to make good use of Rule 42(a) in order to expedite trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (alteration and quotation omitted); *accord Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, *2 (W.D. Tex. Apr. 8, 2013). But even though "consolidation is permitted as a matter of convenience and economy in administration," *Hall*, ___ U.S. at ___, 138 S.Ct. at 1127, "[c]onsolidation is improper if it would prejudice the rights of the parties," *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

## III. ANALYSIS

The Court now turns to the factors for determining whether consolidation is appropriate. Having considered these factors, as well as the Parties' arguments, the Court finds that the Government has failed to meet its burden of demonstrating that consolidating this case with the *Coe* case is proper.

### A. FILED IN THE SAME COURT

The first factor a court considers in determining whether consolidation of cases is appropriate is whether the actions were filed in the same court. Courts have interpreted "same court" as the same district. *See, e.g.*, *Wharton v. U.S. Dep't of Hous. & Urban Dev.*, No. 2:19-CV-300, 2020 WL 6749943, *2 (S.D. Tex. Mar. 3, 2020). But a court still retains broad discretion to consolidate even when cases "are pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989). Here, the Court notes that this case is pending in the Victoria Division of the Southern District of Texas while the *Coe* case is pending in the Galveston Division before Judge Jeffrey V. Brown, some 170 miles away. Thus, the Court finds that this factor weighs neither in favor of nor against consolidation.

### B.     COMMON PARTIES

The second factor is whether the two cases involve common parties.  The Government argues that this factor weighs in favor of consolidation because this case and the *Coe* case share some common defendants.  (Dkt. No. 71 at 6).  Although some of the defendants in the two cases overlap, not all do.  Both cases involve the United States, the Secretary of the Department of Homeland Security, the Department of Homeland Security, the Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, the U.S. Customs and Border Protection, the Acting Director of U.S. Immigration and Customs Enforcement, and the U.S. Immigration and Customs Enforcement.

But there are also appreciable differences between the defendants in *Coe* and this case.  The President of the United States in his official capacity is a defendant in *Coe* but not here.  *Compare* (Dkt. No. 1), *with Coe*, No. 3:21-cv-00168, Dkt. No. 1.  Additionally, both the Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services *and* the U.S. Citizenship and Immigration Services are defendants in this case but not in *Coe*.  (*Id.*).

Most notably, the two cases have different plaintiffs.  Here, the Plaintiffs are States: Louisiana and Texas.  (Dkt. No. 1).  In *Coe*, the plaintiffs include sheriffs in their official capacities, various counties, and the Federal Police Foundation.  *See Coe*, No. 3:21-cv-00168, Dkt. No. 1.  The States in this case are also represented by different counsel than the plaintiffs in *Coe*.  *See Klick v. Cenikor Found.*, No. 19-CV-01583, 2019 WL 6912704, *1 (S.D. Tex. Dec. 18, 2019) ("Given the disparities in parties and counsel, the differing factual predicates, and the variance in causes of action, the Court finds that consolidation would more likely increase cost and delay, rather than avoid it.").  Considering these key differences, the Court finds that the second factor weighs against consolidation.

### C.     COMMON QUESTIONS OF LAW AND FACT

The third factor is whether there are common questions of law and fact. The Government believes this factor weighs in its favor, noting both lawsuits challenge the Memoranda on similar grounds. Specifically, the Government asserts that the States and the *Coe* plaintiffs claim that the Memoranda violate various immigration statutes, the APA's procedural and substantive provisions, and the Take Care Clause. (Dkt. No. 71 at 4–5). The States counter by noting that they assert claims that the *Coe* plaintiffs do not, and vice versa. (Dkt. No. 74 at 5). The Court finds that the third factor weighs against consolidation for the following reasons.

In this case, the States challenge only the *detention* of certain aliens who are *presently inside* the United States. (Dkt. No. 1). By contrast, the plaintiffs in *Coe* challenge both the detention *and removal* decisions with respect to certain aliens, which includes those who are *attempting to enter* the United States. *Coe*, No. 3:21-cv-00168, Dkt. No. 1. Detention and removal are distinct areas of immigration law. *Compare* 8 U.S.C. §§ 1226(c), 1231(a)(2), *with* 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(5). Further, the detention and removal of aliens at different stages of the immigration process implicate different and complex statutes and procedures. *Compare* 8 U.S.C. § 1225, *with* 8 U.S.C. §§ 1226(c), 1231.

In addition to the distinct areas of immigration law, the plaintiffs in each case also raise significant claims not raised by the plaintiffs in the other. In this case, the States assert a claim regarding purported Agreements they made with the Government. (Dkt. No. 1 at ¶¶ 122–25). This claim is not brought by the plaintiffs in *Coe*. Meanwhile, the *Coe* plaintiffs raise a claim under 8 U.S.C. § 1225. *Coe*, No. 3:21-cv-00168, Dkt. No. 1. This claim is not brought by the States here. (Dkt. No. 1).

The cases are also markedly different because the *Coe* plaintiffs and the States seek different relief. Specifically, the *Coe* plaintiffs request the Court to enjoin the implementation or

7

enforcement of only the February 18 Memorandum. *Compare Coe*, No. 3:21-cv-00168, Dkt. No. 1 at 30–32, *with* (Dkt. No. 1). The States, by contrast, seek an injunction as to *both* the February 18 and January 20 Memoranda. (Dkt. No. 1 at 28); (Dkt. No. 18 at 43). Additionally, the *Coe* plaintiffs seek declaratory relief under various statutes, including 28 U.S.C. §§ 2201,[6] 2202,[7] whereas the States do not. *Compare Coe*, No. 3:21-cv-00168, Dkt. No. 1 at 30–32, *with* (Dkt. No. 1). Finally, the States and the *Coe* plaintiffs request injunctions with differing scopes. In this case, the States request the Court to compel agency action unlawfully withheld. (Dkt. No. 18 at 25). In *Coe*, the plaintiffs request a much broader injunction that reinstates detainers, compels the defendants to "fully comply with their statutory obligations," and requires the defendants to take custody of certain criminal aliens and certain illegal aliens whose detention or removal is required under certain laws "and who have been arrested by local law enforcement agencies for the commission or state crimes, when such law enforcement agencies seek to transfer custody of such aliens to ICE." *Coe*, No. 3:21-cv-00168, Dkt. No. 1 at 31–32.

In light of the many differences in the legal issues implicated, claims raised, and relief sought between this case and *Coe*, the Court concludes the third factor weighs against consolidation.[8]

---

[6] Section 2201 provides in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

[7] Section 2202 provides: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

[8] The Court notes that the United States did not move to consolidate the recent *Florida* and *Arizona* cases with this case although all three involved similar questions of law and fact brought by the plaintiff States against the Executive Branch. *Compare* (Dkt. No. 1), *with Arizona v. United States*, No. CV-21-00186-PHX-SRB, 2021 WL 2787930 (D. Ariz. June 30, 2021) *and Florida v. United States*, No. 8:21-cv-541-CEH-SPF, 2021 WL 1985058 (M.D. Fla. May 18, 2021). In fact, the *Arizona* and *Florida* cases were filed on February 3 and March 8, 2021, respectively. This case was filed on April 6, 2021. Thus, no more
(continue)

### D.    RISK OF PREJUDICE VERSUS RISK OF INCONSISTENT ADJUDICATIONS

The fourth factor weighs the risk of prejudice against the risk of inconsistent adjudication. The Government asserts that consolidation would not prejudice the States because they have requested a preliminary injunction hearing, meaning they have effectively conceded that any delay in adjudication is not an issue. (Dkt. No. 71 at 6–7). The Government also argues that consolidation would eliminate any risk of inconsistent determinations on the legal issues and claims raised in both cases. (*Id.* at 5). The States point to their Motion for Preliminary Injunction, which includes allegations of ongoing irreparable harm, arguing that consolidation would result in further delay and injury. (Dkt. No. 74 at 5). Finally, the States contrast their Motion for Preliminary Injunction, which is ripe, with the motion for preliminary injunction in *Coe*, which is not. (*Id.*). The *Coe* plaintiffs also weigh in, arguing that consolidation would slow proceedings when they, too, are allegedly suffering irreparable harm. (Dkt. No. 73 at 2, 6). The *Coe* plaintiffs argue that there is a low risk of inconsistent adjudications. (*Id.* at 2, 4–5).

Here, the States have the better argument. The risk of prejudice outweighs the risk of inconsistent adjudications. The posture of both cases illustrates why. The instant Motion for Preliminary Injunction is ripe and fully briefed, whereas the pending motion for preliminary injunction in *Coe* is not. Consolidating the cases—and effectively pausing the Court's consideration of the instant Motion to "wait" for further briefing from *Coe*—would thus potentially

---

than sixty-two days passed between the filing of the other two lawsuits and this case. Indeed, although *Arizona* focused on removals of certain aliens under 8 U.S.C. § 1231(a)(1)(A)—a statute this Court had previously reviewed in *Texas v. United States*, No. 6:21-CV-00003, 2021 WL 2096669 (S.D. Tex. Feb. 23, 2021)—the claims brought by the plaintiff States in *Arizona* involved similar facts and claims as this case: the January 20 and February 18 Memoranda were contrary to law, arbitrary and capricious, failed to follow notice-and-comment requirements, violated the Take Care Clause, and violated "Memorandums of Understanding" between the plaintiff States and the Executive Branch. *See Arizona*, 2021 WL 1985058, at *3. Similarly, the *Florida* plaintiff State brought claims centered on Sections 1226(c), 1231(a)(1)(A), alleging that the Executive Branch's January 20 and February 18 Memoranda exceeded the Executive Branch's authority and was contrary to law, arbitrary and capricious, violated the Take Care Clause, and the separation-of-powers doctrine. *See Florida*, 2021 WL 1985058, at *4.

prejudice the States in this case. This is especially true given that both sets of plaintiffs characterize their injuries as ongoing and irreparable. (Dkt. No. 18 at 8, 16, 19, 40–41); (Dkt. No. 73 at 2, 6); (Dkt. No. 74 at 5). These arguments about irreparable harm comport with one of the preliminary injunction factors: "a substantial threat of irreparable injury." *See Texas v. United States*, 809 F.3d 134, 150 (5th Cir. 2015).

As stated above, the Government argues that the States "have already accepted" delay in a ruling on their Motion for Preliminary Injunction by indicating interest in a preliminary injunction hearing, so the risk of prejudice to the States is minimal. This argument misses the mark for two reasons. First, the Government exaggerates the "delay" that would result from holding a preliminary injunction hearing. As the Court made clear during the July 2, 2021, status conference, the preliminary injunction hearing would have been expedited and discovery would not have been automatically allowed. Put simply, witnesses who have not been deposed can still testify at a preliminary injunction hearing–or trial for that matter. Second, any brief delay associated with an expedited preliminary injunction hearing pales in comparison to the delay consolidation would necessarily create. Indeed, consolidation would require additional briefing and add claims, parties, and requests for relief to a case that is already before this Court. The Court therefore finds that the fourth factor weighs against consolidation, as the potential prejudice to both the States and the *Coe* plaintiffs outweighs any risk of inconsistent adjudications.

### E. THE EFFECT ON JUDICIAL ECONOMY

The fifth and final factor is the effect of consolidation on judicial economy. The Government posits that consolidation will benefit judicial economy because a "significant majority of the arguments" presented in *Coe* have been fully briefed in this case. (Dkt. No. 71 at 6). The Government suggests that consolidating the cases and ordering supplemental briefing, rather than keeping the two cases separate, would be more efficient. (*Id.*). The States and the *Coe* plaintiffs

10

counter that consolidation would undermine judicial economy because the Court would need to review and rule on two motions because the standing analyses, claims, and requested relief in each case differ. (Dkt. No. 74 at 5). The Court finds the States and *Coe* plaintiffs' arguments more persuasive and concludes that consolidation would not serve judicial economy.

Considerable resources have been devoted to litigating and briefing the Motion for Preliminary Injunction in this case. Consolidating the cases would squander these resources by forcing the Court and the Parties in this case to effectively start from square one. Given the differences between the cases raised above, the States would likely file, at the very least, supplemental briefing. And with respect to the claims that are similar in both cases, it is not a given that the *Coe* plaintiffs would articulate the same arguments made by the States. This, in turn, would necessitate a response from the Government. The Court would then have to consider these new filings, further delaying a ruling on the States' Motion for Preliminary Injunction.

Consolidation would also undermine judicial economy by combining an already complex case before the Court with another complex case that has a different posture, distinct standing issues, different claims, and unique requests for relief. In short, granting consolidation would not "avoid unnecessary costs or delay." *See St. Bernard Gen. Hosp., Inc.*, 712 F.2d at 989. Therefore, the fifth factor weighs against consolidation.

***

Having weighed the five *Frazier* factors, the Court finds that the Government has not carried its burden of demonstrating that consolidation is proper. Therefore, the Court declines the Government's request to consolidate the two cases under Rule 42(a).

### IV.   CONCLUSION

For the foregoing reasons, the Motion to Consolidate is **DENIED**. Because the Court denies the Motion to Consolidate, the Motion to Expedite is therefore **DENIED AS MOOT**.

It is SO ORDERED.

Signed on July 26, 2021.

                                            **DREW B. TIPTON**
                                    **UNITED STATES DISTRICT JUDGE**