## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA )<br><br>Plaintiffs, )<br>v. )<br><br>UNITED STATES OF AMERICA, *et al.* )<br><br>Defendants. ) | No. 6:21-cv-00016 |

**DEFENDANTS' EMERGENCY MOTION FOR ADMINISTRATIVE STAY
AND STAY PENDING APPEAL**

Defendants hereby move for a stay pending appeal of the August 19, 2021 Preliminary Injunction Order, ECF No. 79, which enjoined Part B of the January 20, 2021 DHS Memorandum and the priority scheme in the February 18, 2021 ICE Interim Guidance, and imposed extensive reporting requirements on Defendants. The Government filed a Notice of Appeal this morning.

Defendants require urgent relief because this Court's injunction—which immediately enjoins the Department of Homeland Security's immigration enforcement framework—has not been stayed. The Government respectfully requests the immediate entry of an administrative stay so that this Court can consider this stay motion in an orderly manner. The Government also respectfully requests, in the alternative, that if this Court is inclined to deny the stay requests then the Court enter an administrative stay of no fewer than seven days to give the Government an opportunity to seek emergency relief from the U.S. Court of Appeals for the Fifth Circuit and, just as important, for the Fifth Circuit to consider the matter properly. *See Texas, et al. v. Biden, et al.* No. 2:21-cv-67-Z (N.D. Tex., Aug. 13, 2021) (granting seven-day stay of injunction to allow Government to seek appellate relief).

Defendants advise the Court that they intend to seek emergency relief from the Fifth Circuit by 2:00 pm, August 23, 2021, if the Court does not grant either a stay pending appeal or an

administrative stay by that time. If, upon reviewing this motion, the Court finds that Defendants have not met the requirements for a stay, Defendants request that this Court summarily deny the motion without awaiting a response from Plaintiffs. If the Court is not inclined to grant an administrative stay while it considers this motion, Defendants respectfully ask the Court to rule on the motion no later than 12:00 pm on August 23, 2021. Defendants have conferred with Plaintiffs, who oppose the relief requested in this motion.

As explained below, the balance of harms and irreparable injury that the Government faces from the Court's injunction strongly weigh in favor of a stay. The Court's order interferes with DHS's ability to execute the immigration laws in a way that uses limited resources to address the most pressing priorities. Further, the Court's reporting requirements are likely impossible for the agency to comply with accurately. Moreover, if the injunction were read to require ICE to institute removal proceedings and to detain all noncitizens addressed by the Court's order, ICE would lack the resources to do so, and compliance efforts directed to accomplishing this impossible task would drain the limited resources available and limit the agency's ability to respond to other operational needs. And the Government respectfully submits that, notwithstanding this Court's contrary conclusion, it is likely to prevail on the merits of its appeal. The Court's injunction undermines the Executive Branch's constitutional and statutory authority to enforce the immigration laws and cannot be reconciled with longstanding precedent about the Executive's prosecutorial discretion.

## STANDARD OF REVIEW

Courts typically consider four factors in evaluating a request for a stay pending appeal: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant will be irreparably harmed if the stay is not granted; (3) whether issuance of a stay will substantially harm the other parties; and (4) whether the granting of the stay serves the public interest. *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013); *see also C.F.T.C. v. Hudgins*, No. 6:08-CV-187, 2009 WL 3645053, at *2 (E.D. Tex. Nov. 2, 2009). When the Government is a party, its interests and the public interest overlap in the balancing of harms. *See Nken v. Holder*, 556 U.S. 418, 420 (2009).

2

## ARGUMENT

### I.     The Balance of Harms Weighs Strongly in Favor of a Stay.

The Government and the public face serious and irreparable injuries from the Court's injunction, which outweigh any harm that Plaintiffs may suffer if the injunction is stayed pending appeal.

This Court's injunction undermines the Executive Branch's constitutional and express statutory authority to establish and implement its immigration enforcement priorities. *See* 6 U.S.C. § 202(5); 8 U.S.C. § 1103(a)(3); *see also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483-84 (1999). Moreover, the Court's order undermines important separation of powers principles. *Cf. Mathews v. Diaz*, 426 U.S. 67, 81 (1976) ("For reasons long recognized as valid, the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government."). Thus, a stay pending appeal is appropriate where an injunction "is not merely an erroneous adjudication of a lawsuit between private litigants, but an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *INS v. Legalization Assistance Project,* 510 U.S. 1301, 1305-06 (1993) (O'Connor, J., in chambers); *see Heckler v. Lopez*, 463 U.S. 1328, 1330 (1983) (Rehnquist, J., in chambers); *see also Adams v. Vance*, 570 F.2d 950, 954 (D.C. Cir. 1978) (per curiam).

This Court's order not only usurps the Executive's constitutional and statutory authorities and responsibilities, but prohibits Defendants from implementing a Priority Framework with proven results: from February 18, 2021, through July 31, 2021, ICE's Enforcement and Removal Operations significantly increased the number and percentage of its arrests of noncitizens convicted of aggravated felony offenses during the same period from the previous year. *See* Decl. of Peter Berg (attached) ¶ 16. The Court's injunction thus undermines public safety and imposes real and serious burdens on Defendants' operations by precluding Defendants from prioritizing the detention of people who pose the greatest threat to the public. *Id.* ¶¶ 13-16. Further, a stay of the Court's injunction pending appeal is necessary to prevent immense disruption to DHS's operations

due to uncertainty about how the injunction is to be functionally applied. Although the Court requires the Government to inform the Court, by September 3, 2021, of how it plans to administer those provisions, *see* PI Order at 158, it is uncertain whether, through the monthly reports, the Court will then undertake to review individual enforcement actions to determine whether DHS is proceeding under guidance that is consistent with the Court's reading of federal immigration law. The preliminary injunction potentially installs the Court as an overseer of DHS's operations, and may subject sensitive immigration decisions to perpetual judicial modification, under the threat of judicial second-guessing. Such a scheme of detailed judicial oversight would throw the entire enforcement apparatus into turmoil.

Although Defendants do not read the order to require ICE to initiate removal proceedings against and to detain *all* noncitizens covered by § 1226(c) and § 1231(a)(2) known to ICE, to the extent it does (or is intended to) require such detention, it would be impossible to comply. Berg Decl. ¶¶ 9-19. ICE lacks the resources, including appropriated funds and bedspace, to detain all noncitizens potentially implicated by the injunction, as well as to protect the public by detaining and removing those individuals DHS has already identified as presenting safety threats and as deemed necessary for border security. Requiring DHS to detain all noncitizens currently in the removal period, for example, would eliminate capacity to detain other noncitizens who present serious public safety threats, and would reduce capacity to detain new arrivals. *See id.* ¶¶ 11-16.

Additionally, the Court's requirement that DHS employees "make and retain a contemporaneous record of the reason why the alien was not detained and the individual who made that specific determination" when noncitizens who otherwise are covered by § 1226(c) or § 1231(a)(2) are not detained would significantly hamper immigration enforcement officers in the execution of their duties. *Id.* ¶¶ 21-27. Indeed, this reporting requirement does not draw upon pre-existing, readily accessible data. *Id.* ¶ 27. To the contrary, it would require DHS to alter its standard practices in order to make required custody authority determinations necessary for generating the requested data. *Id.* ¶¶ 26-27. These novel and challenging documentation and reporting

4

requirements would burden line officers with paperwork, thereby diverting them from their important work protecting public safety and national security.

The burden of this paperwork would not be small. As explained, there is scarcely any flexibility in current detention capacity. *Id.* ¶¶ 11-12. Although the Court found it "implausible" that the COVID-19 pandemic has meaningfully curtailed ICE's ability to detain noncitizens, *see* PI Order at 112, it has in fact significantly limited ICE's capacity to detain. As just one example, the *Fraihat* litigation has capped ICE's detention capacity at 75% of its bedspace. *Id.* ¶ 11. Currently, ICE is using approximately 95% of its available detention capacity. *Id.* ¶ 12.

Finally, the extraordinary harms the United States faces as a result of the injunction significantly outweigh any harm the States might face from a stay pending appeal. As explained in Defendants' earlier briefing, *see* PI Opp'n at 8-11, Plaintiffs have submitted little if any actual evidence that the Priority Framework, rather than the actions of third-parties, is causing them an injury. That is especially true in this context in which a litigant other than the executive branch "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S.* v. *Richard D.*, 410 U.S. 614, 619 (1973). That principle extends to immigration: litigants other than the executive branch "have no judicially cognizable interest in procuring enforcement of the immigration laws." *Sure-Tan, Inc.* v. *NLRB*, 467 U.S. 883, 897 (1984). Finally, as to the incidental, wholly undocumented, and speculative fiscal effects asserted by Plaintiffs, they are greatly outweighed by the harms to Defendants, and to the public not just in Texas and Louisiana but throughout the entire country, from the Court's order.

## II.   Defendants have a substantial likelihood of prevailing on their appeal from the preliminary injunction, and at a minimum, have a substantial case on appeal.

Recognizing that this Court has reached a contrary conclusion, Defendants nonetheless respectfully submit that a stay pending appeal is further warranted because Defendants are likely to prevail on appeal for the reasons set out in their opposition to the States' motion, ECF No. 42. This Court need not agree that Defendants are likely to prevail on appeal to conclude that Defendants are entitled to a stay pending that appeal. *See U.S. v. Baylor University Medical Center*,

711 F.2d 38, 39 (5th 1983). "If a movant were required in every case to establish that the appeal would probably be successful, the Rule would not require as it does a prior presentation to the district judge whose order is being appealed." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981); *see also Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977).

This Court's decision fundamentally misapprehends the nature of the Executive Branch's inherent discretion in matters of immigration enforcement. *E.g.*, *Arizona v. United States*, 567 U.S. 387, 396 (2012); *AADC*, 525 U.S. at 483. In fact, the "deep-rooted nature of law-enforcement discretion" persists "even in the presence of seemingly mandatory" statutory language, *i.e.* the use of the word "shall." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 761 (2005); *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Separation of powers principles counsel strongly against this Court superintending the Executive Branch. *Mathews*, 426 U.S. at 81. This is especially true in the context of immigration enforcement, where Congress has explicitly instructed the Secretary of Homeland Security to set immigration enforcement priorities, *see* 6 U.S.C. § 202(5); 8 U.S.C. § 1103(a)(3)—an authority further necessitated by Congress' decision not to appropriate sufficient funds to enforce immigration laws to their full potential reaches. Indeed, for similar reasons two other District Courts refused to issue preliminary injunctions against the DHS memoranda at issue, rejecting the same legal theories that Plaintiffs rely on here. *Arizona v. U.S. Dep't of Homeland Sec.*, No. CV-21-00186-PHX-SRB, 2021 WL 2787930 (D. Ariz. June 30, 2021) (appeal filed); *Florida v. United States*, ___F. Supp. 3d___, 2021 WL 1985058 (M.D. Fla. May 18, 2021) (appeal filed). For these reasons, Plaintiffs cannot obtain review of their APA claims and, if they could, the claims would fail on the merits. Additionally, Plaintiffs have not introduced evidence that shows their injuries are traceable to the Memoranda, rather than the actions of third parties. PI Opp'n at 9.

### III.   The Court should stay the portions of its injunction that were issued in violation of FRCP 65(a)(1).

This Court should stay the reporting requirements in Part II of the injunction, PI Order at 158-59, for the additional reason that the Court issued these provisions of its injunction without notice, as required by FRCP 65(a)(1). *Cf. Harris Cty., Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) ("Because compliance with Rule 65(a)(1) is mandatory, a preliminary injunction granted without adequate notice and a fair opportunity to oppose it should be vacated and remanded to the district court." (internal quotation marks and alteration omitted)). The reporting requirements mandate that ICE line personnel "make and retain a contemporaneous record of the reason why the alien was not detained and the individual who made that specific determination" and that Defendants report that information to the Court monthly. PI Order at 158-59. For the reasons explained above, this injunction mandates reporting requirements that ICE lacks the current ability to document and which would otherwise be burdensome. *See* Berg Decl. ¶¶ 20-27. Defendants respectfully request the opportunity to brief the propriety and necessity of Part II of the injunction. In the meantime, to comply with FRCP 65(a)(1), the Court should stay the reporting requirements.

### IV.   The Court should stay application of the injunction outside of the States of Texas and Louisiana.

For the reasons Defendants explained, a nationwide injunction exceeds this Court's authority under Article III and violates longstanding equitable principles. *See* PI Opp'n at 45-47. Given the skepticism expressed by multiple Justices about the increasingly-prevalent practice of nationwide injunctions, and that courts in two other jurisdictions have rejected other states' efforts to enjoin the priority framework, this Court should at a minimum stay the impact of its injunction outside of the States of Texas and Louisiana. *U.S. Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600-01 (2020) (Gorsuch, J. concurring); *Trump v. Hawaii*, 138 S. Ct. 2392, 2429 (2018) (Thomas, J., concurring).

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court issue an immediate administrative stay and then grant a stay pending appeal. If the Court is inclined to deny the stay and the broader administrative stay, the Court should enter an administrative stay for at least seven days to give the Government an opportunity to seek emergency relief from the U.S. Court of Appeals for the Fifth Circuit.

Dated: August 20, 2021                    Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Acting Assistant Attorney General

                                          BRIGHAM J. BOWEN
                                          Assistant Branch Director

                                          */s/ Adam D. Kirschner*
                                          ADAM D. KIRSCHNER
                                          Attorney-in-charge
                                          IL Bar. No. 6286601
                                          Senior Trial Counsel
                                          BRIAN C. ROSEN-SHAUD
                                          ME Bar No. 006018
                                          MICHAEL F. KNAPP
                                          CA Bar No. 314104
                                          KUNTAL CHOLERA
                                          DC Bar No. 1031523
                                          Trial Attorneys
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          Tel: (202) 353-9265
                                          Fax: (202) 616-8460
                                          Email: Adam.Kirschner@usdoj.gov
                                                 Brian.C.Rosen-Shaud@usdoj.gov
                                                 Michael.F.Knapp@usdoj.gov
                                                 Kuntal.Cholera@usdoj.gov

                                          Mailing Address:
                                          Post Office Box 883
                                          Washington, D.C. 20044

<u>Courier Address</u>
1100 L Street NW, Room 11020
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 2449, as counted by Microsoft Word.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 20, 2021.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER