UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | No. 6:21-cv-00016 |

**DEFENDANTS' REPLY IN SUPPORT OF EMERGENCY MOTION FOR ADMINISTRATIVE STAY AND STAY PENDING APPEAL**

Defendants respectfully request a stay of this Court's preliminary injunction—one that would immediately interfere with, and effectively direct, the core operations of an Executive Branch agency—while the Fifth Circuit opines on the propriety of this injunction. Plaintiffs offer no compelling reason for this Court to deny this requested stay, which would preserve the pre-injunction status quo.

*First,* this Court should, *at minimum*, enter an administrative stay for the period that it considers the pending motion and, if necessary, no fewer than seven additional days to allow Defendants sufficient time to seek an appellate stay of the injunction. *Cf. Texas, et al. v. Biden, et al.* No. 2:21-cv-67-Z (N.D. Tex., Aug. 13, 2021) (granting seven-day stay of injunction to allow Government to seek appellate relief); *Biden v. Texas*, 21A21 (S. Ct. Aug. 20, 2021) (granting four-day administrative stay to allow the Supreme Court to consider motion for stay of injunction pending appeal). An administrative stay of no fewer than seven days is necessary to give the U.S. Court of Appeals for the Fifth Circuit the opportunity to give appropriate consideration to the propriety of the Government's stay application, instead of requiring review on an extremely expedited basis. Plaintiffs do not even respond to this request.

1

*Second*, Plaintiffs will not suffer any harm from a stay, let alone an administrative stay. Plaintiffs do not deny that during the period that the Priority Framework was in effect, ICE arrested a significantly *greater* number of noncitizens convicted of aggravated felony offenses than during the same period from the previous year. *See* Decl. of Peter Berg ¶ 16, ECF 82-1. Nor do they deny that the Priority Framework has enabled ICE to focus resources and assist with top priority operations, including operations targeting sexual predators. *Id.* ¶ 15. Likewise, they cannot deny that the Priority Framework has allowed ICE to assist with border security, such as by shifting personnel to assist CBP at the border, and to detain an increasing number of border crossers. *See id.* ¶¶ 10, 18-19. Indeed, the Secretary of Homeland Security is tasked with securing the border in the same provision as he is instructed to establish nationwide immigration enforcement priorities. *See* 6 U.S.C. § 202(2), (5). The public interest is served by allowing the Government to implement core priorities of protecting public safety and border security.

*Third*, the Court should disregard, or at least significantly discount, the opinion of a former official who did not serve during the COVID-19 pandemic, during which ICE's operations have been significantly disrupted, including by court order. *See* Berg Decl. ¶ 11. In fact, ICE has issued a comprehensive COVID protocol to address, *inter alia*, social distancing and over-crowding. *ICE's Enforcement and Removal Operations COVID-19 Pandemic Response Requirements,* https://www.ice.gov/doclib/coronavirus/eroCOVID19responseReqsCleanFacilities.pdf (last visited Aug. 22, 2021).

*Fourth*, Plaintiffs' assertion in response to the Executive Branch's significant resource limitations—that the Court can tell DHS what contracts to enter into and which funds to repurpose—demonstrates the preliminary injunction's troubling separation-of-powers implications. Texas and Louisiana have sued the Executive to achieve their preferred policy outcome, one that would necessitate reprogramming appropriated funds in order to fund the States' preferred policy over all other priorities, in contrast to DHS's view of how that money should be spent. That is a remarkable result and would be a significant breach of separation-of-powers for a

district court to force the Executive to reallocate funds to accomplish the States' preferred policy outcome.

*Fifth*, as to the merits, Defendants cite the proper legal standard. Just last year, the Fifth Circuit affirmed that while "in the mine run of appeals, likelihood of success remains a prerequisite, and a presentation of a substantial case ... alone is not sufficient," in "a limited subset of cases, a movant need only present a substantial case on the merits if (1) a serious legal question is involved and (2) the balance of the equities weighs heavily in favor of granting the stay." *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020). Defendants' position certainly involves a serious legal question. *See* PI Order.

*Sixth*, Plaintiffs misstate the scope of the injunction in *Fraihat*. Although the court in *Fraihat* deferred to other injunctions "regarding custody determination practices or procedures *at particular field offices*," *Fraihat v. U.S. Immigr. & Customs Enf't*, No. 5:19-cv-1546, 2020 WL 6541994, at *12 (C.D. Cal. Oct. 7, 2020) (emphasis added), this Court's injunction is neither limited to custody determination practices or procedures, nor limited to particular field offices. And, the *Fraihat* court left no room for confusion: class members "subject to mandatory detention"—including those held pursuant to § 1226—"shall also receive custody determinations." *Id*. ("Defendants shall not apply the Docket Review Guidance rule against release of Section 1226(c) detainees so inflexibly that none of [those class] members are released."). This Court should not subject Defendants to a conflicting injunction. Further, Plaintiffs try to suggest that the *Fraihat* limitations are not a bar to increasing detention but the *Fraihat* court ordered Defendants in that case to define "the minimum acceptable conditions for detainees," *Fraihat v. U.S. Immigr. & Customs Enf't*, 445 F.Supp.3d 709, 724, 751 (C.D. Cal. Apr. 20. 2020), recognized that ICE's Pandemic Response Requirements had called for reductions in detention facility populations to 75% of capacity, *id*. at 744, n.27, and directed that ICE "monitor and enforce facility-wide compliance with the Pandemic Response Requirements," *id*. at 751.

Dated: August 22, 2021                    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General


BRIGHAM J. BOWEN
Assistant Branch Director

 /s/ Adam D. Kirschner
ADAM D. KIRSCHNER
Attorney-in-charge
IL Bar. No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
MICHAEL F. KNAPP
CA Bar No. 314104
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265
Fax: (202) 616-8460
Email:  Adam.Kirschner@usdoj.gov
            Brian.C.Rosen-Shaud@usdoj.gov
            Michael.F.Knapp@usdoj.gov
            Kuntal.Cholera@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address
1100 L Street NW, Room 11020
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)

4

Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 898, as counted by Microsoft Word.

>  */s/ Adam D. Kirschner*
>  ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 22, 2021.

>  */s/ Adam D. Kirschner*
>  ADAM D. KIRSCHNER