United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| The STATE OF TEXAS; and the STATE OF LOUISIANA, <br><br>Plaintiffs, <br><br>v. <br><br>The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of The United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 6:21-cv-00016 |

## **ORDER**

Pending before the Court is the Defendants' Emergency Motion for Administrative Stay and Stay Pending Appeal. (Dkt. No. 82). After reviewing the

Motion, the Response, the Reply, the record, and the applicable law, the Court is of the opinion that it should be **GRANTED IN PART**.

In a Memorandum Opinion and Order signed August 19, 2021, the Court enjoined the Defendants as follows:

> 1. Defendants and all their respective officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from enforcing and implementing the policies described in:
>
>     a. Section B of the January 20 Memorandum entitled "Interim Civil Enforcement Guidelines." (Dkt. No. 1-1 at 3–4);
>
>     b. The section entitled "Civil Immigration Enforcement and Removal Priorities" in the February 18 Memorandum. (Dkt. No. 1-2 at 4–6); and
>
>     c. The section entitled "Enforcement and Removal Actions: Approval, Coordination, and Data Collection" in the February 18 Memorandum.[1] (Dkt. No. 1-2 at 6–8).

(Dkt. No. 79 at 157-58) (footnote in the original). The Court also ordered additional information to be provided in order to ensure compliance with the Memorandum Opinion and Order and to aid the Court in making a final determination at trial. (*Id.* at 158-59).

On Thursday, August 19, 2021—the same day the Memorandum Opinion and Order was signed—the Court set a hearing for the following Monday, August 23, 2021, at 3:15 p.m., to get the Parties' feedback on 1) the reporting requirements, 2) deadlines for discovery and briefing, 3) a date for the final trial on the merits, and 4) to hear argument

---

[1] This Memorandum Opinion and Order does not prohibit the Government from carrying out or adhering to the February 18 Memorandum's subsections entitled "Notice of At-Large Enforcement Actions" and "Weekly Reporting of All Enforcement and Removal Actions."

on any Motion to Stay if one was filed. (Dkt. No. 80). The Court did not set the hearing on Friday, August 20, 2021, so that the Parties would have sufficient time to review the Memorandum Opinion and Order and plan for next steps.

The Defendants filed a Notice of Appeal on Friday, August 20, 2021. (Dkt. No. 81). Additionally, the Defendants filed this Emergency Motion for Administrative Stay and Stay Pending Appeal the same day. (Dkt. No. 82). In this Emergency Motion, which was filed at 11:33 p.m. on Friday, the Defendants informed the Court that "they intend to seek emergency relief from the Fifth Circuit *by 2:00 pm*, [Monday,] August 23, 2021, if the Court does not grant either a stay pending appeal or an administrative stay by that time." (*Id.* at 1-2) (emphasis added). The deadline the Defendants imposed on the Court was unfortunate since the Defendants had already received notice of the hearing set the same day at 3:15 p.m.—just 1 hour and 15 minutes later. In any event, the Court moved the hearing up to 9:00 a.m. on August 23, 2021, to hear argument and get input from the Parties on the subject matters identified above. The Court also requested that the Plaintiffs file a Response to this Emergency Motion by 12:00 p.m. on Sunday, August 22, 2021—which they did. *See* (Dkt. Nos. 84 & 85, respectively). That same day, the Defendants filed a Reply. (Dkt. No. 86).

With the procedural history of this Motion explained, the Court now turns to the merits. The Defendants originally misunderstood the reporting requirements to be injunctive relief. They are not. As explained in a hearing held today, the Court is using the reporting requirements as a case-management tool to monitor compliance and gather information that would be relevant and helpful for the Court in making a final

3

determination at trial. The Court made clear at today's hearing and in the Preliminary Injunction that the Court did not issue a positive preliminary injunction even though the Plaintiffs had requested such relief. *See* (Dkt. No. 79 at 156 n.61). To be clear, the Court asked the Defendants' counsel whether anything in the Preliminary Injunction requires prosecution, removal, or detention of any person. The Defendants' counsel confirmed, correctly, that it does none of those things. At the hearing, the Court went through the reporting requirements with the Defendants one by one. The Defendants requested certain modifications to those reporting requirements that the Court will address by separate Order. Accordingly, there is no need to stay those reporting requirements as they (1) were not injunctive relief and (2) will be modified at the Defendants' request and further input from the Parties.

As for the actual injunction, the Court grants relief to the extent that it **STAYS** the applicability of the Preliminary Injunction, (Dkt. No. 79 at 157-58), until Monday, August 30, 2021, at 12:00 p.m. to allow the Defendants time to seek relief at the appellate level.

It is SO ORDERED.

Signed on August 23, 2021.

                                                  *Drew B. Tipton*
                                               **DREW B. TIPTON**
                                     **UNITED STATES DISTRICT JUDGE**