# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | No. 6:21-cv-00016 |

## REPORTING REQUIREMENTS STATUS REPORT

On August 19, 2021, the Court issued an order enjoining the Department of Homeland Security (DHS) from implementing certain portions of the two memoranda at issue in this litigation, and requiring the Government to periodically provide the Court with certain data reports. For example, the Court instructed the Government to "file . . . on the 5th day of each month a report stating the number of aliens known to the Government, who are covered by or subject to 8 U.S.C. § 1226(c)(1)(A)–(D), who were released from custody during the previous month, and whom ICE did not detain immediately upon their release." ECF No. 79, at 158. Additionally, "for each alien not detained," the Court instructed "the Government" to "make and retain a contemporaneous record of the reason why the alien was not detained and the individual who made that specific determination." *Id.* at 159.

Relatedly, the Court also ordered the Government to "file . . . on the 5th day of each month a report stating [1] the number of aliens in their removal period as defined in 8 U.S.C. § 1231(a)(1)" and, [2] "[o]f those" aliens in their removal period, the "number who were not detained pursuant to 8 U.S.C. § 1231(a)(2)." *Id.* Additionally, and once again, "for each alien not detained," the Court instructed "the Government" to "make a contemporaneous record of the reason why the alien was not detained and the individual who made that specific determination." *Id.*

1

The Government moved the Court to stay its preliminary injunction, including these reporting requirements. The Government argued, with the support of a declaration, that the Court-imposed reporting requirements would not "draw upon preexisting, readily accessible data," but rather would "require DHS to alter its standard practices" in order to effectively create the data requested by the Court. ECF No. 82, at 4-5. During the August 23, 2021 hearing, the Court indicated that it had previously "thought that [DHS] would have this data readily accessible," 8/23 Hr'g Tr. at 18:16-17, and clarified that it did not intend to impose any "onerous" reporting requirements, *id.* at 26:1. The Court then instructed the parties to confer, and file a report containing "suggested revisions to the[] reporting requirements." Aug. 23 Minute Order.

As a threshold matter, the reporting requirements are premature because the Court must first determine whether Plaintiffs are entitled to discovery outside the administrative record. "When an agency action has been challenged under the APA, the district court sits as an appellate court," and the "entire case on review is a question of law." *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, No. 3:19-CV-2003-K, 2021 WL 1209188, at *3 (N.D. Tex. Mar. 31, 2021) (citing *Redeemed Christian Church of God v. U.S. Citizenship and Immigrations Servs.*, 331 F. Supp. 3d 684, 694 (S.D. Tex. 2018)). Thus, "in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce v. New York*, 139 S.Ct. 2573 (2019); *Medina Cty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (in a lawsuit against a federal agency, the "general presumption" is "that review is limited to the record compiled by the agency"). This "principle reflects the recognition that further judicial inquiry in executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce*, 139 S.Ct. at 2573. Typically in an APA case, going beyond the record requires "a *strong showing* of bad faith or improper behavior before such inquiry may be made." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (emphasis added). This limitation applies even when, instead of bringing a constitutional claim under the APA, a party instead asserts a free-standing constitutional claim against an agency.

*See Chang v. USCIS*, 254 F. Supp. 3d 160, 161-62 (D.D.C. 2017) (a party should not be allowed to "trade in the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure" simply by asserting an independent constitutional claim). Given that the Court suggested that any data produced in response to the reporting requirements would constitute "discovery," 8.23 Hr'g Tr. at 25, the Court should refrain from permitting such discovery until Plaintiffs demonstrate that they are actually entitled to such discovery under the applicable legal standard. Accordingly, the Court should first resolve whether extra-record discovery is appropriate—an issue the Parties proposed briefing in their joint report filed earlier today—before ordering DHS to produce any supplemental data not found in the administrative record.

At a minimum, and out of caution, the Court should forbear from implementing the data reporting requirements it contemplated until the Fifth Circuit has ruled on the Government's motion for a stay of the Court's preliminary injunction. Indeed, the Fifth Circuit has administratively stayed the Court's August 23, 2021 Order—presumably including its reporting requirements, s*ee Texas, et al. v. United States*, Case No. 21-40618, Doc. 00515993754 (5th Cir. Aug. 25, 2021)—and action by the Fifth Circuit may obviate the need for the Court to clarify the scope of the reporting requirements. Likewise, a stay of the preliminary injunction, independent of the reporting requirements, would also obviate the need "[t]o ensure compliance with th[e] Preliminary Injunction." ECF No. 79, at 158. Thus, the Court should not implement any reporting requirement on the Government until the Fifth Circuit has resolved the pending stay motion.[1]

---

[1] Further, it is unclear whether the Court retains jurisdiction over the reporting requirements. "Generally, a notice of appeal divests the district court of jurisdiction *over the judgment or order that is the subject of the appeal*." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 578 (5th Cir. 1996) (emphasis added). Here, although the Court has since stated that its reporting requirements were not a part of the preliminary injunction, they were nonetheless included in the "judgement or order that is the subject of [an] appeal." And, for the reasons Defendants explained to the Fifth Circuit, Defendants still consider the reporting requirements to be "incident to the injunction" even in light of the Court's clarification on their scope. *See* Stay Motion, Case No. 21-40618, Doc. 00515990757, at 21-22 (5th Cir. Aug. 23, 2021) (seeking a stay of the reporting requirements).

3

To the extent the Court intends to revise the reporting requirements, *see* ECF No. 92, Defendants propose the following for the reasons explained in the Declaration of Marc A. Rapp (attached):

1. By October 4, 2021, the Government must file with the Court the legal standard it is abiding by with respect to the detention of noncitizens covered by or subject to 8 U.S.C. § 1226(c)(1)(A)–(D) given the Court's injunction of the Memoranda at issue in this lawsuit. The information should state with specificity what guidance, protocols, or standards control the detention of these noncitizens in light of the fact that the Memoranda have been enjoined.

2. By October 4, 2021, the Government must file with the Court the legal standard it is abiding by with respect to the detention of noncitizens covered by or subject to 8 U.S.C. § 1231(a)(2) given the Court's injunction of the Memoranda at issue in this lawsuit. The information should state with specificity what guidance, protocols, or standards control the detention of noncitizens in light of the fact that the Memoranda have been enjoined.

3. Starting on the 15th day of the first full month following the issuance of this order, the Government must file with the Court each month a report, drawn from reasonably accessible ICE data that may be collected through automated queries, stating the number of noncitizens: (1) for whom an immigration detainer had been lodged by ICE; (2) who are potentially subject to charges of removability listed in 8 U.S.C. § 1226(c)(1)(A)–(D), based on information drawn from accessible ICE data; (3) for whom ICE had actual knowledge the previous month that they were released from criminal custody; and (4) who ICE did not detain immediately upon their release from criminal custody.

    Additionally, for each such noncitizen not detained, the Government shall maintain (i) the detainer lift code identifying the general basis for lifting the detainer; and (ii) the noncitizen's last residence or address known to DHS.

4. Starting on the 15th day of the first full month following the issuance of this order, the Government must file with the Court each month a report, drawn from reasonably accessible ICE data that may be collected through automated queries, stating the number of noncitizens: (1) for whom an immigration detainer had been lodged by ICE; (2) who were at the time of release from criminal custody subject to an administratively final removal order; (3) for whom ICE had actual knowledge the previous month that they were released from criminal custody; and (4) who ICE did not immediately detain upon their release from criminal custody.

    Additionally, for each such noncitizen not detained, the Government shall maintain (i) the detainer lift code identifying the general basis for lifting the detainer; and (ii) the noncitizen's last residence or address known to DHS.

As explained in the declaration, even what Defendants propose would still require DHS to make system modifications to existing databases just to produce the proposed information, *see, e.g.,* Rapp Decl. ¶¶ 22, 26, and thus would still create additional burdens. Along those lines, Defendants reserve the right to seek further amendments in light of their experiences going through the process of collecting and providing the data.

Defendants provided their proposal for the reporting requirements to Plaintiffs. In terms of Plaintiffs' substantive objections discussed below, Plaintiffs do not explain why the last known addresses need to be filed with the Court, what would be done with such information, and why Defendants need to undergo the burden of producing that information under seal if they otherwise maintain the information. As for maintaining the names of the law enforcement officers who would have lifted detainer codes vis-à-vis Paragraph 4, Defendants originally proposed excluding that information from the maintenance requirement. However, Defendants appear to maintain that information, based on their current understanding, so would not object to continuing to do so. *See* Rapp Decl. ¶ 18.

In response to Defendants' proposal, Plaintiffs stated their position as follows:

**Plaintiffs' Position:**

As an initial matter, Plaintiffs believe that the Government's change to the term "noncitizen" from the term used in the Court's order—"alien"—is ill-advised. Plaintiffs understand that the Government is doing so pursuant to a recent policy of the Biden Administration, but the relevant provisions of the Immigration and Nationality Act ("INA") use the term "alien," and "noncitizen" is not perfectly correlated with that term—the term "noncitizen" includes U.S. nationals who are not citizens of the United States but are also not aliens and therefore not subject to removal under the INA. This change introduces confusion into the scope of the reporting requirements and Plaintiffs therefore oppose any change from the Court's use of the term "alien."

Plaintiffs also have concerns with the Government's elimination of some reporting requirements. In Paragraphs (3) and (4), the Court's order required that the Government provide to the Court, under seal, the last known address of each alien not detained; the Government, however, proposes to change that to a requirement that it only "maintain" that information. In Paragraph (4), the Government's proposal eliminates the requirement in the Court's order that the Government "make a contemporaneous record . . . of the individual who made th[e] specific determination" that "each alien not [be] detained." Plaintiffs believe that access to this

information would assist them and the Court in monitoring compliance with the preliminary injunction and would be useful to the Court in making a final determination at trial, and therefore support retaining the language of the Court's order.

      Subject to the above concerns, Plaintiffs agree with the Government's proposal regarding reporting requirements.

Dated: September 1, 2021             Respectfully submitted,

                                                 BRIAN M. BOYNTON
                                                 Acting Assistant Attorney General

                                                 BRIGHAM J. BOWEN
                                                 Assistant Branch Director

                                                 */s/ Adam D. Kirschner*
                                                 ADAM D. KIRSCHNER
                                                 Attorney-in-charge
                                                 IL Bar. No. 6286601
                                                 Senior Trial Counsel
                                                 BRIAN C. ROSEN-SHAUD
                                                 ME Bar No. 006018
                                                 MICHAEL F. KNAPP
                                                 CA Bar No. 314104
                                                 KUNTAL CHOLERA
                                                 DC Bar No. 1031523
                                                 Trial Attorneys
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 Tel: (202) 353-9265
                                                 Fax: (202) 616-8460
                                                 Email: Adam.Kirschner@usdoj.gov
                                                               Brian.C.Rosen-Shaud@usdoj.gov
                                                              Michael.F.Knapp@usdoj.gov
                                                               Kuntal.Cholera@usdoj.gov

                                                 <u>Mailing Address</u>:
                                                 Post Office Box 883
                                                 Washington, D.C. 20044

                                                 <u>Courier Address</u>
                                                 1100 L Street NW, Room 11020

Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 1990 as counted by Microsoft Word.

/s/ Adam D. Kirschner
ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 1, 2021.

/s/ Adam D. Kirschner
ADAM D. KIRSCHNER