# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*. | Civ. Action No. 6:21-cv-00016 |

**PLAINTIFFS' MOTION FOR EXTRA-RECORD DISCOVERY**

**TABLE OF CONTENTS**

Table of Contents ............................................................................................................................ ii
Table of Authorities ...................................................................................................................... iii
Introduction .................................................................................................................................... 1
Summary of the Argument ............................................................................................................. 1
Argument ........................................................................................................................................ 1
    I.    The Record Rule Does Not Limit the Evidence Available to Resolve Many Questions. 3
        A.    The Record Rule Does Not Apply to Jurisdictional Issues .......................................... 4
        B.    The Record Rule Does Not Apply to Remedial Questions .......................................... 5
        C.    The Record Rule Does Not Apply to Most of Plaintiffs' Claims ................................. 6
    II.    The Record Rule Is Far Narrower than Defendants Contend, Even When Evaluating Agency Decisionmaking ................................................................................................... 9
Conclusion .................................................................................................................................... 12
Certificate of Compliance ............................................................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amoco Prod. Co. v. Vill. of Gambell*,
  480 U.S. 531 (1987)......................................................................................................6

*Arkla Expl. Co. v. Tex. Oil & Gas Corp.*,
  734 F.2d 347 (8th Cir. 1984).......................................................................................11

*Asarco, Inc. v. EPA*,
  616 F.2d 1153 (9th Cir. 1980).....................................................................................10

*Camp v. Pitts*,
  411 U.S. 138 (1973)...................................................................................................3, 7

*Citizens to Pres. Overton Park v. Volpe*,
  401 U.S. 402 (1971).......................................................................................................2

*Cty. of Suffolk v. Sec'y of Interior*,
  562 F.2d 1368 (2d Cir. 1977)......................................................................................10

*Davis Mountains Trans-Pecos Heritage Ass'n v. FAA*,
  116 F. App'x 3 (5th Cir. 2004).................................................................................6, 10

*Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*,
  249 F. Supp. 2d 763 (N.D. Tex. 2003) .....................................................................6, 10

*Doe 1 v. Nielsen*,
  No. 18-cv-02349-BLF(VKD), 2018 WL 4266870 (N.D. Cal. Sept. 7, 2018)...............5

*East Bay Sanctuary Covenant v. Trump*,
  354 F. Supp. 3d 1094 (N.D. Cal. 2018), aff'd, 950 F.3d 1242 (9th Cir. 2020),
  aff'd sub nom. East Bay Sanctuary Covenant v. Biden, 993 F.3d 640 (9th Cir.
  2021) .............................................................................................................................6

*Eco Tour Adventures, Inc. v. Zinke*,
  249 F. Supp. 3d 360 (D.D.C. 2017).............................................................................6

*Envtl. Def. Fund, Inc. v. Costle*,
  657 F.2d 275 (D.C. Cir. 1981)....................................................................................10

*Esch v. Yeutter*,
  876 F.2d 976 (D.C. Cir. 1989)......................................................................................5

*Euzebio v. McDonough*,
  989 F.3d 1305 (Fed. Cir. 2021)............................................................................6, 9, 11

*Glenwood Springs Citizens' All. v. United States DOI*,
   Civil Action No. 20-cv-00658-CMA, 2021 WL 916002 (D. Colo. Mar. 10,
   2021) ...................................................................................................................................4

*Grand Canyon Tr. v. Williams*,
   No. CV13-8045, 2013 WL 12176992 (D. Ariz. Sept. 9, 2013).................................................5

*Grill v. Quinn*,
   No. 2:10-cv-757, 2012 WL 174873 (E.D. Cal. Jan. 20, 2012) ..................................................7

*Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engineers*,
   No. 3:13-cv-126, 2015 WL 1883522 (S.D. Tex. Apr. 20, 2015) (Costa, J.) ..................9, 10, 12

*Jordan v. Wiley*,
   No. 1:07-cv-498, 2008 WL 4861923 (D. Colo. Nov. 10, 2008).................................................7

*Lands Council v. Powell*,
   395 F.3d 1019 (9th Cir. 2005) ..................................................................................................11

*Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*,
   602 F.3d 687 (5th Cir. 2010) ......................................................................................................9

*Monsanto Co. v. Geertson Seed Farms*,
   561 U.S. 139 (2010)....................................................................................................................4

*N.M. Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv.*,
   No. 1:02-cv-199, 2004 WL 3426421 (D.N.M. Aug. 31, 2004) ............................................4, 7

*Nat'l Fed'n of Indep. Bus. v. Perez*,
   No. 5:16-cv-66-C, 2016 WL 3766121 (N.D. Tex. June 27, 2016) (Cummings,
   J.)..........................................................................................................................................6, 10

*Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*,
   842 F. Supp. 2d 127 (D.D.C. 2012) ...........................................................................................8

*Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*,
   117 F.3d 1520 (9th Cir. 1997) ................................................................................................4, 5

*Oceana, Inc. v. Pritzker*,
   126 F. Supp. 3d 110 (D.D.C. 2015) .........................................................................................11

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978)....................................................................................................................1

*Porter v. Califano*,
   592 F.2d 770 (5th Cir. 1979) ......................................................................................................7

*Public Power Council v. Johnson*,
    674 F.2d 791 (9th Cir. 1982) (Kennedy, J.) .................................................................. 4

*Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*,
    59 F. Supp. 2d 310 (D. P.R. 1999) ............................................................................... 7

*Qureshi v. Holder*,
    663 F.3d 778 (5th Cir. 2011) ....................................................................................... 4

*Rydeen v. Quigg*,
    748 F. Supp. 900 (D.D.C. 1990) .................................................................................. 7

*San Francisco BayKeeper v. Whitman*,
    297 F.3d 877 (9th Cir. 2002) ....................................................................................... 8

*San Luis & Delta-Mendota Water Auth. v. Locke*,
    776 F.3d 971 (9th Cir. 2014) ..................................................................................... 11

*Sierra Club v. EPA*,
    292 F.3d 895 (D.C. Cir. 2002) ..................................................................................... 5

*Sierra Club v. Marsh*,
    976 F.2d 763 (1st Cir. 1992) ..................................................................................... 11

*Sierra Club v. Yeutter*,
    911 F.2d 1405 (10th Cir. 1990) ................................................................................... 4

*Telecomms. Research & Action Ctr. v. FCC*,
    750 F.2d 70 (D.C. Cir. 1984) ....................................................................................... 8

*Texas v. Biden*,
    No. 2:21-cv-067-Z (N.D. Tex.), ECF No. 76 (attached as Ex. A) ............................... 8

*Texas v. United States*,
    328 F. Supp. 3d 662 (S.D. Tex. 2018) ....................................................................... 12

*Texas v. United States*,
    809 F.3d 134 (5th Cir. 2015) ..................................................................................... 12

*Texas v. United States*,
    86 F. Supp. 3d 591 (S.D. Tex. 2015) ......................................................................... 12

*Texas v. United States*,
    No. 6:21-cv-3, 2021 WL 2096669 (S.D. Tex. Feb. 23, 2021) (Tipton, J.) ................. 12

*Theodore Roosevelt Conservation P'ship v. Salazar*,
    616 F.3d 497 (D.C. Cir. 2010) ..................................................................................... 4

*United States v. Akzo Coatings of Am., Inc.*,
  949 F.2d 1409 (6th Cir. 1991) ..........................................................................................11

*United States v. Morgan*,
  313 U.S. 409 (1941)............................................................................................................2

*Webster v. Doe*,
  486 U.S. 592 (1988)............................................................................................................7

**Statutes**

5 U.S.C.
   § 706......................................................................................................................................2
   § 706(1) ................................................................................................................................8

**Other Authorities**

33 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 8304 (2d ed.)..........................8

Fed. R. Civ. P. 26(b)(1)..................................................................................................................1

Federal Rule of Procedure 26 ........................................................................................................1

## INTRODUCTION

On September 1, 2021, the Parties filed a Joint Advisory to address the Court's questions raised in the hearing held on August 23, 2021. ECF No. 97. That submission articulated the Parties' divergent views on the propriety of discovery in this case and set out a schedule for party submissions to assist the Court in making a determination on that issue. On September 8, 2021, Defendants filed the administrative record, triggering the agreed timing of this Motion. ECF No. 99.

## SUMMARY OF THE ARGUMENT

Plaintiffs move the Court to approve discovery in this case. Defendants claim discovery is improper and assert that this is a case under the Administrative Procedure Act (APA), and the bare administrative record is therefore sufficient for trial on the merits. They rely on the "record rule" that precludes evidence outside the administrative record but (1) that rule does not apply to many of the issues for the Court's consideration at trial; and (2) even where the record rule does apply, it is subject to important exceptions that are applicable here.

## ARGUMENT

Parties are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Although "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1), as explained below, information subject to discovery on various issues is admissible evidence at trial and not precluded by the record rule. Discovery on these matters is therefore proper despite the general rule that claims under the APA are limited to review of the administrative record.

1

In an APA action, the Supreme Court has explained that the "whole record" standard for review, 5 U.S.C. § 706, requires the court to conduct a "thorough, probing, in-depth review." *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 415 (1971); *see also id.* at 413-14 n.30, 419. In conducting this review, "[t]he court may require the administrative officials who participated in the decision to give testimony explaining their action." *Id*. at 420. And although "inquiry into the mental processes of administrative decisionmakers is usually to be avoided," *id*. (citing *United States v. Morgan*, 313 U.S. 409 (1941)), such inquiry "may be necessary" to determine "if the Secretary's action was justifiable under the applicable standard." *Id*.

Defendants in this very case implicitly recognized this rule when they submitted two declarations—extra-record evidence—in support of their opposition to the preliminary injunction motion. ECF Nos. 42-5, 42-6. They used these declarations to claim the challenged memoranda are exempt from notice-and-comment rulemaking requirements, ECF No. 42 at 33–36 & n. 5; to oppose Plaintiffs' Article III standing, ECF No. 42 at 11; to argue the public interest factors do not support injunctive relief, ECF No. 42 at 41–43; and to argue against the propriety of a positive (or mandatory) injunction to compel agency action unlawfully withheld, ECF No. 42 at 43–45. Yet Defendants claim that Plaintiffs may not obtain discovery on these same issues—in the same case—because this litigation is limited solely to the contents of the administrative record. Defendants' proposed double standard is not the law.

In its order granting Plaintiffs' motion for preliminary injunction, this Court has also previously recognized that extra-record evidence was both relevant in that stage and will be at trial. *See* ECF No. 79 at 23 & n. 16 (citing evidence submitted by Texas on dropped detainers and noting that "at the preliminary injunction phase," it would accept hearsay statement of ICE officials on effect of memoranda on detainers, implying other evidence on this score would be needed at trial);

*id*. at 41 (relying on Texas's evidence of mobility of aliens among states to evaluate impact of challenged memoranda); *id*. at 60 (relying on other litigation, outside the administrative record, to evaluate whether final agency action was present); *id*. at 148–50 (evaluating Defendants' evidence of harm—including inhibiting their ability to prioritize limited resources and causing confusion among subordinates—for balance of equities and public interest factors for preliminary injunction); *id*. at 155 (evaluating evidence of mobility of aliens in determining geographic scope of injunction); *id*. at 156 n. 61 ("reserv[ing] ruling on this issue [of positive injunction to compel agency action unlawfully withheld] until later in the litigation"). Plaintiffs are entitled to bolster the extra-record evidence they submitted at the preliminary injunction stage with evidence within the possession of Defendants relevant to these issues. Discovery is necessary for the Court to be presented with the relevant evidence it needs at trial.

The Court's order imposing reporting requirements on Defendants regarding how they are implementing their detention requirements, ECF No. 79 at 158–59, is also consistent with this view. *See* ECF No. 90 at 3–4 ("the Court is using the reporting requirements as a case-management tool to monitor compliance and gather information that would be relevant and helpful for the Court in making a final determination at trial"). Plaintiffs are entitled to discovery on the information subject to the reporting requirements for the same reason the Court has determined it to be relevant for trial, among other issues.

**I. The Record Rule Does Not Limit the Evidence Available to Resolve Many Questions**

At its core, the record rule is about arbitrary-and-capricious review. "In applying [the arbitrary-and-capricious] standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "The purpose of the Administrative Record rule during judicial review of the merits of an agency action is to prevent the Court from substituting its judgment for

3

that of the agency." *N.M. Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv.*, No. 1:02-cv-199, 2004 WL 3426421, at *5 (D.N.M. Aug. 31, 2004). Thus, the record rule does not govern issues like standing or other jurisdictional issues, the non-merits factors for injunctive relief, or non-arbitrary-and-capricious claims. *See Public Power Council v. Johnson*, 674 F.2d 791, 793 (9th Cir. 1982) (Kennedy, J.) ("even when judicial review is confined to the record of the agency, as in reviewing informal agency actions, there may be circumstances to justify expanding the record or permitting discovery").

### A. The Record Rule Does Not Apply to Jurisdictional Issues

The record rule does not apply to non-merits issues like subject matter jurisdiction, including standing and whether there is final agency action required for claims under the APA.[1] Evidence about such issues does not implicate the record rule because courts consider it "not in order to supplement the administrative record on the merits, but rather to determine [their own] jurisdiction." *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 528 (9th Cir. 1997); *see also Sierra Club v. Yeutter*, 911 F.2d 1405, 1421 (10th Cir. 1990). In fact, courts routinely rely on extra-record evidence to support jurisdiction in APA cases. *See, e.g.*, *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153–54 (2010) (relying on declarations to find that plaintiffs had Article III standing in an APA case); *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 507 (D.C. Cir. 2010) (same).

Courts also permit plaintiffs discovery to obtain such evidence relevant to the question of whether there is a final agency action under the APA. *See, e.g., Glenwood Springs Citizens' All. v. United States DOI*, Civil Action No. 20-cv-00658-CMA, 2021 WL 916002, at *1–2 (D. Colo. Mar. 10, 2021) (ordering limited discovery in an APA case regarding the "factual question as to

---

[1] *See Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011) ("if there is no final agency action, a federal court lacks subject matter jurisdiction").

whether Defendants engaged in any action that would be subject to review under the APA"); *Doe 1 v. Nielsen*, No. 18-cv-02349-BLF(VKD), 2018 WL 4266870, at *1–3 (N.D. Cal. Sept. 7, 2018) (permitting limited jurisdictional discovery in an APA case where "discovery of the nature of the agency action issue is necessary in order for the parties and the Court to determine the scope of the administrative record to be produced"); *Grand Canyon Tr. v. Williams*, No. CV13-8045, 2013 WL 12176992, at *1 (D. Ariz. Sept. 9, 2013) (permitting written discovery for plaintiffs to develop facts to demonstrate final agency action).

Any other rule would make it impossible to challenge unlawful agency action. An administrative record certified by a federal agency will not often include evidence of standing or whether a final agency action has occurred. *See Nw. Envtl. Def. Ctr.*, 117 F.3d at 1527–28 ("Article III's standing requirement does not apply to agency proceedings," so there is "no reason to include facts sufficient to establish standing as a part of the administrative record. Only when a plaintiff "later seeks judicial review, [does] the constitutional requirement that it have standing kick[] in."). As litigation proceeds, plaintiffs must "supplement the record to the extent necessary to explain and substantiate [their] entitlement to judicial review." *Sierra Club v. EPA*, 292 F.3d 895, 899–900 (D.C. Cir. 2002). Plaintiffs are entitled to seek jurisdictional discovery in this case for the same reasons.

### B. The Record Rule Does Not Apply to Remedial Questions

The record rule also does not limit the evidence this Court can consider when determining the propriety and scope of injunctive relief at trial. "[I]n cases where relief is at issue, especially at the preliminary injunction stage," courts may consider extra-record evidence. *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).[2] When the Northern District announced the same rule, *see*

---

[2] At the trial on the merits, the Court will consider whether a permanent injunction should issue, and the considerations are the same as for issuing a preliminary injunction "with the exception that the plaintiff must show a likelihood of

5

*Davis Mountains Trans-Pecos Heritage Ass'n v. U.S. Air Force*, 249 F. Supp. 2d 763, 776 (N.D. Tex. 2003), the Fifth Circuit concluded that "the district court correctly stated the law." *Davis Mountains Trans-Pecos Heritage Ass'n v. FAA*, 116 F. App'x 3, 16 (5th Cir. 2004) (citing 249 F. Supp. 2d at 775–76 and reversing on other grounds); *accord Nat'l Fed'n of Indep. Bus. v. Perez*, No. 5:16-cv-66-C, 2016 WL 3766121, at *23 (N.D. Tex. June 27, 2016) (Cummings, J.).

The APA thus permits courts to assess "the balance of the equities and the public interest" for injunctive relief using extra-record evidence. *East Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1094, 1106–08 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), *aff'd sub nom. East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021). There would be no other way to do it, as "injunctive relief is generally not raised in the administrative proceedings below and, consequently, there usually will be no administrative record developed on these issues." *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 369 n.7 (D.D.C. 2017) (quotation omitted). "Thus, it will often be necessary for a court to take new evidence to fully evaluate claims of irreparable harm and claims that the issuance of the injunction is in the public interest." *Id*. (quotation omitted).

### C. The Record Rule Does Not Apply to Most of Plaintiffs' Claims

"The record rule's purpose is to guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review." *Euzebio v. McDonough*, 989 F.3d 1305, 1322 (Fed. Cir. 2021) (cleaned up). That purpose does not apply to Plaintiffs' other claims, which do not depend on the arbitrary-and-capricious standard.

None of Plaintiffs' claims, other than their arbitrary-and-capricious claim, turn on the "judgment . . . of the agency," so "[t]he purpose of the Administrative Record rule" is not

---

success on the merits rather than actual success" at the preliminary stage. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987).

implicated. *N.M. Cattle Growers Ass'n*, 2004 WL 3426421, at *5. In those claims, Plaintiffs are not arguing that an administrative "finding is not sustainable on the administrative record made." *Camp*, 411 U.S. at 143. Instead, Plaintiffs argue that the memoranda issued by Defendants violate federal statutory provisions, ECF No. 1 at 21–24 (Counts I & II), the Constitution, *id*. at 27 (Count VI), and a binding agreement, *id*. at 26–27 (Count V), questions Defendants did not consider in the administrative record.

A court reviewing the constitutionality of agency action, for example, must make "an independent assessment of a citizen's claim of constitutional right." *Porter v. Califano*, 592 F.2d 770, 780 (5th Cir. 1979). Because "[a] direct constitutional challenge is reviewed independent of the APA," a "court is entitled to look beyond the administrative record in regard to this claim." *Grill v. Quinn*, No. 2:10-cv-757, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012). The "Supreme Court has held that a plaintiff who is entitled to judicial review of its constitutional claims under the APA is entitled to discovery in connection with those claims." *Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*, 59 F. Supp. 2d 310, 328 (D. P.R. 1999) (citing *Webster v. Doe*, 486 U.S. 592, 604 (1988)); *see also Jordan v. Wiley*, No. 1:07-cv-498, 2008 WL 4861923, at *2 (D. Colo. Nov. 10, 2008) (allowing a plaintiff to pursue discovery on constitutional claims while adjudication of APA claims was pending); *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990) (permitting plaintiffs to rely on extra-record written testimony because "[w]hen reviewing constitutional challenges to agency decisionmaking, courts make an independent assessment of the facts and the law").

Plaintiffs can assert each of their claims, with the exception of their arbitrary-and-capricious claim, ECF No. 1 at 24–25 (Count III), and the notice-and-comment claim, *id*. at 26 (Count IV), without the APA. *See* ECF No. 18 at 26 (explaining that Plaintiffs have a claim "at

equity" outside the APA); ECF No. 51 at 12–13 (same); ECF No. 1-3, Ex. C § 8 (providing that violations of the agreement between DHS and Texas "may be adjudicated in a United States District Court located in Texas"); 33 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 8304 (2d ed.) (describing "nonstatutory review of agency action" that does not depend on the APA).

In a recent immigration case where Texas made similar claims against the Biden Administration's rescission of the Migrant Protection Protocols (MPP) program, Judge Kacsmaryk denied a DOJ motion to strike Texas's evidence on the ground of the record rule, on the basis that such claims that can be raised outside the APA—through a cause of action "at equity"—and are therefore not limited by the record rule. *Texas v. Biden*, No. 2:21-cv-067-Z (N.D. Tex.), ECF No. 76 at 6–10 (attached as Ex. A). The same reasoning applies to such claims here.

Courts likewise have held that the record rule does not apply to claims seeking to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), claims Plaintiffs also raise here. *See* ECF No. 1 at 21–23 (Count I); *see also* ECF No. 79 at 156 n. 61 (granting preliminary injunction but "reserv[ing] ruling on this issue [of positive injunction to compel agency action unlawfully withheld] until later in the litigation"). This is because "when a court considers a claim that an agency has failed to act," there is "no final agency action that closes the administrative record or explains the agency's [in]action[]." *San Francisco BayKeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002). "Said another way, if an agency fails to act, there is no 'administrative record' for a federal court to review." *Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012). And "if the agency never takes action," the "benefits of agency expertise and creation of a record"—considerations which underpin the record rule—"will not be realized." *Telecomms. Research &*

*Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984). Discovery is therefore proper on this ground as well.

## II. The Record Rule Is Far Narrower than Defendants Contend, Even When Evaluating Agency Decisionmaking

Even where the record rule applies, it "is not without exceptions." *Euzebio v. McDonough*, 989 F.3d 1305, 1322 (Fed. Cir. 2021). The exceptions are applied in light of "[t]he record rule's purpose": "to guard against courts using new evidence to convert the arbitrary and capricious standard into effectively de novo review—not to preclude effective judicial review entirely." *Id.* (cleaned up). Thus, "in certain circumstances a court may permit supplementation of the record or the introduction of extra-record evidence to enable effective judicial review." *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engineers*, No. 3:13-cv-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015) (Costa, J.).

The Fifth Circuit has identified three circumstances in which consideration of extra-record evidence is appropriate:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision,
>
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (alteration omitted). But this list is not exhaustive and "did not explicitly purport to overrule prior decisions concerning exceptions." *Gulf Coast*, 2015 WL 1883522, at *3. Courts have also recognized a more detailed list of "eight exceptions":

> (1) when agency action is not adequately explained in the record before the court;

9

> (2) when the agency failed to consider factors which are relevant to its final decision;
>
> (3) when an agency considered evidence which it failed to include in the record;
>
> (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly;
>
> (5) in cases where evidence arising after the agency action shows whether the decision was correct or not;
>
> (6) in cases where agencies are sued for a failure to take action;
>
> (7) in cases arising under NEPA; and
>
> (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Id.* at *2 (footnote omitted); *accord Nat'l Fed'n of Indep. Bus. v. Perez*, No. 5:16-cv-00066-C, 2016 WL 3766121, *23 (N.D. Tex. June 27, 2016) (Cummings, J.).

Most importantly here, courts allow extra-record evidence when it is necessary to determine whether the agency "considered all the relevant factors." *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981). "[A]n adequate record can sometimes only be determined 'by looking outside the [administrative record] to see what the agency may have ignored.'" *Davis Mountains*, 249 F. Supp. 2d at 776 (quoting *Cty. of Suffolk v. Sec'y of Interior*, 562 F.2d 1368, 1384 (2d Cir. 1977)); *see also Davis Mountains*, 116 F. App'x at 15–16 (finding district court abused its discretion by excluding extra-record evidence "necessary to determine" whether agency "took a hard look" at a factor).

"[I]t will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980). Consideration of extra-record evidence

10

is also permitted "when supplementing the record is necessary to explain technical terms or complex subject matter." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quotations omitted).

Thus, courts may supplement the administrative record with "affidavits, depositions, or other proof of an explanatory nature" if necessary to "explain the record and [] determine the adequacy of the procedures followed and the facts considered" by the agency. *Arkla Expl. Co. v. Tex. Oil & Gas Corp.*, 734 F.2d 347, 357 (8th Cir. 1984); *see also, e.g., Sierra Club v. Marsh*, 976 F.2d 763, 772 (1st Cir. 1992); *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1428 (6th Cir. 1991). In other words, such evidence is admissible "to educate the court and to illuminate the administrative record, not to substitute the court's judgment for the [agency's]." *Arkla Expl. Co.*, 734 F.2d at 357; *see also San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014). Such extra-record evidence is particularly appropriate in cases not involving formal adjudications or rulemakings—such as here—where Plaintiffs lacked an "opportunity to submit such evidence" into the administrative record. *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113–14 (D.D.C. 2015).

This approach makes sense. The administrative record lists "the nonprivileged documents considered by ICE in issuing the February 18, 2021 Interim Guidance." ECF No. 99-1 (certification). One of the key issues for trial is whether Defendants ignored critical factors in the challenged memoranda. *See* ECF No. 79 at 105–27 (examining this claim in granting preliminary injunction). That such information is not in the administrative record is not only no surprise but evidence that the memoranda are arbitrary and capricious. Precluding discovery on this issue would "preclude effective judicial review entirely" by keeping hidden evidence of the information they ignored precisely because they ignored it. *Euzebio*, 989 F.3d at 1322 (cleaned up).

Evidence is also relevant "to enable effective judicial review . . . when agency action is not adequately explained in the record before the court and [because this] case is so complex that a court needs more evidence to enable it to understand the issues clearly." *Gulf Coast*, 2015 WL 1883522, at *2. For example, as the Court has previously noted, a key issue in determining whether the challenged memoranda were subject to the requirements of notice-and-comment rulemaking is whether the memoranda's convoluted top-down permission structure for routine enforcement makes them legislative rules rather than excepted policy statements. ECF No. 79 at 135. Thus, the Court can consider extra-record evidence concerning Defendants' detention practices, even though they omitted this information from the administrative record.

This use of extra-record evidence has been permitted in APA cases, including cases involving immigration issues. Courts reviewing the lawfulness of both DAPA and DACA have considered evidence outside the administrative record. *See Texas v. United States*, 86 F. Supp. 3d 591, 666–670 (S.D. Tex. 2015) (considering evidence of the exercise of discretion actually applied to evaluate whether DAPA violated the APA); *Texas v. United States*, 809 F.3d 134, 171–76 (5th Cir. 2015) (same). This Court has done the same. *See Texas v. United States*, 328 F. Supp. 3d 662, 732–34 (S.D. Tex. 2018) (considering evidence of the exercise of discretion to evaluate whether DACA violated the APA); indeed, it has done so in a recent challenge to a different provision of one of the memoranda challenged here. *Texas v. United States*, No. 6:21-cv-3, 2021 WL 2096669, at *12–19, 42–45, 47–50 (S.D. Tex. Feb. 23, 2021) (Tipton, J.) (relying on extra-record evidence to grant a preliminary injunction). The record rule does not prohibit the same process here.

## CONCLUSION

Plaintiffs respectfully request that the Court allow discovery in this case.

| | |
|---|---|
| Date: September 15, 2021 | Respectfully submitted. |
| | |
| KEN PAXTON | /s/Patrick K. Sweeten |
| Attorney General of Texas | PATRICK K. SWEETEN |
| | Deputy Attorney General for Special Litigation |
| BRENT WEBSTER | *Attorney-in-Charge* |
| First Assistant Attorney General | Texas Bar No. 00798537 |
| | Southern District of Texas Bar No. 1829509 |
| JUDD E. STONE II | |
| Solicitor General | WILLIAM T. THOMPSON |
| | Deputy Chief, Special Litigation Unit |
| | Texas Bar No. 24088531 |
| | Southern District of Texas Bar No. 3053077 |
| | |
| | RYAN D. WALTERS |
| | Special Counsel, Special Litigation Unit |
| | Texas Bar No. 24105085 |
| | Southern District of Texas Bar No. 3369185 |
| | |
| | OFFICE OF THE ATTORNEY GENERAL |
| | SPECIAL LITIGATION UNIT |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 936-1414 |
| | Fax: (512) 936-0545 |
| | patrick.sweeten@oag.texas.gov |
| | will.thompson@oag.texas.gov |
| | ryan.walters@oag.texas.gov |
| | |
| | **COUNSEL FOR PLAINTIFF STATE OF TEXAS** |

**JEFF LANDRY**
**LOUISIANA ATTORNEY GENERAL**

*/s/Elizabeth B. Murrill*
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General

LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

**CERTIFICATE OF COMPLIANCE**

I certify that the total of words in this motion, exclusive of the matters designated for omission, is 3997, as counted by Microsoft Word.

*/s/Ryan D. Walters*
RYAN D. WALTERS

**CERTIFICATE OF CONFERENCE**

I certify that on September 14, 2021, I conferred with counsel for Defendants, who represented that Defendants are opposed to this motion.

*/s/Ryan D. Walters*
RYAN D. WALTERS

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 15, 2021, which automatically serves all counsel of record who are registered to receive notices in this case.

*/s/Patrick K. Sweeten*
PATRICK K. SWEETEN

14