**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA, <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES OF AMERICA, *et al.* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) )     No. 6:21-cv-00016 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY
BEYOND THE ADMINISTRATIVE RECORD**

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................ 2

I.   Discovery Is Categorically Unwarranted............................................................ 2

    a.   This Action is Not Subject to Judicial Review................................................ 2

    b.   Defendants' Anticipated New Priorities Will Be Based on a New Administrative
       Record. ...................................................................................................... 3

II.   To the Extent the Court Resolves Plaintiffs' Motion for Discovery Now, Extra-Record
    Discovery is Improper Here. ............................................................................... 4

    a.   There Is a Strong Presumption Against Discovery in APA Cases. ................. 4

    b.   Plaintiffs Cannot Justify a Departure from the General Presumption of Record
       Review....................................................................................................... 5

        i.   The record review principle applies to all of Plaintiffs' claims. ............... 5

        ii.   Plaintiffs fail to establish that any "exception" to the discovery limit applies
          here........................................................................................................ 10

        iii.   Plaintiffs' cannot rely on discovery on jurisdiction or remedy to avoid the
          record review in this action................................................................. 12

III.   Any Discovery the Court Orders Should be Highly Limited. .............................. 14

# TABLE OF AUTHORITIES

**Cases**

*Agarwal v. Renaud*,
   No. 3:21-CV-649-N, 2021 WL 3639805 (N.D. Tex. May 12, 2021) ........................................ 7

*Alabama-Tombigbee Rivers Coal. v. Norton*,
   No. CIV.A.CV-01-S-0194-S, 2002 WL 227032 (N.D. Ala. Jan. 29, 2002) .............................. 9

*Allied Home Mortg. Corp. v. U.S. Dep't of Hous. & Urban Dev.*,
   618 F. App'x 781 (5th Cir. 2015) .......................................................................................... 3

*Almaklani v. McAleenan*,
   No. 18CV398NGGCLP, 2020 WL 980846 (E.D.N.Y. Mar. 16, 2021) ................................... 9

*Almaklani v. Nielsen*,
   No. 18CV398NGGCLP, 2020 WL 9210770 (E.D.N.Y. Nov. 24, 2020) ................................ 9

*Almaklani v. Trump*,
   444 F. Supp. 3d 425 (E.D.N.Y. 2020) ................................................................................ 9, 10

*Bellion Spirits, LLC v. United States*,
   335 F. Supp. 3d 32 (D.D.C. 2018) ...................................................................................... 9, 15

*Bimini Superfast Operations LLC v. Winkowski*,
   994 F. Supp. 2d 103 (D.D.C. 2014) ........................................................................................ 5

*Buttrey v. United States*,
   690 F.2d 1170 (5th Cir. 1982) ............................................................................................. 7, 8

*Camp v. Pitts*,
   411 U.S. 138 (1973) ............................................................................................................... 10

*Chang v. USCIS*,
   254 F. Supp. 3d 160 (D.D.C. 2017) ...................................................................................... 4, 9

*Charlton Mem'l Hosp. v. Sullivan*,
   816 F. Supp. 50 (D. Mass. 1993) ............................................................................................. 8

*Citizens for Appropriate Rural Roads v. Foxx*,
   815 F.3d 1068 (7th Cir. 2016) .................................................................................................. 5

*Dallas Safari Club v. Bernhardt*,
   518 F. Supp. 3d 535 (D.D.C. 2021) ......................................................................................... 7

*Damuluri v. Renaud*,
   No. 3:21-CV-0634-B, 2021 WL 3733016 (N.D. Tex. Mar. 30, 2021) ..................................... 4

*Davis Mountains Trans-Pecos Heritage Ass'n. v. Fed. Aviation Admin.*,
   116 F. App'x 3 (5th Cir. 2004) ............................................................. 12

*Dep't of Commerce v. New York*,
   139 S. Ct. 2551 (2019) ............................................................. *passim*

*Deukmejian v. Nuclear Regulatory Comm'n*,
   751 F.2d 1287 (D.C. Cir. 1984),
   *aff'd*, 789 F.2d 26 (D.C. Cir. 1986) ............................................................. 6

*Dist. Hosp. Partners, L.P. v. Sebelius*,
   971 F. Supp. 2d 15 (D.D.C. 2013),
   *aff'd sub nom.*, *Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015) ............... 5

*Ex parte McCardle*,
   7 Wall. 506 (1869) ............................................................. 2

*Franklin v. Massachusetts*,
   505 U.S. 788 (1992) ............................................................. 8

*Freeman v. United States*,
   556 F.3d 326 (5th Cir. 2009) ............................................................. 12

*Girling Health Care, Inc. v. Shalala*,
   85 F.3d 211 (5th Cir. 1996) ............................................................. 6

*Grill v. Quinn*,
   No. CIV S-10-0757, 2012 WL 174873 (E.D. Cal. Jan. 20, 2012) ........................... 15

*Harkness v. Sec'y of Navy*,
   858 F.3d 437 (6th Cir. 2017),
   *cert. denied*, 138 S. Ct. 2648 (2018) ............................................................. 9

*Harkness v. United States*,
   727 F.3d 465 (6th Cir. 2013) ............................................................. 8

*Harvard Pilgrim Health Care of New England v. Thompson*,
   318 F. Supp. 2d 1 (D. R.I. 2004) ............................................................. 9

*Home Builders Ass'n, Inc. v. City of Madison*,
   143 F.3d 1006 (5th Cir. 1998) ............................................................. 2

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
   668 F.3d 281 (5th Cir. 2012) ............................................................. 2

*In re United States*,
   138 S. Ct. 443 (2017) ............................................................. 2

*Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*,
　58 F. Supp. 3d 1191 (D. N.M. 2014) ............................................................... 9

*Jordan v. Wiley*,
　No. 07-cv-00498-MSK-KLM, 2008 WL 4861923 (D. Colo. Nov. 10, 2008)......................... 15

*Ketcham v. U.S. Nat'l Park Serv.*,
　No. 16-CV-00017-SWS, 2016 WL 4268346 (D. Wyo. Mar. 29, 2016).................................... 9

*Malone Mortg. Co. Am., Ltd. v. Martinez*,
　No. 3:02-cv-1870-P, 2003 WL 23272381 (N.D. Tex. Jan. 6, 2003) ...................................... 5

*Med. Sols., Inc. v. C Change Surgical LLC*,
　468 F. Supp. 2d 130 (D.D.C. 2006),
　*aff'd*, 541 F.3d 1136 (Fed. Cir. 2008) ............................................................. 12

*Medina Cty. Env't Action Ass'n v. Surface Transp. Bd.*,
　602 F.3d 687 (5th Cir. 2010) ................................................................. 4, 10, 12

*Monsanto Co. v. Geertson Seed Farms*,
　561 U.S. 139 (2010)........................................................................... 13

*Moralez v. Perdue*,
　2017 WL 2264855 (E.D. Cal. May 24, 2017) ........................................................ 9

*MRC Energy Co. v. USCIS*,
　No. 3:19-CV-2003-K, 2021 WL 1209188 (N.D. Tex. Mar. 31, 2021)...................................... 4

*NVE, Inc. v. Dep't of Health & Hum. Servs.*,
　436 F.3d 182 (3d Cir. 2006)..................................................................... 5

*Outdoor Amusement Bus. Ass'n, Inc. v. DHS*,
　No. ELH-16-1015, 2017 WL 3189446 (D. Md. July 27, 2017) ................................................ 9

*Puerto Rico Publich Housing Administration v. Department of Housing and Urban Development*,
　59 F. Supp. 2d 310 (D.P.R. 1999)............................................................. 14, 15

*Redeemed Christian Church of God v. USCIS*,
　331 F. Supp. 3d 684 (S.D. Tex. 2018) ............................................................. 4

*Rydeen v. Quigg*,
　748 F. Supp. 900 (D.D.C. 1990) ................................................................. 15

*S. Cal. All. of Publicly Owned Treatment Works v. U.S. EPA*,
　No. 2:14-cv-01513-MCE-DAD, 2015 WL 2358620 (E.D. Cal. May 15, 2015)...................................... 3

*Steel Co. v. Citizens for Better Envt.*,
    523 U.S. 83 (1998) ................................................................................. 2

*Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*,
    480 F.3d 1116 (Fed. Cir. 2007) .............................................................. 8

*Tafas v. Dudas*,
    530 F. Supp. 2d 786 (E.D. Va. 2008) ..................................................... 9

*Tex. Office of Pub. Util. Counsel v. FCC*,
    183 F.3d 393 (5th Cir.1999) ................................................................. 4

*Texas v. United States*,
    --- F.4th---, 2021 WL 4188102 (5th Cir. Sept. 15, 2021) ..................... 1-3

*Theodore Roosevelt Conservation P'ship v. Salazar*,
    616 F.3d 497 (D.C. Cir. 2010) ............................................................. 13

*Trudeau v. Fed. Trade Comm'n*,
    456 F.3d 178 (D.C. Cir. 2006) ............................................................... 3

**Statutes**

5 U.S.C. § 701(a)(2) ...................................................................................... 2

5 U.S.C. § 706 ................................................................................... 7, 9, 14

5 U.S.C. § 706(2)(B) ...................................................................................... 9

## INTRODUCTION

Plaintiffs ask this Court to take the "unusual step" of "authoriz[ing] discovery outside the administrative record" in an action to "review[] agency action." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2564 (2019). Plaintiffs, however, have failed to make the "strong showing" necessary to justify such a "substantial intrusion into the workings of" the Executive Branch. *Id.* at 2573-74 (citation omitted). Rather, the entire premise of Plaintiffs' motion is that discovery in challenges to agency action is the norm rather than the exception. In making this argument, Plaintiffs remarkably fail to cite the seminal (and recent) Supreme Court decision on this subject: *Department of Commerce*. There, the Supreme Court reaffirmed the decades-old principle that a "court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record," and that exceptions, such as claims of bad faith, are to be construed narrowly. *See id*.

Regardless, discovery is particularly inappropriate in this case in light of the Fifth Circuit's recent conclusion that the Department of Homeland Security's ("DHS's") immigration enforcement determinations are committed to DHS's discretion and are not subject to judicial review. *See Texas v. United States*, --- F.4th ---, 2021 WL 4188102 (5th Cir. Sept. 15, 2021) ("CA5 Stay Op."). In fact, the Fifth Circuit Court found "it is instructive that the Supreme Court has never allowed judicial oversight of such decisions" because decisions about "who to arrest and charge," are matters "committed to law enforcement discretion." *Id*. at *4 n. 4 (5th Cir. Sept. 15, 2021); *see also id*. at *5 (noting that it did "not see a strong justification for concluding that the [Illegal Immigration Reform and Immigration Responsibility Act] detention statutes override the deep-rooted tradition of enforcement discretion when it comes to decisions that occur before detention, such as who should be subject to arrest, detainers, and removal proceedings").

The Court should deny Plaintiffs' motion.

## ARGUMENT

### I.     Discovery Is Categorically Unwarranted.

#### a.  This Action is Not Subject to Judicial Review.

"'Without jurisdiction the court cannot proceed at all in any cause.'" *Steel Co. v. Citizens for Better Envt.*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869)). The same principle applies when claims are barred by threshold questions, such as when the challenged agency action is committed to agency discretion and therefore not subject to judicial review. *See* 5 U.S.C. § 701(a)(2); *cf. In re United States*, 138 S. Ct. 443 (2017) (per curiam) (instructing district court to resolve threshold questions before requiring government to compile administrative record). A court must therefore consider the threshold questions before addressing the merits of a claim, including discovery. Here, because Plaintiffs cannot overcome numerous threshold limitations, discovery is improper.[1]

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Here, the Fifth Circuit has already largely found that Plaintiffs' challenge to Defendants exercise of enforcement discretion likely is not subject to judicial review.[2] *See, e.g.* CA5 Stay Op. at *5 ("Against [an]

---

[1] Defendants agreed in the parties' Joint Status Report to not rely on the fact that Defendants have yet to respond to Plaintiffs' Complaint as a basis for why this Court should defer resolution of Plaintiffs' discovery motion. *See* Joint Status Report 2, ECF No. 97. Accordingly, this argument here is not in lieu of Defendants' motion to dismiss but instead an argument for why this Court should deny Plaintiffs' motion for discovery.

[2] Although the DC. Circuit has found that threshold questions for whether a plaintiff could pursue an APA claim are subject to 12(b)(6) instead of 12(b)(1), *see Trudeau v. Fed. Trade Comm'n,* 456 F.3d 178, 187

absence of any authority limiting the executive's discretion in deciding whether to bring a removal proceeding is longstanding precedent holding that the use of 'shall' in arrest laws does not limit prosecutorial discretion").[3] In addition, Defendants' opposition to Plaintiffs' motion for preliminary injunction raised several other threshold impediments to judicial review, including that Plaintiffs fail to establish standing. *See* Defs.' Opp. to Pls.' Mot. for Prelim. Inj., ECF No. 42. Accordingly, this Court should deny Plaintiffs' motion for discovery because this Court cannot adjudicate their claims at all.

### b. Defendants' Anticipated New Priorities Will Be Based on a New Administrative Record.

As Defendants represented to the Fifth Circuit, the Secretary expects to issue the new priorities by the end of September. Principles of judicial economy counsel in favor of denying the current motion and waiting to see if Plaintiffs challenge the new priorities. Although Plaintiffs may challenge the new guidance and could include claims based on legal theories similar to the issues they have raised in this case, any agency action in the future necessarily "would be the result of a new proceeding on a new record." *S. Cal. All. of Publicly Owned Treatment Works v. U.S. EPA*, No. 2:14-cv-01513-MCE-DAD, 2015 WL 2358620, at *2 (E.D. Cal. May 15, 2015). "Should such a subsequent dispute arise, it is a matter for another lawsuit." *Allied Home Mortg. Corp. v. U.S. Dep't of Hous. & Urban Dev.*, 618 F. App'x 781, 787 (5th Cir. 2015) (citing *Tex. Office of Pub. Util. Counsel v. FCC,* 183 F.3d 393, 414 (5th Cir.1999)). Thus, to the extent Plaintiffs challenge the new guidance, the assessment of whether they meet the high burden for extra-record discovery would have to be made in the context of a new motion for discovery following the service of the

---

(D.C. Cir. 2006), the principle is the same: Plaintiffs cannot seek discovery because, as a threshold matter, they cannot pursue their claims.

[3] Although the Fifth Circuit maintained the injunction on the limited question of detention for certain individuals, Plaintiffs have made no showing for why they would need discovery on that narrow issue.

new administrative record. *Damuluri v. Renaud*, No. 3:21-CV-0634-B, 2021 WL 3733016, at *1 (N.D. Tex. Mar. 30, 2021). This Court should, therefore, defer the question of discovery at this this time.

## II. To the Extent the Court Resolves Plaintiffs' Motion for Discovery Now, Extra-Record Discovery is Improper Here.

### a. There Is a Strong Presumption Against Discovery in APA Cases.

"When an agency action has been challenged under the APA, the district court sits as an appellate court," and the "entire case on review is a question of law." *MRC Energy Co. v. USCIS*, No. 3:19-CV-2003-K, 2021 WL 1209188, at *3 (N.D. Tex. Mar. 31, 2021) (citing *Redeemed Christian Church of God v. USCIS*, 331 F. Supp. 3d 684, 694 (S.D. Tex. 2018)). The Supreme Court thus recently elaborated that "in reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record," a principle that "reflects the recognition that further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce*, 139 S. Ct. at 2573-74 (quotation omitted); *see also Medina Cty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (in a lawsuit against a federal agency, the "general presumption" is "that review is limited to the record compiled by the agency"). This limitation generally applies even when a plaintiff asserts a constitutional claim against an agency. *See, e.g., Chang v. USCIS*, 254 F. Supp. 3d 160, 161-62 (D.D.C. 2017); *Malone Mortg. Co. Am., Ltd. v. Martinez*, No. 3:02-cv-1870-P, 2003 WL 23272381, at *2 (N.D. Tex. Jan. 6, 2003).

Accordingly, once federal agencies assemble and produce the administrative record, they are entitled to a "strong presumption" that they "properly designated" this record; a presumption that may be overcome only by "clear evidence to the contrary[.]" *Bimini Superfast Operations*

*LLC v. Winkowski*, 994 F. Supp. 2d 103, 105 (D.D.C. 2014) (citation omitted); *see also*, *e.g.*, *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 20 (D.D.C. 2013), *aff'd sub nom. Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015); *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1081-82 (7th Cir. 2016) ("Generally, discovery is not appropriate for claims brought under the APA since review of an agency's decision is confined to the administrative record."); *NVE, Inc. v. Dep't of Health & Hum. Servs.*, 436 F.3d 182, 195 (3d Cir. 2006) ("There is a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process.").

### b. Plaintiffs Cannot Justify a Departure from the General Presumption of Record Review.

To justify extra-record discovery, Plaintiffs rely on three sets of arguments: (i) the discovery limitations do not apply to some of Plaintiffs' claims, (ii) certain exceptions to the discovery limitations apply here, and (iii) even if the discovery limit generally precludes extra-record discovery, Plaintiffs may at least take discovery on issues that are separate from the merits of Plaintiffs' underlying claims (*e.g.*, jurisdictional discovery). None of these arguments justifies extra-record discovery here.

### i. The record review principle applies to all of Plaintiffs' claims.

Plaintiffs assert, incorrectly, that the discovery limit applies only to arbitrary and capricious claims under the APA, and thus Plaintiffs argue they may take extra-record discovery for their remaining claims. *See* Pls.' Mot. for Extra-Record Discovery 3-4, ECF No. 103 ("Pls.' Discovery Mot."). The Supreme Court, however, has broadly stated that "*in reviewing agency action*, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce*, 139 S. Ct. at 2573 (emphasis added). The Supreme Court has never suggested that the record rule applies only to APA arbitrary and

capricious claims. Indeed, "[t]he principle that judges review administrative action on the basis of the agency's *stated* rationale and findings, and [courts'] correlative reluctance to supplement the record" has existed in some form since "before passage of the [APA]." *Deukmejian v. Nuclear Regulatory Comm'n*, 751 F.2d 1287, 1325 (D.C. Cir. 1984), *aff'd*, 789 F.2d 26 (D.C. Cir. 1986) (en banc). Further, the principles underlying the record rule confirm that the limitation applies to all legal challenges to agency actions. First, the discovery limit "reflects the recognition that further judicial inquiry into 'executive motivation' represents 'a *substantial intrusion*' into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce*, 139 S. Ct. at 2573 (emphasis added). Second, the record rule is based on the principle that when a court reviews agency action, "[t]he *administrative agency* is the fact finder" and "[j]udicial review has the function of determining whether the administrative action is consistent with the law—that and no more." *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996) (emphasis added). Thus, when a plaintiff challenges agency action, judicial review is presumptively limited to the administrative record, regardless of the legal theory the plaintiff invokes.

Plaintiffs' arguments for why the record rule applies only to their arbitrary and capricious claim—but not their remaining claims—lack merit. For example, Plaintiffs argue that the record rule applies only when an agency has taken some action, and thus it does not apply to Plaintiffs' section 706(1) claim: that DHS impermissibly *failed to act* as required by certain statutory provisions. *See* Pls.' Discovery Mot. at 8. But that itself is a challenge to agency action. Regardless, "Plaintiffs' position is belied by the statutory text of the APA," which provides that "'a reviewing court may . . . compel agency action unlawfully withheld' . . . and that 'in making the *foregoing determinations*, the court *shall review the* whole *record* or those parts of it cited by a party.'" *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 539 (D.D.C. 2021) (quoting 5

U.S.C. § 706). "[N]owhere does the text even hint at extra-record review occurring as a matter of course when agency action is alleged to be 'unlawfully withheld or unreasonably delayed.'" *Id.* Thus, "[t]he better reading of the APA is that its record review requirement applies [regardless of] whether a court is reviewing agency action or inaction." *Id.* at 539-40 (internal quotation marks omitted); *Agarwal v. Renaud*, No. 3:21-CV-649-N, 2021 WL 3639805, at *2 (N.D. Tex. May 12, 2021) ("Judicial review is ordinarily limited to the administrative record, even in cases regarding agency inaction.").

Plaintiffs also assert that the record rule does not apply to their remaining APA statutory claims. *See* Pls.' Discovery Mot. at 7. But Plaintiffs cite to no case law directly on point; they instead rely on their general theory that the discovery limit applies only to arbitrary and capricious claims. The Fifth Circuit, however, has held when an agency decision is "accompanied by a contemporaneous explanation," a court may "look only to the administrative record in order to determine if the [agency's] decision was arbitrary, capricious, *or not in accordance with law*." *Buttrey v. United States*, 690 F.2d 1170, 1184 (5th Cir. 1982) (emphasis added). Regardless, Plaintiffs do not explain what discovery they would need for this claim, one that largely turns on a legal question.

Likewise, Plaintiffs improperly argue that they need discovery to pursue their contract claim. *See* Pls.' Discovery Mot. 7-8. But this Court lacks jurisdiction over this claim. *See* Defs.' Opp. to Pls.' Mot. for Prelim. Inj. 36-39, ECF No. 42. Even if the purported contracts were binding and enforceable, which they are not, and had not been terminated, which they have, the Tucker Act would provide the proper remedy and jurisdiction would lie in the Court of Federal Claims. *See id.* (citing *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1128 (Fed. Cir. 2007)). Further, even accepting Plaintiffs' framing of this claim—contrary to the

great weight of authority cited in Defendants' opposition to Plaintiffs' motion for preliminary injunction—the claim would still be a challenge to agency action such that any review would be subject to the record rule. *See* Pls.' Reply in Support of Prelim. Inj. Mot. 17, ECF No. 51 (suggesting that they bring this contract claim to "set aside" agency action and thus seek the "standard remedies for unlawful agency action"). Thus, Plaintiffs' argument that the discovery limit does not apply to their contract claim fails for the same reasons why they cannot get discovery in an APA action.

Finally, Plaintiffs argue that the record rule does not apply to their Take Care Clause claim. *See* Pls.' Discovery Mot. at 7. As an initial matter, Plaintiffs' Take Care claim is not cognizable. *See* Defs.' Opp'n to Pls.' Mot. for a Prelim. Inj. 39-41, ECF No. 42. Moreover, Plaintiffs may not plead their way around the fundamental principles governing review of agency action, including the record rule, by relying on constitutional arguments. *Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993) (plaintiff's equal protection claim "cannot so transform the case that it ceases to be primarily a case involving judicial review of agency action"); *cf. Harkness v. United States*, 727 F.3d 465, 471 (6th Cir. 2013) ("[T]he review scheme does not carve out an exception for constitutional claims."). Judicial review under the APA, after all, expressly includes claims that agency action is "contrary to constitutional right[.]" 5 U.S.C. § 706(2)(B). And the APA is explicit that when reviewing such claims, as with any APA claim, "the court shall review *the whole record or those parts of it cited by a party*[.]" 5 U.S.C. § 706. For decades, courts across the country have therefore recognized that Section 706, by its plain language, limits the review of constitutional claims challenging agency action to the administrative record. *See Chang*, 254 F. Supp. 3d at 161 (D.D.C. 2017); *see also, e.g.*, *Harkness v. Sec'y of Navy*, 858 F.3d 437, 451 n.9 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 2648 (2018) (mem.); *Jarita Mesa Livestock Grazing Ass'n*

*v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1232 (D. N.M. 2014); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 44 (D.D.C. 2018); *Outdoor Amusement Bus. Ass'n, Inc. v. DHS*, No. ELH-16-1015, 2017 WL 3189446, at *21 (D. Md. July 27, 2017); *Moralez v. Perdue*, 2017 WL 2264855, at *3 (E.D. Cal. May 24, 2017); *Ketcham v. U.S. Nat'l Park Serv.*, No. 16-CV-00017-SWS, 2016 WL 4268346, at *1-2 (D. Wyo. Mar. 29, 2016); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 803 (E.D. Va. 2008); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D. R.I. 2004); *Alabama-Tombigbee Rivers Coal. v. Norton*, No. CIV.A.CV-01-S-0194-S, 2002 WL 227032, at *5-6 (N.D. Ala. Jan. 29, 2002).

Allowing Plaintiffs to circumvent the discovery limit by asserting a standalone Take Care Clause claim would be particularly unwarranted because that claim "fundamentally overlap[s] with the APA claims." *Almaklani v. Trump*, 444 F. Supp. 3d 425, 433 (E.D.N.Y. 2020) (quotation omitted), *reconsideration denied sub nom. Almaklani v. Nielsen*, No. 18CV398NGGCLP, 2020 WL 9210770 (E.D.N.Y. Nov. 24, 2020), *appeal denied sub nom. Almakalani v. McAleenan,* No. 18CV398NGGCLP, 2021 WL 980846 (E.D.N.Y. Mar. 16, 2021) (collecting cases); *see also Chang*, 254 F. Supp. 3d at 161 (noting that several courts have found discovery inappropriate "since § 706 of the APA provides for judicial review of final agency action that is 'contrary to constitutional right, power, privilege, or immunity'" while "[o]ther courts have merely found that, where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate.").[4] In this case, Plaintiffs' Take Care claim overlaps

---

[4] The *Almaklani* court found there were limited circumstances in which discovery may be appropriate for a constitutional claim, *i.e.*, when the record is incomplete, but emphasized that allowing "broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate and render meaningless the APA's restriction of judicial review to the administrative record." *Almaklani*, 444 F. Supp. 3d at 434. Here the agency included in the record the information it certified it relied upon. Again, when there is a "contemporaneous explanation" for an agency's decision, its validity "must . . . stand or fall on the propriety of that finding[.]" *See Camp v. Pitts*, 411 U.S. 138, 143 (1973).

entirely with their statutory and arbitrary and capricious claims. If Defendants prevail against the statutory and arbitrary and capricious claims, there would be no basis to assert that Defendants are acting inconsistent with the Take Care Clause. Accordingly, the record rule applies to all of Plaintiffs' claims.

ii.   <u>Plaintiffs fail to establish that any "exception" to the discovery limit applies here.</u>

Plaintiffs also assert that, even if the discovery limit applies to their claims, certain exceptions to that limit justify extra-record discovery here. But Plaintiffs cannot meet any of the exceptions articulated by the Fifth Circuit, i.e., when: "(1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, . . . (2) the district court needed to supplement the record with 'background information' in order to determine whether the agency considered all of the relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review." *Medina,* 602 F.3d at 706.

To start, Plaintiffs do not try to invoke the first exception, which applies only when an agency "deliberately or negligently" fails to include, in the administrative record, documents that are "adverse" to the agency's decision. Plaintiffs do not dispute that the administrative record contains all of the non-privileged documents that Defendants considered in crafting the Memorandum. Indeed, in their brief, Plaintiffs hardly reference at all the administrative record Defendants produced to Plaintiffs and which they seek to supplement.

Plaintiffs try to invoke the second exception by noting that extra-record discovery may reveal that Defendants failed to consider certain relevant factors. This exception, however, applies only when background information is "*necessary*" to determine whether Defendants considered the relevant factors. *Id.* at 706. Here, Plaintiffs do not contend that discovery is necessary to identify what the relevant factors are, nor do they dispute that they can determine whether

Defendants considered the relevant factors based on the current administrative record. To the contrary, they assert that the relevant factors are clear—*e.g.*, the impact of the Memoranda on States—and that, based on the current administrative record, Defendants simply failed to consider all relevant factors. *See* Pls.' Discovery Mot. at 11. To the extent Plaintiffs are arguing that extra-record discovery is justified because it may reveal that there are *other*, currently unknown relevant factors that Defendants failed to consider, Plaintiffs' argument would effectively nullify the discovery limit. *Any* plaintiff in *any* APA case can argue that extra-record discovery "may" reveal that certain unknown "relevant factors" were not considered. This alone cannot be sufficient to justify extra-record discovery in light of the Supreme Court's admonition that extra-record discovery is "unusual" and should be rare. *Dep't of Commerce*, 139 S. Ct. at 2564.

Plaintiffs also argue that extra-record discovery is justified because it is necessary to allow for judicial review of their notice-and-comment claim because it is unclear how the Memoranda's "permission structure" works. Pls.' Discovery Mot. at 12. But the Memoranda do not "fail[] to explain" how such a structure operates in a manner that "frustrate[s] judicial review." *Medina*, 602 F.3d at 706. While courts sometimes permit supplementation of the record when the agency's decision turns on highly technical matters outside a court's ordinary expertise, *e.g.*, *Davis Mountains Trans-Pecos Heritage Ass'n. v. Fed. Aviation Admin.*, 116 F. App'x 3, 12 (5th Cir. 2004) (considering extra record materials because the court "lack[s] technical expertise in aerodynamics"), Plaintiffs fail to explain what part of this "permission structure" requires more clarity or what aspect of immigration enforcement is so technical the Court cannot comprehend it. Accordingly, Plaintiffs have failed to show that any "exception" to the discovery limit justifies extra-record discovery here.

      iii.   <u>Plaintiffs' Cannot Rely on Discovery on Jurisdiction or Remedy to Avoid the Record Review in this Action.</u>

Plaintiffs claim that the record review rule does not apply to questions of jurisdiction or remedy. *See* Pls.' Discovery Mot. at 4-6. But both are inapplicable in this action. Plaintiffs have not established why they need discovery to establish this Court's jurisdiction or why it would be appropriate to engage in discovery on questions of remedy before addressing the merits of Plaintiffs' claims, especially in light of the Fifth Circuit's decision. If this Court disagrees, it should at the very least substantially limit the scope of discovery rather than countenance Plaintiffs' request for broad discovery without any guardrails.

First, Plaintiffs argue they need discovery to establish standing but they do not even try to explain why any of such discovery would be necessary. "The party seeking discovery bears the burden of showing its necessity." *Freeman v. United States,* 556 F.3d 326, 341 (5th Cir. 2009). Thus, "[w]hen requesting jurisdictional discovery, [] a plaintiff must make a detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce." *Med. Sols., Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 135 (D.D.C. 2006), *aff'd*, 541 F.3d 1136 (Fed. Cir. 2008). Here, Plaintiffs do not even attempt to make any showing. Although Defendants agree that as a general matter Plaintiffs can submit extra-record to establish standing, *see* Pls.' Discovery Mot. at 4 (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153–54 (2010) and *Theodore Roosevelt Conservation P'ship v. Salazar,* 616 F.3d 497 (D.C. Cir. 2010) for such a proposition), it is Plaintiffs who should have relevant information on standing (*e.g.*, alleged crimes caused by noncitizens, and the accompanying costs); they do not have to rely on discovery from Defendants. If anything, Defendants are entitled to discovery on Plaintiffs'

standing claims but, if discovery is otherwise precluded, Defendants are willing to forego such discovery to streamline this action.[5]

Second, Plaintiffs likewise fail to explain why discovery would inform the question of whether the challenged agency action constitutes final agency action. The question of whether an agency action is final for purposes of the APA is commensurate with a challenge to the agency action in the first place. Authorizing such discovery into agency action to determine whether it is considered final would still be a "substantial intrusion into the workings of" the Executive Branch. *See Dep't of Commerce*, 139 S. Ct at 2573-74. In any event, Plaintiffs do not identify why discovery is necessary to inform the legal question of whether rights and obligations flow from the challenged Memoranda. Rather, that legal question can be assessed based on the Memoranda themselves, just as the parties previously briefed on Plaintiffs' motion for preliminary injunction and the Court previously assessed. That the parties disagree on the answer to that legal question does not mean that intrusive discovery into the workings of the Executive Branch is warranted.

Finally, Plaintiffs erroneously assert that they need discovery to assess the appropriate remedy. This argument puts the cart before the horse and assumes Plaintiffs will prevail on the merits—a dubious assumption in light of the Fifth Circuit's recent stay order. But, regardless, the APA already dictates the potential remedies available should Plaintiffs ultimately prevail: either to "compel agency action unlawfully withheld" or to "set aside" the unlawful agency action. 5 U.S.C. § 706; *see Dep't of Commerce*, 139 S. Ct. at 2573. There is therefore no need for discovery on the remedy. This Court should give no significance to any of the cases Plaintiffs cite that discuss discovery in the context of a *preliminary* injunction, or to any evidence submitted during those

---

[5] If this Court were to allow discovery to go forward, Defendants expect to take discovery on Plaintiffs on their assertions of standing.

proceedings to assess the balancing of the equities. At *this* stage, Plaintiffs must actually prevail on the merits, and, if they do, the APA then provides the applicable remedy. And to the extent the Court thinks there is some remedial leeway that might warrant discovery, such discovery should be deferred until the merits are resolved.

### III.     Any discovery the Court orders should be highly limited.

As set out above, discovery is highly "unusual" in cases challenging agency action "and should normally be avoided." *Dep't of Commerce*, 139 S. Ct. at 2574. But to the extent that the Court believes Plaintiffs have met their burden to warrant extra-record discovery in this case, any discovery it authorizes should be carefully limited so as to minimize the "substantial intrusion into the workings of another branch of Government." *Id.* at 2573 (quotation omitted).

As even the cases Plaintiffs rely on, Pls.' Discovery Mot. at 7, emphasize, discovery in cases challenging agency action, even when authorized, is carefully delimited. Thus, in *Puerto Rico Public Housing Administration v. Department of Housing and Urban Development*, the court first held that "[i]f there is an existing administrative record" then "it is black letter law" that review is limited to that record. 59 F. Supp. 2d 310, 327 (D.P.R. 1999). It further held that "[e]ven when constitutional claims have been made, wide-ranging discovery is not blindly authorized at a stage in which an administrative record is being reviewed." *Id.* But, because in that particular case (and unlike here) there was "no administrative record" with regard to particular claims, the court allowed discovery as to those claims. *Id.* at 328.

In *Grill v. Quinn*, the plaintiff had filed a motion seeking discovery, but the court recognized that the request was in fact one to "amend[], supplement[], or add[] to the AR" specific documents. 2012 WL 174873, at *3 (E.D. Cal. Jan. 20, 2012). Indeed, in granting relief, the Court did not order broad discovery, but instead ordered that the defendant "shall supplement the

Administrative Record with documents specified" in the order. *Id.* at *5. The *Grill* court also permitted discovery "limited to the subject areas set forth above," based on the court's explicit finding that the existing record "give[s] rise to a possible inference that decisions were made on a basis" other than the stated one. *Id. Grill*, then, stands for the proposition that discovery in such cases is extraordinarily narrow and requires specific showings, *even when* the plaintiff raises constitutional claims.

*Jordan v. Wiley*, No. 07-cv-00498-MSK-KLM, 2008 WL 4861923 (D. Colo. Nov. 10, 2008) did not rule on the propriety of discovery at all, but instead simply rejected the defendants' plea to stay discovery. Moreover, the discovery at issue in that case concerned the plaintiff's due process claims. As the district court explained in *Bellion Spirits*, 335 F. Supp. 3d at 32, extra-record evidence may be necessary for such claims when the procedures used do not appear in the administrative record. *See* 335 F. Supp. 3d at 43. That is not the case here. And in *Rydeen v. Quigg*, the court did not permit broad discovery, or any discovery at all, but instead held that the court "may consider the additional affidavits" of two individuals "even though [the affidavits] were not before the agency upon administrative review." 748 F. Supp. 900, 906 (D.D.C. 1990); *see also Texas v. Biden*, No. 2:21-cv-067-Z (N.D. Tex.), Order, ECF No. 76 at 6–10 (filed here at ECF No. 103-1) (allowing extra-record evidence but not permitting discovery).

Accordingly, should the Court take the "unusual" step of permitting discovery in this case, it should carefully limit that discovery to only such discovery necessary in light of the specific and limited exceptions the Court finds apply.

15

Date: September 22, 2021                    Respectfully submitted.

                                           BRIAN M. BOYNTON

                                           Acting Assistant Attorney General


                                           BRIGHAM J. BOWEN
                                           Assistant Branch Director

                                           */s/ Adam Kirschner*
                                           ADAM D. KIRSCHNER
                                           Attorney-in-charge
                                           IL Bar. No. 6286601
                                           Senior Trial Counsel
                                           BRIAN C. ROSEN-SHAUD
                                           ME Bar No. 006018
                                           MICHAEL F. KNAPP
                                           CA Bar No. 314104
                                           KUNTAL CHOLERA
                                           DC Bar No. 1031523
                                           Trial Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           Tel: (202) 353-9265
                                           Fax: (202) 616-8460
                                           Email: Adam.Kirschner@usdoj.gov
                                                   Brian.C.Rosen-Shaud@usdoj.gov
                                                   Michael.F.Knapp@usdoj.gov
                                                   Kuntal.Cholera@usdoj.gov

                                           Mailing Address:
                                           Post Office Box 883
                                           Washington, D.C. 20044

                                           Courier Address
                                           1100 L Street NW, Room 11020
                                           Washington, D.C. 20005

                                           EREZ REUVENI
                                           CA Bar No. 264124
                                           Assistant Director
                                           U.S. Department of Justice
                                           Civil Division, Office of Immigration Litigation
                                           P.O. Box 868, Ben Franklin Station

Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*

DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated

for omission, is 4934, as counted by Microsoft Word.

*/s/ Adam Kirschner*
ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically

(via CM/ECF) on September 22, 2021.

*/s/ Adam Kirschner*
ADAM D. KIRSCHNER

17