IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*. | Civ. Action No. 6:21-cv-00016 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXTRA-RECORD DISCOVERY**

1

Defendants misconstrue the effect of the Fifth Circuit's stay and misunderstand the record rule. They also never address how to justify their submission of extra-record evidence in this case with their argument that this case is limited to the administrative record. ECF No. 103 at 2. And they place much weight on *Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019), which held in relevant part only that extra-record discovery before production of the administrative record was premature. *Id*. at 2574 ("the District Court should not have ordered extra-record discovery when it did. At that time, the most that was warranted was the order to complete the administrative record.").

## I. The stay of the preliminary injunction does not fundamentally change the dynamics of this case.

Defendants argue that the stay granted by the motions panel of the Fifth Circuit "largely found that Plaintiffs' challenge to Defendants' exercise of enforcement discretion likely is not subject to judicial review." ECF No. 104 at 2. That assertion is belied by the Fifth Circuit's disposition that "[t]he injunction will go into effect to the extent it prevents DHS and ICE officials from relying on the memos to refuse to detain aliens described in 1226(c)(1) against whom detainers have been lodged or aliens who fall under section 1231(a)(1)(A) because they have been ordered removed." *Texas v. United States*, ---F.4th---, 2021 WL 4188102, *7 (5th Cir. Sept. 15, 2021). If those two statutory provisions were not subject to judicial review under the Administrative Procedure Act ("APA"), the motions panel would not have allowed that injunction to go into effect at all.

Regardless, the motions panel's ruling merely partially paused the enforcement of this Court's preliminary injunction pending the appeal on the merits of that injunction—and that decision does not bind the merits panel of the Fifth Circuit. *Texas Democratic Party v. Abbott*, 978 F.3d 168, 176 (5th Cir. 2020). In addition, the motions panel only addressed Plaintiffs' statutory

claims, *Texas*, 2021 WL 4188102, *2; it did not address Plaintiffs' claims that the Memoranda were arbitrary and capricious, ECF No. 1 at 24–25 (Count III); were issued without the necessary notice-and-comment rulemaking procedures, ECF No. 1 at 26 (Count IV); violate the Take Care Clause of the Constitution, ECF No. 1 at 27 (Count VI); or violate the binding agreements between Texas and Louisiana and DHS, ECF No. 1 at 26–27 (Count V). Even were the issuance of the Memoranda here "agency action[s] committed to agency discretion by law," 5 U.S.C. § 701(a)(2), that provision would not preclude the Court from evaluating these other claims, other than the arbitrary-and-capricious claim.

The only effect the motions panel's ruling has on these proceedings is that the preliminary injunction has been pared back regarding one statutory claim: that Defendants "shall take into custody any alien who" has committed certain criminal offenses. 8 U.S.C. § 1226(c)(1). The resolution at trial of that issue would be in a different posture, and the claims unaddressed by the motions panel are completely unencumbered by that ruling.

## II.  Defendants misunderstand the scope of the record rule.

### A. The record rule does not apply to most of Plaintiffs' claims.

Defendants argue that the record rule is not limited to arbitrary-and-capricious claims and applies "regardless of the legal theory the plaintiff invokes." ECF No. 104 at 6. As explained in their Motion, Plaintiffs may rely on a cause of action "in equity"—that does not depend on the APA—for their statutory and constitutional claims, as well as their claim for a breach of the agreements with DHS. ECF No. 103 at 7–8.

Defendants make two points in favor of the record rule applying to Count V, the violation of DHS's agreements with Texas and Louisiana. First, they rehash their jurisdictional argument that the Court of Federal Claims has exclusive jurisdiction over this claim. ECF No. 104 at 7. Plaintiffs have explained why that tribunal has no jurisdiction over this claim. *See* ECF No. 51 at

16–17. Second, they assert that any attempt to enforce the agreements would be subject to the record rule because it would rely on remedies created by the APA. ECF No. 104 at 8. But Plaintiffs can rely on an equitable cause of action outside the APA for this claim, which is expressly provided for in the agreements at issue. ECF No. 18 at 28.

Defendants also argue that courts apply the record rule to constitutional claims. ECF No. 104 at 8–10. But even the cases Plaintiffs cite recognize the split of authority on this issue. *See Chang v. USCIS*, 254 F. Supp. 3d 160, 161, 162 (D.D.C. 2017) (noting the "disagreement among district courts whether the assertion of constitutional claims takes a case outside the procedural strictures of the APA, including record review," and citing cases); *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 539 & n. 5 (D.D.C. 2021) (noting that courts facing constitutional challenges may allow discovery, citing cases). In *Chang*, the court denied discovery on the constitutional claims "particularly when the Court ha[d] not yet seen the administrative record," 254 F. Supp. 3d at 163, and explained that the constitutional claim by plaintiffs there—a equal protection claim without a suspect class and thus evaluated on a rational basis—was virtually identical to the arbitrary and capricious standard, and the information necessary for the Court to determine whether the agency's actions satisfied either standard would be found in the administrative record. *Id*. at 162.

That is not the case here. Whether Defendants are satisfying the constitutional duty to take care that the laws are faithfully executed in this context will not be found in the administrative record, as this evaluation depends on the actual enforcement of the Memoranda and how they limit agents or officials from enforcing the laws regarding detention.

Judge Kacsmaryk rejected the same arguments Defendants make here in *Texas v. Biden*, No. 2:21-cv-067-Z (N.D. Tex.). *See* ECF No. 103-1 at 7–8 (order in that case attached as an exhibit,

explaining how the same cases cited by Defendants here do not undermine that the "Fifth Circuit has long held that a court reviewing the constitutionality of an agency action must make an "'independent assessment of a citizen's claim of constitutional right.'") (quoting *Porter v. Califano*, 592 F.2d 770, 780 (5th Cir. 1979)). Just as in that case, here "Plaintiffs' constitutional challenge does not challenge the 'substance' of the agency's decision. Rather, Plaintiffs' constitutional challenge focuses on the *effect* of the [Memoranda] on the federal government's ability to fulfill its duties under federal law." ECF No. 103-1 at 8 (emphasis in original). Plaintiffs are entitled to discovery to ascertain the full scope of the effect of the Memoranda, which is relevant to all of Plaintiffs' claims, and the Court will have the opportunity to judge the propriety of any particular discovery request in light of the administrative record filed in this case.

### B. Exceptions to the record rule permit discovery here.

Defendants fail to recognize that courts recognize exceptions to the record rule beyond the three they cite from *Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). ECF No. 104 at 10. But *Medina* did not purport to limit the previously recognized exceptions. *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engineers*, No. 3:13-cv-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015) (Costa, J.). These exceptions include:

> (1) when agency action is not adequately explained in the record before the court;
>
> (2) when the agency failed to consider factors which are relevant to its final decision;
>
> \*\*\*
>
> (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly;
>
> (5) in cases where evidence arising after the agency action shows whether the decision was correct or not;
>
> (6) in cases where agencies are sued for a failure to take action[.]

5

*Id.* at *2 (footnote omitted). These exceptions apply here.

This Court has noted the relevance of the mechanics of the preapproval process and restrictions on discretion imposed on ICE agents and officials by the Memoranda for determining whether the notice-and-comment requirements apply, ECF No. 79 at 131, 135–36, 138; and for determining whether there is final agency action, *id.* at 58. The administrative record itself does not set forth how the Memoranda are being applied to restrain enforcement discretion. This case is within the exceptions listed above, and extra-record evidence is needed to allow the Court to understand how the Memoranda operate in order to make these determinations.

Defendants are puzzled how Plaintiffs could need discovery on standing, "as it is Plaintiffs who should have relevant information on" that issue. ECF No. 104 at 12. While arguably true as to injury in fact, relevant information for the remaining prongs for Article III standing—causation (or traceability) and redressability—are within the possession of Defendants.

The Court has pointed to the detainers rescinded in Texas and Louisiana to show the connection necessary between these harms and the policies implemented by the Memoranda. ECF No. 79 at 40. That information was supplied by Plaintiffs, as it is in their possession. But the Court also noted that "the number of aliens who would otherwise be detained in the entire United States is relevant to estimating the impact of the Memoranda on the States in this case . . . [because] aliens are free to move among states." ECF No 79 at 41 (citation omitted); *see also* ECF No. 79 at 42–45 (noting Defendants' argument against redressability based on lack of information submitted by Plaintiffs that would show that if Memoranda were enjoined there would be lower crime levels in the States). Much of that information—including the numbers and circumstances surrounding rescinded detainers in other States—is in the hands of Defendants, absent from the administrative record, and requires discovery. Additionally, these same considerations are also relevant to the

issue of irreparable harm for injunctive relief. ECF No. 79 at 145, and to the agency failing to consider the relevant factors, including the costs to the States (as the mechanism of how the Memoranda actually operate to reduce detention by agents and officials of ICE would reveal the extent of the costs).

## CONCLUSION

Plaintiffs respectfully request that the Court allow discovery in this case.

Date: September 29, 2021

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
*Attorney-in-Charge*
Texas Bar No. 00798537
Southern District of Texas Bar No. 1829509

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Texas Bar No. 24088531
Southern District of Texas Bar No. 3053077

*/s/Ryan D. Walters*
RYAN D. WALTERS
Special Counsel, Special Litigation Unit
Texas Bar No. 24105085
Southern District of Texas Bar No. 3369185

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545
patrick.sweeten@oag.texas.gov
will.thompson@oag.texas.gov
ryan.walters@oag.texas.gov

COUNSEL FOR PLAINTIFF STATE OF TEXAS

**JEFF LANDRY**
**LOUISIANA ATTORNEY GENERAL**

*/s/Elizabeth B. Murrill*
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General

LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

**CERTIFICATE OF WORD COUNT**

I certify that the total number of words in this document, exclusive of those sections designated for omission, is 1,733 as registered by Microsoft Word.

*/s/Ryan D. Walters*
RYAN D. WALTERS

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 29, 2021, which automatically serves all counsel of record who are registered to receive notices in this case.

*/s/Ryan D. Walters*
RYAN D. WALTERS