UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

|  |  |  |
|---|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 6:21-cv-00016 |
| UNITED STATES OF AMERICA, *et al.* | ) ) ) |  |
| Defendants. | ) ) |  |

### RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

As Plaintiffs note, the en banc Fifth Circuit vacated the motions panel's decision staying this Court's preliminary injunction, which targeted two now-superseded agency memoranda. But Plaintiffs incorrectly argue that, given the Fifth Circuit's order, the panel's earlier opinion should have no effect on the Court's resolution of Plaintiffs' pending preliminary injunction motion.

Although the Fifth Circuit's stay order has been vacated, it still serves as persuasive authority. *See Melot v. Bergami*, 970 F.3d 596, 599 n.11 (5th Cir. 2020) (finding a "thoughtful [circuit court] opinion" persuasive even though it had been "vacated as moot on rehearing"); *Bradshaw v. Salvaggio*, No. SA-20-CV-01168-FB, 2020 WL 8673836, at *7 (W.D. Tex. Oct. 28, 2020), *report and recommendation adopted*, No. CV SA-20-CA-1168-FB, 2020 WL 8673835 (W.D. Tex. Oct. 30, 2020) (observing that a Fifth Circuit decision "although not binding on this Court because it was vacated, nevertheless provides persuasive reasoning); *Maria S. v. Garza*, No. 1:13-CV-108, 2015 WL 4394745, at *10 n.10 (S.D. Tex. July 15, 2015) ("Thus although the Fifth Circuit's *Bivens* analysis in *Hernandez* was later vacated, the Court may rely on the Fifth Circuit's delineation of *Bivens* law in *Hernandez* to assist in the analysis of Plaintiffs' claim."); *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 831 (E.D. Tex. 2008) ("Even if the court vacates this claim construction order, whatever instructive or persuasive guidance it may provide continues to exist."); *Johansen v. Trico Marine Int'l, Inc.*, No. CV H-07-3767, 2008 WL 11390861, at *8

1

(S.D. Tex. Aug. 29, 2008) ("the reasoning underlying" a vacated "decision remains persuasive authority").

Indeed, the motions panel's decision is the only published analysis by the Fifth Circuit on the statutory questions at issue. *Texas v. United States*, 14 F.4th 332, 336-37 (5th Cir. 2021), *reh'g granted, judgment vacated*, No. 21-40618, 2021 WL 5578016 (5th Cir. Nov. 30, 2021) (recognizing "immigration officials' traditional discretion" over most immigration enforcement decisions, and finding that 8 U.S.C. § 1231(a)(1)(A) and 8 U.S.C. § 1226(c) "do not eliminate immigration officials' 'broad discretion' to decide who should face enforcement action in the first place"). The decision's persuasive force is amplified by the fact that it is consistent with that of the two other courts that reached the question of discretion in the context of the DHS's interim enforcement guidance. *See id.* at 338 ("What is more, in the quarter century that IIRIRA has been on the books, no court at any level previously has held that sections 1226(c)(1) or 1231(a)(2) eliminate immigration officials' discretion to decide who to arrest or remove."); *Florida v. United States*, No. 8:21-CV-541-CEH-SPF, 2021 WL 1985058, at *10 (M.D. Fla. May 18, 2021); *Arizona v. U.S. Dep't of Homeland Sec.*, No. CV-21-00186-PHX-SRB, 2021 WL 2787930, at *10 (D. Ariz. June 30, 2021).

In any event, Plaintiffs are speculating when they imply that the en banc court necessarily disagreed with the motions panel's statutory analysis. The decision vacating the stay order did not specify the en banc court's grounds for vacatur. The en banc court's decision—which came one day after the interim guidance was revoked—could have turned on the conclusion that changed circumstances made the stay unnecessary or on the conclusion that Defendants had failed to demonstrate irreparable injury. It is even possible that, while a majority of the en banc court agreed that the stay should be vacated, no single justification could command majority support.

Regardless, Plaintiffs are wrong to suggest that, in any scenario, this Court may just apply the reasoning from its decision granting the prior preliminary injunction motion to grant Plaintiffs' new one. There are substantive differences between the now rescinded interim enforcement guidance and the guidance that is now in place; and there is additional information in the

administrative record, including about the application of the interim enforcement guidance, that was not previously before the Court. *See, e.g.*, Defendants' Memorandum in Opposition to Plaintiffs' Motion to Postpone Effective Date of Agency Action or, in the alternative, for Preliminary Injunction (ECF No. 122) at 7 (application of interim enforcement guidance), 10-12 (details concerning new enforcement guidance). The Court should deny Plaintiffs' preliminary injunction motion, and decline their invitation to again displace DHS's time-honored enforcement discretion.

Dated: December 3, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

 */s/ Adam Kirschner*
ADAM D. KIRSCHNER
Attorney-in-charge
IL Bar. No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
MICHAEL F. KNAPP
CA Bar No. 314104
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265
Fax: (202) 616-8460
Email: Adam.Kirschner@usdoj.gov
Brian.C.Rosen-Shaud@usdoj.gov
Michael.F.Knapp@usdoj.gov
Kuntal.Cholera@usdoj.gov

Mailing Address:
Post Office Box 883

Washington, D.C. 20044

<u>Courier Address</u>
1100 L Street NW, Room 11020
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 696, as counted by Microsoft Word.

/s/ Adam D. Kirschner
ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 3, 2021.

/s/ Adam D. Kirschner
ADAM D. KIRSCHNER