UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants*. | Case No. 6:21-cv-16 |

**PLAINTIFFS' MOTION FOR LEAVE
TO AMEND WITNESS AND EXHIBIT LISTS**

The States of Texas and Louisiana move for leave to amend their witness and exhibit lists to include (1) emails from ICE personnel stating that they are releasing holds on prisoners in TDCJ custody due to Defendants' prioritization guidance and (2) a sponsoring witness for those emails. The proposed amended lists are attached as Exhibits A and B.

**A. Background.**

In the course of preparing for trial yesterday, January 20, Plaintiffs' counsel were notified of the existence of certain emails between ICE personnel and TDCJ personnel. Those emails reflect Robert Moore of TDCJ reaching out to DHS counterparts to confirm the reasons that ICE was lifting immigration detainers on persons held in TDCJ custody. In each case, the ICE personnel respond that the reason is the guidance that the States have been challenging in this litigation. The States seek to amend their trial disclosures to add Moore to their witness list and add

22 emails between Moore and ICE counterparts (a three-email sample of which is attached as Exhibit C) to their exhibit list.

This afternoon, January 21, Plaintiffs' counsel called Defendants' counsel to inform them of the emails and the sponsoring witness and to seek Defendants' consent to amend the witness and exhibit lists. Following that discussion, Plaintiffs' counsel emailed Defendants' counsel the emails and explained their request in writing. After further discussion over email and telephone, Defendants indicated that they oppose an amendment and asked Plaintiffs, should they wish to amend the lists, to file a motion for leave to do so. This motion follows.

**B. Argument.**

There is good cause for the Court to permit this amendment. *See* Fed. R. Civ. P. 16(b)(4); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535–36 (2003) (standard for granting leave to amend scheduling order). *First*, this motion is timely. *Second*, this evidence is important to the case. *Third*, and most importantly, the Defendants will not be prejudiced by the amendment. *Fourth*, any prejudice to Defendants can be cured by extending their own deadlines.

**This motion is timely.** Counsel for the States were informed about these emails on January 20. This motion is filed the next day, after first disclosing the emails to Defendants and seeking consent for this amendment from their counsel.

**The evidence is important to the case.** The emails, and Moore's sponsoring testimony, will go toward several issues in the case. Three examples suffice. First, the evidence demonstrates redressability—if Defendants' policy is actually leading to the release of more criminal aliens, then staying or enjoining enforcement of that policy will redress the injuries the States suffer because of those releases. *See* ECF 79 at 42–45. Second, it goes to harm—if Defendants' policy is actually leading to the

2

release of more criminal aliens, then the harm caused by that release is attributable to Defendants' policy. *Id.* 145–47. Third, it goes to show that Defendants' policy is substantive rather than procedural—it is actually affecting the legal rights and obligations of the persons affected by it. *Id.* 141–44.

**The amendment will not prejudice Defendants.** Most importantly, allowing Moore to testify and including the emails as exhibits will not prejudice Defendants. The States have already identified a witness, Jason Clark, on "the effects of the guidance . . . on detainers for inmates within [TDCJ]." ECF 157. Clark has already submitted a trial declaration regarding ICE detainers of criminal aliens "that were rescinded due to new ICE enforcement priorities." PX C at ¶ 7.[1] The emails themselves are from Defendants' employees and agents. They have thus been equally available to Defendants while this case has been pending, and the States' designation of witnesses and evidence regarding detainers rescinded due to Defendants' guidance should have alerted them to the possibility that emails like this existed and would surface. The evidence is being disclosed 10 days before the final pretrial conference and 11 days before trial. While this is 10 days after the States' deadline to file their witness and exhibit lists, it is also only a day after Defendants filed their own trial disclosures indicating their intention to stand solely on the administrative record—a decision they made knowing that the States would have witnesses testifying that criminal aliens were being released into the public as a result of Defendants' policy. Given that the evidence is not voluminous, only 22 pages of documents and a single witness who will testify regarding those documents, Defendants' trial preparation will be little disturbed.

**Any prejudice is easily cured.** Finally, any prejudice to Defendants can be cured by allowing them to counter-designate additional evidence or witnesses to

---

[1]   The Plaintiff States have disclosed this exhibit to Defendants and furnished courtesy copies to the Court. *See* ECF 158.

respond to Moore and the emails or allowing them extra time to move to exclude the evidence. The States do not oppose any of these remedies.

## CONCLUSION

The States of Texas and Louisiana respectfully request that the Court grant them leave to amend their witness list to include the 22 specified emails and their witness list to include Robert Moore.

Dated: January 21, 2022

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General

Respectfully submitted,

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
*Attorney-in-Charge*
Texas Bar No. 00798537
Southern District of Texas Bar No. 1829509

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Texas Bar No. 24088531
Southern District of Texas Bar No. 3053077

*/s/ Ryan D. Walters*
RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085
Southern District of Texas Bar No. 3369185
ryan.walters@oag.texas.gov

ERIC A. HUDSON
Senior Special Counsel
Texas Bar No. 24059977
Southern District of Texas Bar No. 1000759

LEIF A. OLSON
Special Counsel
Texas Bar No. 24032801

4

Southern District of Texas Bar No. 33695

OFFICE OF THE ATTORNEY GENERAL
SPECIAL LITIGATION UNIT
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545

**COUNSEL FOR PLAINTIFF STATE OF TEXAS**

JEFF LANDRY
LOUISIANA ATTORNEY GENERAL

*/s/ Elizabeth B. Murrill*
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General

LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

**VERIFICATION**

I certify under penalty of perjury of the laws of the United States that each fact stated in Section A of this motion is true, correct, and within my personal knowledge.

*/s/ Ryan D. Walters*
RYAN D. WALTERS

5

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Adam Kirschner, counsel for Defendants, by telephone and email on January 21, 2022. He informed me that Defendants oppose this motion.

<u>/s/ Ryan D. Walters</u><br>RYAN D. WALTERS

## CERTIFICATE OF SERVICE

I certify that on January 21, 2022, this document was filed through the Court's CM/ECF system, which automatically serves all counsel of record.

<u>/s/ Ryan D. Walters</u><br>RYAN D. WALTERS