UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | No. 6:21-cv-00016 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR WITNESS AND EXHIBIT LISTS**

Ten days after their exhibit and witness lists were due, Plaintiffs now seek to amend their exhibit list to include "newly discovered" emails that have been in Texas's possession, in some cases for nearly a year. They seek to add this new evidence, and a new witness, only eleven days before trial and after Defendants were required to submit their own exhibit and witness lists. Plaintiffs have failed to show good cause for not meeting the deadlines contained in this Court's scheduling order, which largely adopted the deadlines that the parties jointly proposed. This Court should deny Plaintiffs' motion to amend.

## ARGUMENT

The Federal Rules of Civil Procedure explicitly state that a scheduling order "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). "Four factors are relevant to good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (internal quotations omitted). A court is to balance these

1

factors in assessing whether a party meets its burden in demonstrating good cause. *See id*. (upholding district court finding that a party did not demonstrate good cause even though two of the factors favored that party or were otherwise neutral).

Plaintiffs have failed to demonstrate good cause. The first two factors strongly weigh against Plaintiffs while the other two factors are, at best, neutral. First, Plaintiffs do not offer a satisfactory explanation for their untimely submission. The emails they seek to submit are from the Texas Department of Criminal Justice (TDCJ). Although the example of the email that Plaintiffs submitted to this Court is from last month, the emails they want to submit include those dating back to February of 2021. Notably, the witness they identified on January 11, the Chief of Staff of TDCJ, Jason Clark, also submitted several declarations in support of Plaintiffs' various motions for preliminary injunction in this litigation. *See* ECF Nos. 19-3; 41-1; 115-3. In other words, these emails have been in TDCJ's possession for almost a year, and Plaintiffs have relied on testimony from the TDCJ for much of that time.

Plaintiffs assert that counsel just learned of these emails but they notably do not say whether Mr. Clark was previously aware of these emails. Nor do they say whether anyone who may have assisted Mr. Clark in compiling the information he relied on in his declaration were aware of the emails. Indeed, Mr. Clark states in the declaration he submitted to the Court in *October* that ICE officials communicate with TDCJ officials "about detainer requests"—including the reason for rescinding detainers—as "part of normal operations." Decl. of Jason Clark (ECF No. 115-3) ¶ 17. Even assuming that Plaintiffs had not made a previous inquiry into the existence of these emails (and Plaintiffs do not say if they did), such a failure to do so would be wholly unjustified. *Cf. United States v. Noel*, 905 F.3d 258, 271 (3d Cir. 2018) ("Evidence is not newly discovered if it was actually known or could have been known by the diligence of the defendant

2

or his counsel.") (internal quotations and alterations omitted). In short, there is no good reason why these emails did not come to light months earlier and certainly before Plaintiffs submitted their exhibit and witness lists.

Next, these emails and the proposed witness testimony are not important to this matter. Defendants have previously stipulated that the challenged policy "generally applies to detainers, including the rescission of detainers." *See* Joint Advisory on Trial Proceedings (ECF No. 136) ¶ 6. It is therefore pointless for Plaintiffs to submit emails to demonstrate that very point—a point that their witness Mr. Clark already seeks to testify to. The disagreement between the parties is instead a legal dispute. Although Plaintiffs claim that the rescission of detainers goes to harm and redressability, Plaintiffs are telling a misleading story.[1] As an initial matter, this Court should find the emails that pre-date November 29, 2021, are irrelevant to who is "actually" being "release[]d" under the *current* policy. *See* Pls.' Mot. for Leave to Amend Witness and Exhibit Lists (ECF No. 163) at 2-3. Regardless, a rescission of a particular detainer does not provide this Court any insight on how Defendants are otherwise utilizing their limited resources in ways that serve the American public, by protecting national security, border security, and public safety. Likewise, Plaintiffs' claim that these emails inform the legal issues of whether the challenged policy affects rights or obligations again misses the mark. Besides Plaintiffs improperly relying on extra-record evidence to make a point about the merits, the downstream consequences of an agency's policy does not create "rights and obligations" sufficient to permit review under the APA, because those

---

[1] In fact, the following assertion in Plaintiffs' motion is false: "In each case, the ICE personnel respond that the reason [a detainer is lifted] is the guidance that the States have been challenging in this litigation." *See* ECF No. 164 at 1. Even in the example they attached to their motion, one of the three detainers mentioned therein was lifted because the individual was a United States citizen. *See* ECF No. 166.

3

"consequences are practical, as opposed to legal, ones." *Louisiana v. U.S. Army Corps of Eng'rs*, 834 F.3d 574, 583 (5th Cir. 2016).

In any event, even if this Court were to allow the emails to be submitted, it should exclude the testimony of Mr. Clark's colleague, Robert Moore, who they seek to authenticate these emails. *See* ECF No. 162-2 (proposed amended witness list) at 2 (stating Mr. Moore "will testify *as to* [these] communications") (emphasis added).[2] That is unnecessary. The parties have already agreed not to make objections to authenticity to previously submitted evidence and Defendants are not making such an objection here. *See* Joint Advisory on Trial Proceedings (ECF No. 136) ¶ 6. Having Mr. Moore's testimony would merely be cumulative to any stipulation as to authenticity, and a waste of the Court's and parties' time.

The third and fourth prongs of the "good cause" standard are at best neutral. The parties have had a truncated period to prepare for trial in this action. No matter how irrelevant the proposed new evidence and testimony is, Defendants should not be prejudiced by assessing new evidence at this late date and having the burden of preparing for an additional witness 11 days before trial. Nevertheless, given that the material is ultimately irrelevant to this action, Defendants are not asking this Court to extend any deadline.

It is Plaintiffs' burden to demonstrate "good cause" for missing the previously set deadline. It is particularly appropriate to find a party has failed to satisfy that standard when that party, has, *inter alia*, given an unpersuasive explanation for the late filing. *Smith v. Transocean Offshore USA, Inc.,* No. CV 19-14738-WBV-KWR, 2021 WL 1534503, at *8 (E.D. La. Apr. 19, 2021), *reconsideration denied,* No. CV 19-14738-WBV-KWR, 2021 WL 2338221 (E.D. La. June

---

[2] To the extent Plaintiffs are seeking to rely on Mr. Moore for anything beyond authentication, their description is much too vague to assess. But, regardless, certainly Mr. Moore was aware of such potential information well before Plaintiffs' exhibit and witness lists were due.

4

8, 2021) (citing *Matter of Honey Island Adventure, L.L.C.*, No. CV 16-10728, 2017 WL 6559871, at *3 (E.D. La. Dec. 22, 2017)). Here, Plaintiffs have given no good explanation for failing to timely disclose material that has been in their possession for nearly a year.

## CONCLUSION

For the foregoing reasons, and the Court should deny Plaintiffs' motion for leave to amend their expert and witness lists.

Dated: January 24, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Adam D. Kirschner
ADAM D. KIRSCHNER
Attorney-in-charge
IL Bar. No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
MICHAEL F. KNAPP
CA Bar No. 314104
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265
Fax: (202) 616-8460
Email: Adam.Kirschner@usdoj.gov
　　　　 Brian.C.Rosen-Shaud@usdoj.gov
　　　　 Michael.F.Knapp@usdoj.gov
　　　　 Kuntal.Cholera@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

<div style="margin-left: 2in;">

<u>Courier Address</u>
1100 L Street NW, Room 11020
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

</div>

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 1297 as counted by Microsoft Word.

>
> */s/ Adam D. Kirschner*
> ADAM D. KIRSCHNER

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 24, 2022.

>
> */s/ Adam D. Kirschner*
> ADAM D. KIRSCHNER