UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Civ. Action No. 6:21-cv-16 |

**PLAINTIFFS' REPLY SUPPORTING THEIR MOTION FOR LEAVE
TO AMEND WITNESS AND EXHIBIT LISTS**

The Defendants identify no prejudice that they will suffer should the Court permit the States to amend their witness and exhibit lists. Prejudice is the most important factor to the Court's consideration—the "touchstone of the inquiry" on whether to allow leave to amend—and the lack of identifiable prejudice by the Defendants is reason enough for the Court to permit the amendment. *See Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (addressing Rule 15(a) standard). *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("it is consideration of prejudice to the opposing party that carries the greatest weight") (citing *Lone Star Ladies*).

Defendants point out, as did the States, that the States have already designated a witness to testify on these matters. What Defendants don't explain is why the Court's consideration of these emails, emails sent by their employees, would unduly prejudice their case. They point to no effort expended, or strategies adopted, or tactics foregone based on the non-designation of these emails or their sponsoring witness. *Cf. Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007)

(differentiating party that "trivially relied" on lack of testimony from parties that would have seen "significantly increased litigation expenses since they had already prepared their motion for summary judgment in reliance on" lack of testimony). If there is prejudice to Defendants from admitting this evidence, they do not identify it.

Nor do their other objections bear much weight. If the emails or testimony are as unimportant and irrelevant as Defendants believe, ECF 168 at 3, then preparing to address them at trial will be trivial.[1] If the evidence does not actually establish harm, *id.* at 3–4, then the Court's considering them will not affect its final judgment. And if Mr. Moore were being offered solely to discuss the authenticity of the emails rather than to explain the context in which they were sent and received and describe the meaning he derived from them, *see id.* at 4, then his testimony might, in fact, be merely cumulative. But if the emails and testimony are important and go to the merits of the case (they do)—and if considering them will not actually prejudice Defendants—then this Court should grant leave to amend and permit the States to present both the emails and the testimony related to them.

It is true that Defendants have stipulated that the challenged policy at issue here "*generally* applies to detainers, including the rescission of detainers." ECF 136 ¶ 6 (emphasis added). However, these emails show that the challenged policy applies concretely to *specific* rescissions that show harm to Texas, and Mr. Moore's testimony will not merely *authenticate* the emails but will provide *context* regarding his communications with Defendants on the reasons for the particular rescissions. Defendants also object (ECF 168 at 4) to emails regarding rescissions under the prior

---

[1] Defendants footnote as "false" the States' assertion that, "In each case, the ICE personnel respond that the reason [a detainer is lifted] is the guidance that the States have been challenging in this litigation." ECF 168 at 3, fn. 1 (quoting ECF 164 at 1) (substitution by Defendants). The States thought it clear from the context that "case" referred to Moore's email, not a (potential) deportation proceeding against a particular criminal alien—particularly given that, as Defendants recognized, the samples attached as Exhibit C contradicted a literalist interpretation. They apologize to the Defendants for the confusion.

guidance (before the current guidance became effective November 29), but Mr. Moore will testify that the practices for rescinding detainers under the current guidance are indistinguishable from under the previous guidance and, consistent with Mr. Clark's trial declaration, Plaintiffs' Trial Exhibit C at ¶ 9, the rescission of detainers for reasons of enforcement priorities is without precedent before this Administration.

## CONCLUSION

The States of Texas and Louisiana respectfully request that the Court grant them leave to amend their witness list to include the 22 specified emails and their witness list to include Robert Moore.

Dated: January 25, 2022

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JUDD E. STONE II
Solicitor General

PATRICK K. SWEETEN
Deputy Attorney General for Special Litigation
*Attorney-in-Charge*
Texas Bar No. 00798537
Southern District of Texas Bar No. 1829509

WILLIAM T. THOMPSON
Deputy Chief, Special Litigation Unit
Texas Bar No. 24088531
Southern District of Texas Bar No. 3053077

*/s/ Ryan D. Walters*
RYAN D. WALTERS
Special Counsel
Texas Bar No. 24105085
Southern District of Texas Bar No. 3369185
ryan.walters@oag.texas.gov

ERIC A. HUDSON
Senior Special Counsel
Texas Bar No. 24059977
Southern District of Texas Bar No. 1000759

Leif A. Olson
Special Counsel
Texas Bar No. 24032801
Southern District of Texas Bar No. 33695

Office of the Attorney General
Special Litigation Unit
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 936-1414
Fax: (512) 936-0545

**Counsel for Plaintiff State of Texas**

Jeff Landry
Louisiana Attorney General

Elizabeth B. Murrill
Solicitor General
Joseph S. St. John
Deputy Solicitor General

*/s/Benjamin Wallace*
Benjamin Wallace
Assistant Solicitor General

Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
wallaceb@ag.louisiana.gov

**Counsel for Plaintiff State of Louisiana**

4

**CERTIFICATE OF SERVICE**

I certify that on January 25, 2022, this document was filed through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ Ryan D. Walters*
RYAN D. WALTERS
