UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 6:21-cv-00016<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants submit this response to the States' notice of supplemental authority. ECF No. 167. As an initial matter, the government vigorously disputes the Fifth Circuit's unprecedented construction of 8 U.S.C. § 1225 and characterization of the Secretary's October 29 action terminating the Migrant Protection Protocols ("MPP"), and has filed a petition for writ of certiorari with the Supreme Court requesting expedited consideration of the case this Term. *See* Petition for Writ of Certiorari, *Biden v. Texas*, No. 21-954.[1]

In any event, the Fifth Circuit's reasoning supports Defendants' threshold argument that the Court lacks jurisdiction over the States' claims because the September Guidance is not "final agency action." As the States acknowledge, their challenge may proceed only if the September Guidance is "final agency action" under the APA. *See* Pls.' Reply at 19, ECF No. 128. In the MPP decision, the Fifth Circuit noted that "[m]ost agency memos are not final agency action under 5

---

[1] The government requested that the Court grant certiorari and hear the case this Term. Petition for Writ of Certiorari at 32, *Biden v. Texas*, No. 21-954. The Supreme Court recently rejected the request of Texas and Missouri for an additional month to file a response to the government's petition. The Supreme Court may, therefore, consider the government's petition as early as at their February 18, 2022 conference. *Id.* at 35.

1

U.S.C. § 704" and that "for example, a nonbinding priority memo" would be unreviewable on that basis. *Texas v. Biden*, 20 F.4th 928, 986 (5th Cir. 2021) ("*MPP* Op."). As explained in Defendants' opposition to the States' motion for a preliminary injunction, the September Guidance is not a binding priority memorandum; it does not prevent any individual DHS officer from pursuing (or not pursuing) an enforcement action against any particular noncitizen. Defs.' Opp. at 22-25, ECF No. 122. Instead, the September Guidance authorizes the exercise of discretion on a case-by-case basis based on the totality of the circumstances. *See* September Guidance at 3 (rejecting "bright lines or categories" and instead "requir[ing] an assessment of the individual and totality of the facts and circumstances" to determine whether a noncitizen is a threat to public safety); *id.* at 4 (DHS "personnel should evaluate the totality of the facts and circumstances and exercise their judgment accordingly" when determining if a noncitizen poses a threat to border security). The September Guidance is the quintessential nonbinding priority memorandum that the Fifth Circuit opined would not be final agency action under the APA. *MPP* Op., 20 F.4th at 986. This Court therefore lacks jurisdiction to hear Plaintiffs' APA challenge.

As to the threshold issue of reviewability, setting aside the merits of the MPP decision, that decision does not apply here. The Fifth Circuit characterized the termination of MPP as a *nonenforcement* policy. *See MPP* Op., 20 F.4th at 978-982 (discussing the suspending and dispensing powers). Although the government disagrees with its analysis, the Fifth Circuit concluded that the rescission of MPP "flout[ed] a statutory command as to an entire class of people" by declining to make programmatic use of DHS's statutory return authority under § 1225(b)(2)(C). *Id.* at 984. Here, by contrast, the September Guidance does not require any officer to forgo an enforcement action against any particular noncitizen, much less "an entire class of people." *Id.* Instead, the September Guidance recognizes that DHS does "not have the resources

2

to apprehend and seek the removal of every" "undocumented or otherwise removable noncitizen[] in the United States," September Guidance at 2, and therefore provides guidance for use of the agency's limited resources by setting priorities concerning *which* noncitizens officers should focus on first. And, unlike the Interim Guidance, *see MPP* Op., 20 F.4th at 984, the September Guidance does not rest on class-wide presumed priority categories for enforcement. Rather, it affords discretion for line officers to make enforcement determinations about noncitizens they encounter who are threats to the public. *See* September Guidance at 2-4.

Prioritizing the removal of certain noncitizens falls well within the ambit of the agency's enforcement discretion. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *Wayte v. United States*, 470 U.S. 598, 607 (1985); *see Arizona v. United States*, 567 U.S. 387, 396 (2012) ("A principal feature" of the Nation's immigration laws "is the broad discretion exercised by immigration officials."); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999) ("*AADC*") ("At each stage [of the removal process] the Executive has discretion to abandon the endeavor."); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 761 (2005) (the "deep-rooted nature of law-enforcement discretion" persists "even in the presence of seemingly mandatory commands."). And it is fundamentally different from establishing a purported rule that line officers may not enforce the immigration laws against a particular class of noncitizens. *See Heckler*, 470 U.S. at 832 (applying presumption against reviewability when agency engages in the "ordering of its priorities").

The States' other suggestions about the applicability of the MPP decision here are wholly misplaced. Though both cases involve the INA, the MPP decision's zone-of-interest analysis implicated § 1225, whereas the States' claims about the September Guidance are based on only §§ 1226 and 1231. Thus, the Fifth Circuit's zone-of-interest analysis is inapplicable. *See* Defs.' Opp. at 29 ("An APA plaintiff must show that it is 'aggrieved . . . within the meaning of a relevant

statute.'") (quoting 5 U.S.C. § 702); *see also Bennett v. Spear*, 520 U.S. 154, 175-76 (1997) (the zone-of-interests test is assessed "not by reference to the overall purpose of the Act in question," but "by reference to the particular provision of law upon which the plaintiff relies"). Likewise, the Court's arbitrary-and-capricious analysis was based on the administrative record of that decision. Here, the September Guidance must be assessed on its own record, which demonstrates that the Secretary issued a rational policy based on a fully supported administrative record. Defs.' Opp. at 36-40. Finally, the MPP decision certainly does not stand for a broad proposition that States necessarily have standing to challenge immigration policies. Rather, standing must be assessed on the facts relevant to a plaintiff's purported injury. On the specific record *in this case*, the States lack standing. Defs.' Opp. at 14-18.

Dated: February 1, 2022     Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

 */s/ Adam D. Kirschner*
ADAM D. KIRSCHNER
Attorney-in-charge
IL Bar. No. 6286601
Senior Trial Counsel
BRIAN C. ROSEN-SHAUD
ME Bar No. 006018
MICHAEL F. KNAPP
CA Bar No. 314104
KUNTAL CHOLERA
DC Bar No. 1031523
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 353-9265
Fax: (202) 616-8460
Email: Adam.Kirschner@usdoj.gov

        Brian.C.Rosen-Shaud@usdoj.gov
        Michael.F.Knapp@usdoj.gov
        Kuntal.Cholera@usdoj.gov

<u>Mailing Address:</u>
Post Office Box 883
Washington, D.C. 20044

<u>Courier Address</u>
1100 L Street NW, Room 11020
Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

5

**CERTIFICATE OF COMPLIANCE**

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 1,024 as counted by Microsoft Word.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on February 1, 2022.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER