IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA,<br><br>*Plaintiffs*,<br><br>v.<br><br>The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*, | Civ. Action No. 6:21-cv-00016 |

**PLAINTIFFS' ADVISORY REGARDING REDACTION OF EMAILS
BETWEEN TDCJ AND ICE**

Plaintiffs have redacted the phone numbers and email addresses of the ICE officers in the

emails between the Texas Department of Criminal Justice ("TDCJ") and U.S. Immigration and

Customs Enforcement ("ICE") confirming that detainers for particular inmates in TDCJ custody were rescinded due to the agency actions that are challenged in this case. *See* Plaintiffs' Trial Exhibits FF-1 through FF-22.

Defendants, however, insist that is not enough, demanding that the names of the ICE officers be redacted save for their first and last initials. They are wrong—Plaintiffs' redactions are sufficient, and the Court need not order more.

## ARGUMENT

**I.     The emails are not privileged.**

The Fifth Circuit has recognized a "federal law enforcement privilege," but that applies only to "protecting investigative files in an ongoing criminal investigation." *In re U.S. DHS*, 459 F.3d 565, 569 (5th Cir. 2006). There are no such investigations relating to the subjects of the emails here. Nor can "Defendants [make a] showing, much less a substantial showing, that specific harms are likely to result from disclosure" of the ICE officers' names, as would be required for this privilege to apply. *Whitfield v. Riley*, No. 09-1877, 2009 WL 10679761, *7–8 (E.D. La. Oct. 6, 2009) (disclosing names of police officers but ordering redaction of addresses and telephone numbers, among other things*); Carnaby v. City of Houston*, No. 4:08-cv-1366, 2008 WL 4546606, *3 (S.D. Tex. Oct. 10, 2008) (rejecting attempt to seal police officers' internal affairs' investigative files but requiring redaction of addresses, telephone numbers, and other information).

**II.    Redaction is unnecessary and would inhibit Plaintiffs' presentation of their case.**

Plaintiffs' witness, Robert Moore, is testifying to lay the foundation for the emails. Redactions would force Plaintiffs' witness, Robert Moore, to testify without referring to the names of the ICE officers with whom he regularly communicates regarding detainers. This would hamper

2

his ability to match emails to personnel with whom he dealt and to particular inmates whose detainers were lifted. There is no reason to impair his testimony this way, particularly as these ICE personnel are not entitled to anonymity and Plaintiffs have, by redacting their contact information, done all that is necessary to prevent their harassment.

**III.     FOIA does not apply and would not require the redactions even if it did.**

In communications with Plaintiffs, Defendants have cited cases under the Freedom of Information Act ("FOIA"). FOIA is inapposite for multiple reasons. *First*, FOIA relates to public access to information held by federal agencies, but the emails at issue here are in the possession of TDCJ—disclosure outside the federal agency has already occurred. *Second*, even if this were a FOIA case, the law-enforcement exception from disclosure would not apply. That exemption covers "[i]nformation compiled for law enforcement purposes that:"

> (A) Could reasonably be expected to interfere with enforcement proceedings;
>
> (B) Would deprive a person of a right to a fair trial or an impartial adjudication;
>
> (C) Could reasonably be expected to constitute an unwarranted invasion of personal privacy;
>
> (D) Could reasonably be expected to disclose the identity of a confidential source;
>
> (E) Would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law;
>
> (F) Could reasonably be expected to endanger the life or physical safety of any individual.

5 U.S.C. § 552(b)(7)(A). The emails here are none of these. *Third*, "to qualify as law-enforcement records, the documents must arise out of investigations which focus directly on specifically alleged illegal acts which could, if proved, result in civil or criminal sanctions." *Bartko* v. U.S. DOJ, 898 F.3d 51, 64 (D.C. Cir. 2018) (cleaned up). These emails do not; they are mere administrative communications between a federal agency and a State agency.

Nor is there any cause for redaction of the names here. "The reason for generally protecting names in law enforcement records is the risk of harassment, embarrassment, and reputational damage." *Kleinert v. BLM.*, 132 F. Supp. 3d 79, 93 (D.D.C. 2015). While "it is easy to see why those dangers often exist for investigators, suspects, witnesses, and informants, especially (though not exclusively) in the context of criminal investigations," *id*. (cleaned up), the ICE personnel named in these emails "fit none of those categories." *Id*. Rather, they are Supervisory Detention and Deportation Officers, who "provide assistance to the Field Office Director (FOD) and the Deputy Field Office Director (DFOD) in managing the day-to-day operations and procedures of the enforcement and removal activity throughout the Field Office area of responsibility."[1] Defendants have not pointed to any specific threats to these officers. *See Stonehill v. IRS,* 534 F.Supp.2d 1, 12 (D.D.C. 2008) ("In short, the government offers no explanation as to *why* disclosure of this particular agent's name would cause embarrassment, undue harassment, etc."), *aff'd*, 558 F.3d 534 (D.C. Cir. 2009).

The analysis under FOIA takes into account "the rank of the public official involved. Although public officials "do not surrender all rights to personal privacy when they accept a public

---

[1] *See Job Listing, Supervisory Detention And Deportation Officer (afod) job,* https://lensa.com/supervisory-detention-and-deportation-officer-afod-jobs/houston/jd/2beea06b5d3e18525e2244d534c64022.

appointment," they "may have a somewhat diminished privacy interest." *Citizens for Responsibility & Ethics in Wash. v. U.S. DOJ*, 746 F.3d 1082, 1092 (D.C. Cir. 2014) (cleaned up). The reason for generally protecting names in law enforcement records is the risk of harassment, embarrassment, and reputational damage, but "those risks are not applicable in the context of *every* government employee." *100Reporters LLC v. U.S. DOJ*, 248 F. Supp. 3d 115, 164–65 (D.D.C. 2017) (cleaned up) (emphasis in original). And here, the fact of the email writers' employment by and positions within ICE are not a secret. Indeed, their counterpart at TDCJ, Robert Moore, is similarly a public official whose identity as a public employee does not itself require anonymity in a public court proceeding. The contents of the emails themselves are anodyne, with nothing of any controversy that would inspire harassment. *Cf. Lesar v. U.S. DOJ.*, 636 F.2d 472, 486–88 (D.C. Cir. 1980).

## CONCLUSION

Plaintiffs respectfully request that the Court allow Plaintiffs' Trial Exhibits FF-1 through FF-22 as Plaintiffs have redacted, permitting disclosure of the supervisory ICE officers' names.

| | |
|---|---|
| Date: February 15, 2022 | Respectfully submitted, |
| KEN PAXTON<br>Attorney General of Texas | PATRICK K. SWEETEN<br>Deputy Attorney General for Special Litigation<br>Texas Bar No. 00798537<br>Southern District of Texas Bar No. 1829509<br>patrick.sweeten@oag.texas.gov |
| BRENT WEBSTER<br>First Assistant Attorney General | |
| JUDD E. STONE II<br>Solicitor General | WILLIAM T. THOMPSON<br>Deputy Chief, Special Litigation Unit<br>Texas Bar No. 24088531<br>Southern District of Texas Bar No. 3053077<br>will.thompson@oag.texas.gov |
| | */s/ Ryan D. Walters*<br>RYAN D. WALTERS<br>Special Counsel<br>Texas Bar No. 24105085<br>Southern District of Texas Bar No. 3369185<br>ryan.walters@oag.texas.gov |
| | ERIC A. HUDSON<br>Senior Special Counsel<br>Texas Bar No. 24059977<br>Southern District of Texas Bar No. 1000759 |
| | LEIF A. OLSON<br>Special Counsel<br>Texas Bar No. 24032801<br>Southern District of Texas Bar No. 33695 |
| | OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2100<br>Fax: (512) 457-4410 |
| | **COUNSEL FOR PLAINTIFF STATE OF TEXAS** |

**JEFF LANDRY**
**LOUISIANA ATTORNEY GENERAL**

*/s/Elizabeth B. Murrill*
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General

Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

## CERTIFICATE OF SERVICE

I certify that on February 15, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ Ryan D. Walters*
RYAN D. WALTERS