### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, STATE OF LOUISIANA | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | No. 6:21-cv-00016 |
| UNITED STATES OF AMERICA, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL AND CONTINUED ADMINISTRATIVE STAY

Defendants hereby move for a stay pending appeal of the Court's June 10, 2022, Final Judgment, ECF No. 241, which vacated in full the September 30, 2021, Department of Homeland Security ("DHS") Memorandum (the "September Guidance"). In addition, Defendants request a continuation of the administrative stay, thus preserving the status quo, while this Court considers this stay motion and seven days thereafter.[1] This Court should especially extend the administrative stay to allow for consideration of today's Supreme Court decision in *Aleman Gonzalez*, No. 20-322, and the forthcoming *MPP* decision in *Biden* v. *Texas*, No. 21-954. Plaintiffs oppose the requested relief.

The Fifth Circuit requires motions for emergency relief be filed no later than 2:00 pm on a given day for that motion to be considered filed that day. 5th Cir. R. 27.3. Given the upcoming expiration of the current administrative stay, Defendants therefore advise the Court that they intend to seek emergency relief from the Fifth Circuit by 2:00 pm, June 14, 2022, if the Court does not grant either a stay pending appeal by that time or extend the administrative stay in the meantime.

---

[1] The Court's opinion, ECF No. 240, does not expressly address Defendants' earlier request to stay any relief pending appeal. *See* Defs.' Post-Tr. Mem. at 30-36 (ECF No. 223). *Cf.* Fed. R. App. Pr. 8.

A stay of this Court's judgment is warranted, for multiple reasons. Most courts, including all Courts of Appeal, that have addressed the merits of related challenges reached different legal conclusions than this Court. *Arizona v. Biden*, 31 F.4th 469 (6th Cir. 2022); *Texas v. United States*, 14 F.4th 332, 338-39, *vacated*, 24 F.4th 407 (5th Cir. 2021); *Florida v. United States*, No. 8:21-CV-541-CEH, 2021 WL 1985058 (M.D. Fla. May 18, 2021); *Arizona v. U.S. Dep't of Homeland Sec.*, No. CV-21-00186-PHX-SRB, 2021 WL 2787930 (D. Ariz. June 30, 2021); *Arizona v. United States*, Case No. 21-16118 (9th Cir. Sept. 3, 2021); *but see Arizona v. Biden*, No. 3:21-CV-314, 2022 WL 839672 (S.D. Ohio Mar. 22, 2022) (injunction stayed by Sixth Circuit).

Moreover, this Court's impending vacatur of the September Guidance will interfere with the orderly review of this policy across the judiciary, resolving—on a nationwide basis—the important legal issues involved even though other Courts are opining on those same issues. This Court issued its opinion the same day that the Sixth Court heard oral argument on the merits of an appeal of a nationwide preliminary injunction of the policy by another lower court—which the Sixth Circuit stayed—and the Sixth Circuit has publicly suggested it would "strive to" issue a decision by early July. *Arizona*, 31 F.4th at 483. Absent a stay, the September Guidance will be vacated even if the Sixth Circuit finds that the guidance constitutes a proper exercise of DHS's discretion. As a matter of judicial restraint, this Court should stay its final judgment and allow both the Sixth Circuit and the Fifth Circuit to give due consideration to the legal issues involved before DHS personnel must cease operating under guidance that was issued more than eight months ago and took effect more than six months ago.

At minimum, an extension of the administrative stay is warranted to ensure that the Fifth Circuit can rule on any stay motion filed by Defendants before DHS must comply with the Court's vacatur order. Otherwise, DHS may be placed in a position where, if the Fifth Circuit grants an administrative stay *after* the Court's administrative stay expires, DHS suffers a whipsaw effect where it momentarily complies with the Court's vacatur order, only to revert to the September Guidance shortly thereafter. Considering the current Friday expiration of the administrative stay, Defendants request that the Court extend the administrative stay while it considers this stay motion,

including the evidence in the declaration of Daniel Bible, and for an additional seven days after ruling on this motion if the Court denies the stay motion. *See Arizona v. Biden*, No. 22-3272, Dkt. 22-2 (6th Cir. Apr. 8, 2022) (granting administrative stay while it considered appeal of preliminary injunction of September Guidance) (purpose of administrative stay is to "preserve the status quo and provide [the court] with the opportunity to give 'reasoned consideration'" to stay motion) (collecting cases).

This Court should also extend the administrative stay pending consideration of today's Supreme Court's decision in *Garland v. Aleman Gonzalez*, No. 20-322, and the forthcoming *MPP* decision in *Biden* v. *Texas*, No. 21-954, which is expected within weeks. In *Aleman Gonzalez*, the Supreme Court held that 8 U.S.C. § 1252(f)(1), which restricts the "authority to enjoin or restrain the operation of" §§ 1221–1232, "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Garland v. Aleman Gonzalez*, No. 20-322, 596 U.S. --, slip op. at 5 (2022). In so doing, the Court squarely held that § 1252(f)(1) applies where, as here, plaintiffs allege that "the Government [i]s misinterpreting and misapplying a covered statutory provision." *Id.* at 9.

*Aleman Gonzalez* involved an injunction rather than vacatur under the APA, but the Court's reasoning about § 1252(f)(1) applies equally to vacatur. Because vacatur prohibits an agency from giving effect to the vacated rule, a court "enjoin[s] or restrain[s] the operation of" the covered statutory provisions when it vacates a rule implementing those provisions. 8 U.S.C. § 1252(f)(1); *see Aleman Gonzalez*, slip op. at 4. And any argument that § 1252(f)(1) is limited to injunctions alone is inconsistent with Congress's use of the disjunctive "enjoin *or* restrain." *See id.* (discussing the meaning of "restrain").

The INA and the APA both make clear that the APA's remedial authorities give way to the specific remedial limitations in § 1252(f)(1). The INA makes those limitations applicable "[r]egardless of the nature of the action or claim or of the identity of the [plaintiff]," and it expressly withdraws "jurisdiction" to enter the prohibited remedies. 8 U.S.C. § 1252(f)(1). The APA is not

3

"an independent grant of subject-matter jurisdiction." *Califano v. Sanders*, 430 U.S. 99, 105 (1977). And the APA itself reinforces remedial limitations like those in § 1252(f)(1) by expressly providing that "[n]othing" in the APA right of review "affects other limitations on judicial review" or the "duty of the court to . . . deny relief on any other appropriate legal or equitable ground." 5 U.S.C. § 702(1).

The § 1252(f)(1) provision—including the application of § 1252(f)(1) to APA vacatur—was also briefed in the *MPP* case in response to the Supreme Court's request for supplemental briefing on those issues. *See Biden v. Texas*, No. 21-954, 2022 WL 1299971 (May 2, 2022); *see also Biden v. Texas*, No. 21-954, Gov't Supp. Br. at 18-19 (May 9, 2022); *Biden v. Texas*, No. 21-954, Gov't Supp. Reply Br. at 6-7 (May 13, 2022). Moreover, this Court relied extensively on the Fifth Circuit's *MPP* decision, and the Supreme Court briefing in that case discussed issues that are relevant to the Court's reasoning here, including the applicability of *Castle Rock* to provisions of the INA and the permissibility of nationwide vacatur. It would therefore be appropriate for this Court to grant an interim stay to allow consideration of today's Supreme Court decision in *Aleman Gonzalez* and the Supreme Court's imminent decision in *MPP* before DHS is required to cease following the guidance that went in effect in November (and allowed by the Sixth Circuit to remain in effect).

**ARGUMENT**

Courts typically consider four factors in evaluating a request for a stay pending appeal: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant will be irreparably harmed if the stay is not granted; (3) whether issuance of a stay will substantially harm the other parties; and (4) whether the granting of the stay serves the public interest. *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). When the Government is a party, its interests and the public interest overlap in the balancing of harms. *See Nken v. Holder*, 556 U.S. 418, 420 (2009).

First, the Government respectfully submits that it is likely to prevail on the merits of its appeal, because, *inter alia*, the Court's judgment undermines the Executive Branch's constitutional

and statutory authority to enforce the immigration laws and express Congressional delegation of authority to the Secretary to prioritize such enforcement nationwide. *See generally* Defs.' Mem. of P.&A. in Opp'n to Pls.' Mot. to Postpone the Effective Date of Agency Action or, in the Alternative, for Prelim. Inj. (ECF No. 122); Defs.' Post-Trial Findings of Fact and Conclusions of Law (ECF No. 222); Defs.' Post-Trial Mem. (ECF No. 223); Defs.' Resp. to Pls.' Post-Trial Br. (ECF No. 230); *see also Arizona*, 31 F.4th at 469 (staying injunction of September Guidance because the federal government was likely to prevail on the merits of its appeal on several alternative grounds).

Next, the balance of harms and irreparable injury that the Government faces from the Court's judgment strongly weigh in favor of a stay. Notwithstanding that the Court found that Plaintiffs have standing, any injury to Texas would pale in comparison to the significant harms to Defendants. The Court's decision will require DHS to abruptly inform its personnel that they are to cease relying upon guidance took effect more than six months ago, likely causing confusion over how to allocate DHS's limited enforcement resources and interfering with DHS's ability to execute the nation's immigration laws. *See generally* Bible Decl. (discussing harms to DHS, including its inability to prioritize finite resources in a manner that promotes public safety, national security, and border security).

In contrast, Texas identified only three detainers lifted on noncitizens in Texas Department of Criminal Justice (TDCJ) custody during the last six-week period for which data was available before trial, Pls.' Trial Ex. C, and one of those three detainers was reinstated, Defs.' Trial Ex. 5. *See also* Pls. Trial. Ex. C (identifying only 15 cancelled detainers from November 29, 2021, when the policy went into effect, to February 15, 2022). In the meantime, Plaintiffs' own witness acknowledged that the number of detainers ICE picked up from TDCJ from November 29, 2021, through February 15, 2022, potentially exceeded two hundred, 2/23 PM Trial Tr. at 51:13-52:3, Testimony of Robert Moore; *id*. at 52:17-53:4 (calling three dropped detainers in a month and a half a "small number:"). Louisiana did not even attempt to identify a single dropped detainer post-

dating the September Guidance notwithstanding ample opportunity to do so. Given these contrasting harms, a stay is more than warranted.

Finally, the public interest weighs in favor of the orderly execution of the nation's immigration laws. *See Arizona*, 31 F.4th at 482 ("the public interest favors a stay"). This administration has done nothing more than establish a prioritization scheme, as had the administrations that came before it. As this Court itself recognized there are practical limitations in effectuating a policy that accepts this Court's legal reasoning. *See* Slip Op. at 68. And yet, although this Court declined to issue an affirmative injunction, the Court underscored that any policy that DHS adopts in the future must subscribe to *this* Court's legal reasoning, notwithstanding the majority view of other reviewing courts and nature of ongoing judicial review. *See id*. at 89 ("Each of this Court's opinions placed the Government on notice about the problems with its decisionmaking."); *but see Texas*, 14 F.4th at 338-39, *vacated*, 24 F.4th 407 (stay of this Court's previous injunction of the interim enforcement guidance still in effect when the September Guidance was adopted); *Significant Considerations in Developing Updated Guidelines for the Enforcement of Civil Immigration Law*, AR_DHSP_00000001 (engaging with the Court's previous analysis in the course of the Considerations Memo); *see also Arizona v. Biden* 31 F.4th at 469 (staying preliminary injunction of September Guidance); *Florida*, 2021 WL 1985058 (denying preliminary injunction of interim enforcement guidance); *Arizona*, 2021 WL 2787930 (D. Ariz. June 30, 2021) (same).

This Court should stay the effect of its judgment outside of Texas and Louisiana at the very least. Respect for sister courts currently reviewing the September Guidance and equitable principles counsel in favor of such a stay. *Cf. U.S. Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600-01 (2020) (Gorsuch, J. concurring) ("If a single successful challenge is enough to stay the challenged rule across the country, the government's hope of implementing any new policy could face the long odds of a straight sweep, parlaying a 94-to-0 win in the district courts into a 12-to-0 victory in the courts of appeal.").

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant a stay pending appeal or, alternatively, extend the administrative stay for at least seven days after its decision on this motion.


Dated: June 13, 2022                        Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            BRIGHAM J. BOWEN
                                            Assistant Branch Director

                                            */s/ Adam D. Kirschner*
                                            ADAM D. KIRSCHNER
                                            Attorney-in-charge
                                            IL Bar. No. 6286601
                                            Senior Trial Counsel
                                            BRIAN C. ROSEN-SHAUD
                                            ME Bar No. 006018
                                            MICHAEL F. KNAPP
                                            CA Bar No. 314104
                                            KUNTAL CHOLERA
                                            DC Bar No. 1031523
                                            Trial Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            Tel: (202) 353-9265
                                            Fax: (202) 616-8460
                                            Email: Adam.Kirschner@usdoj.gov
                                                    Brian.C.Rosen-Shaud@usdoj.gov
                                                    Michael.F.Knapp@usdoj.gov
                                                    Kuntal.Cholera@usdoj.gov

                                            Mailing Address:
                                            Post Office Box 883
                                            Washington, D.C. 20044

                                            Courier Address
                                            1100 L Street NW, Room 11020
                                            Washington, D.C. 20005

EREZ REUVENI
CA Bar No. 264124
Assistant Director
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
202-307-4293 (telephone)
Email: Erez.R.Reuveni@usdoj.gov

*Counsel for Defendants*


DANIEL DAVID HU
Assistant United States Attorney
Chief, Civil Division
State Bar No. 10131415
S.D. I.D. 7959
Southern District of Texas
1000 Louisiana, Suite 2300 Houston, TX 77002
Tel: (713) 567-9000
Fax: (713) 718-3300
Daniel.Hu@usdoj.gov

*Local Counsel*

**CERTIFICATE OF COMPLIANCE**

I certify that the total number of words in this motion, exclusive of the matters designated for omission, is 2136, as counted by Microsoft Word.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 13, 2022.

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER