# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| STATE OF TEXAS; STATE OF LOUISIANA, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> *Defendants*. | Case No. 6:21-cv-16 |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL AND CONTINUED ADMINISTRATIVE STAY

None of Defendants' reasons for this Court to stay its final judgment has merit. Defendants offer nothing new that they have not already proffered to the Court, or that the Court has not considered.

Defendants point to the out-of-circuit[1] judicial rulings that this Court already found unpersuasive ad did not deem an obstacle to vacating DHS's action here. Each of these cases was previously brought to the attention of the Court in notices of supplemental authority—Defendants cite no authority that post-dates the Court's final judgment.

---

[1] Of course, one is from the Fifth Circuit, but because that ruling was not only vacated by the *en banc* court, *Texas v. United States*, 14 F.4th 332 (5th Cir. 2021), *vacated by* 24 F.4th 407 (5th Cir. Nov. 30, 2021) (en banc) (mem.), but repudiated by name by a subsequent Fifth Circuit panel, *Texas v. Biden (MPP)*, 20 F.4th 928, 984–85 (2021), this Court should pay it no heed.

Except one: Defendants argue that today's Supreme Court ruling in *Garland v. Aleman Gonzalez*, No. 20-322, 596 U.S. --- (2022), provides a basis to stay this Court's final judgment because it held that 8 U.S.C. § 1252(f)(1) forbids courts from issuing any injunctive relief relating to Sections 1221–1232 of the Immigration and Nationality Act. ECF 244 at 3. *Gonzalez's* holding was the provisions forbade "entering injunctions." Sip Op. at 5. Of course, this Court did not issue injunctive relief—but Defendants argue that vacatur is similar enough to fall within the ambit of the Supreme Court's ruling. ECF 244 at 3.

But the Supreme Court has described section 1252(f)(1) as "nothing more or less than a limit on injunctive relief." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481 (1999). "Section 1252(f)(1) thus prohibits federal courts from granting classwide injunctive relief against the operation of §§ 1221–1232." *Jennings v. Rodriguez*, 138 S. Ct. 830, 851 (2018) (cleaned up)

The APA's default remedy is vacatur of the challenged rule and remand to the promulgating agency for further proceedings. 5 U.S.C. § 706(2) (requiring court to "hold unlawful and set aside agency action, findings, and conclusions found to be" noncompliant with the APA); *see also United Steel v. Mine Safety & Health Admin*, 925 F.3d 1279, 1287 (D.C. Cir. 2019) ("The ordinary practice is to vacate unlawful agency action.").

A district court's authority to set aside or vacate administrative action under 5 U.S.C. § 706 differs from its power to enjoin unlawful action. In *Monsanto Co. v. Geertson Seed Farms*, the Supreme Court distinguished vacatur as a "less drastic

remedy" than an injunction. 561 U.S. 139, 165-66 (2010). An order vacating administrative action does not "enjoin or restrain" the INA's operation because vacatur alone does not enjoin anything at all.

Defendants maintain that even if it does not "enjoin," vacatur falls within the term "restrain." ECF 244 at 3–4. But "the title of a statute or section can aid in resolving an ambiguity in the legislation's text." *INS v. Nat'l Ctr. for Immigrants' Rights, Inc.*, 502 U.S. 183, 189 (1991); *see also* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 221 (discussing the "Title-and-Headings Canon"). And the Supreme Court has found the title of Section 1252(f)(1) relevant to its meaning: "By its plain terms, and even by its title, that provision is nothing more or less than a limit on injunctive relief." *Reno*, 525 U.S. at 481. The title of that section is: "Limit on *Injunctive* Relief: In General." 8 U.S.C. § 1252(f)(1) (emphasis added).[2]

But this Court already foresaw this issue in its order vacating the action here:

> The Court is mindful that the Supreme Court recently requested supplemental briefing on, among other issues, "Whether 8 U.S.C. § 1252(f)(1) imposes any jurisdictional or remedial limitations on the entry of injunctive relief, declaratory relief, or relief under 5 U.S.C. § 706." *Biden v. Texas*, ____ S.Ct. ____, ____, No. 21-954, 2022 WL 1299971, at *1 (May 2, 2022). Section 1252(f) does not apply here because, among other reasons, the Court vacates a rule. *Capital Area Immigrants' Rights Coal. v. Trump*, 471 F. Supp. 3d 25, 60 (D.D.C. 2020); *see also Texas MPP*, 20 F.4th at 1003–04; *Preap*, ___ U.S. at ____, 139 S.Ct. at 962; *Texas I*, 524 F. Supp. 3d at 641.

---

[2] That "enjoin or restrain" refers solely to injunctive relief is reinforced by Fed. R. Civ. P. 65, which demonstrates that "restrain" refers to the form of injunctive relief known as a "temporary *restraining* order." (emphasis added; under section heading of "Injunctions and Restraining Orders")

ECF 240 at 94 n. 71.[3]  Nothing in *Gonzalez* changes this analysis.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Courts "consider four factors in deciding whether to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Texas v. United States*, 787 F.3d 733, 746–47 (5th Cir. 2015) (cleaned up). "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Id.* (cleaned up).

To show that they satisfy these factors, Defendants recycle arguments previously raised by Defendants and rejected by this Court. Some examples:

---

[3] Another Court explained this distinction as well:

> [Defendants point] to Section 1252(f)'s dictate that "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of [8 U.S.C. §§ 1221–32] other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated." *Id.* at 10–11. But . . . by vacating the Rule, the Court is not enjoining or restraining the INA's operation.

*Cap. Area Immigrants' Rts. Coal. v. Trump*, 471 F. Supp. 3d 25, 59–60 (D.D.C. 2020), *appeal dismissed as moot sub nom. I.A. v. Garland*, No. 20-5271, 2022 WL 696459 (D.C. Cir. Feb. 24, 2022).

- Defendants argue that are likely to prevail on the merits on appeal, ECF 244 at 4–5, but the Court—by ruling against them on the merits after a trial— has already determined that they cannot make "a *strong* showing that [they are] likely to succeed on the merits," *Texas v. Biden (MPP)*, 10 F.4th 538, 545 (5th Cir. 2021) (emphasis added).

- Defendants believe they will likely prevail on the merits because this Court's ruling undermines executive authority to enforce immigration laws and set priorities in enforcement, ECF 244 at 4–5, but they previously argued this in their post-trial briefing.  ECF 223 at 31–32.

- Defendants argue the balance of harms and irreparable injury factors weigh in favor of a stay because of likely confusion among DHS personnel over how to allocate enforcement resources, ECF 244 at 5, compared to a supposedly small numbers of rescinded detainers that harm the States. *Id.* at 5–6. But the Court already heard this argument from Defendants in their post-trial briefing. ECF 223 at 28, 32–33.

- Defendants argue that a stay would "prevent a whipsaw effect when [DHS] momentarily complies with the Court's vacatur order, only to revert to the September Guidance shortly thereafter" if the Fifth Circuit grants a stay after the vacatur goes into effect. ECF 244 at 2. But Defendants made this same argument—what it called a "pendulum effect"—in its post-trial briefing. ECF 223 at 32–33.

- Defendants argue that the Court should geographically limit the scope of the vacatur, ECF 244 at 6, but the Court has already rejected this argument. ECF 240 at 92–93; *see id.* at 92 ("by necessity, vacating a rule applies universally").

- This Court has found—after a bench trial on the merits—that the agency action it has vacated "has resulted in irreparable harm to the States" for over a year. ECF 240 at 90.

Defendants raised all of these issues in their post-trial briefing, explicitly seeking a stay of 30 days, ECF 223 at 37—at the end of an entire section arguing for a stay. ECF 223 at 30–37.

## CONCLUSION

The States respectfully request that the Court deny Defendants' motion.

Dated: June 13, 2022                    Respectfully submitted,

KEN PAXTON                              WILLIAM T. THOMPSON
Attorney General of Texas               Deputy Chief, Special Litigation Unit
                                        Texas Bar No. 24088531
BRENT WEBSTER                           Southern District of Texas Bar No. 3053077
First Assistant Attorney
General                                 */s/ Ryan D. Walters*
                                        RYAN D. WALTERS
PATRICK K. SWEETEN                      Special Counsel
Deputy Attorney General                 *Attorney-in-Charge*
for Special Litigation                  Texas Bar No. 24105085
                                        Southern District of Texas Bar No. 3369185
                                        ryan.walters@oag.texas.gov

                                        LEIF A. OLSON
                                        Special Counsel
                                        Texas Bar No. 24032801
                                        Southern District of Texas Bar No. 33695

                                        OFFICE OF THE ATTORNEY GENERAL
                                        SPECIAL LITIGATION UNIT
                                        P.O. Box 12548 (MC-009)
                                        Austin, Texas 78711-2548
                                        Tel.: (512) 936-1414
                                        Fax: (512) 936-0545

                                        **COUNSEL FOR PLAINTIFF STATE OF TEXAS**

JEFF LANDRY
LOUISIANA ATTORNEY GENERAL

*/s/Elizabeth B. Murrill*
ELIZABETH B. MURRILL
Solicitor General
JOSEPH S. ST. JOHN
Deputy Solicitor General

LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

**COUNSEL FOR PLAINTIFF STATE OF LOUISIANA**

**CERTIFICATE OF SERVICE**

I certify that on June 13, 2022, this document was filed through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ Ryan D. Walters*
RYAN D. WALTERS