United States District Court
Southern District of Texas
**ENTERED**
June 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| The STATE OF TEXAS and the STATE OF LOUISIANA, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:21-CV-00016 |
| The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TRACY RENAUD, Senior Official Performing the Duties of the Director of the U.S. Citizenship and Immigration Services, in her official capacity; and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is the Government's Emergency Motion for Stay Pending Appeal and Continued Administrative Stay. (Dkt. No. 244). On June 10, 2022 the Court entered a seven day administrative stay to allow the Government to seek

further relief at the appellate level. (Dkt. No. 240 at 96); (Dkt. No. 241). The Government filed a Notice Appeal on June 13, 2022.

The Court has reviewed the Government's Motion, the States' Response, (Dkt. No. 245), and the Government's Reply, (Dkt. No. 246). The Court finds that the Government offers no new arguments related to this Court's entry of a stay, with one exception: the Supreme Court's decision yesterday in *Garland v. Aleman Gonzalez*, which discusses 8 U.S.C. § 1251(f)(1). For the reasons discussed below, the Court is of the opinion that *Garland v. Aleman Gonzalez* offers no basis for extending the stay or altering the Court's decision on the merits. Even so, the Court will **EXTEND** the administrative stay an additional seven days to June 24, 2022, so that the Fifth Circuit may have sufficient time to consider any emergency relief sought by the Government.

## DISCUSSION

The Government argues that Section 1251(f)(1) constitutes a jurisdictional bar in this case, as it did in *Aleman Gonzalez*. *See* (Dkt. No. 244 at 3–4) (citing *Garland v. Aleman Gonzalez*, 596 U.S. ___, No. 20-322, slip op. at 5 (2022)). The Government further argues that *Aleman Gonzalez's* reasoning as to injunctions applies equally to vacatur of a rule under the Administrative Procedure Act, relying on Section 1252(f)(1)'s limit on lower courts' jurisdiction to "enjoin or restrain the operation of" the covered provisions of the INA. 8 U.S.C. § 1252(f)(1). The States respond that *Aleman Gonzalez* only applies to injunctive relief. (Dkt. No. 245 at 2–4).

Section 1252(f) is titled "Limit on injunctive relief."[1]  8 U.S.C. § 1252(f).  In *Aleman Gonzalez*, the Supreme Court noted that 8 U.S.C. § 1252(f)(1) "strips lower courts of jurisdiction or authority to *enjoin* or *restrain* the operation of the relevant statutory provisions."  *Aleman Gonzalez*, No. 20-322, slip op. at 4 (internal quotations omitted) (emphasis added).  After analyzing the statute, the Supreme Court concluded that lower courts are prohibited "from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions."  *Id.* at 5.  It is for this reason that the Supreme Court in *Aleman Gonzalez* held that Section 1252(f) deprived the district courts of jurisdiction to award class-wide injunctive relief.  *Id.* at 1, 11.

The Court concludes *Aleman Gonzalez* is inapplicable for at least three main reasons.  First, *Aleman Gonzalez* does not apply to this case because this Court did not enter an injunction.  *See id.* at 7 n.2.  Instead, the only relief granted was vacatur of the rule.  (Dkt. No. 240 at 91 n.69, 94, 96).  Indeed, the Supreme Court has noted the distinction between vacatur and injunctive relief, describing vacatur as "a less drastic remedy" than "the additional and extraordinary relief" of an injunction.  *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165–66, 130 S.Ct. 2743, 2761, 177 L.Ed.2d 461 (2010).  And *Aleman*

---

[1]   Section 1252(f)(1) provides in full:
Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated.

*Gonzalez* did not disturb the Supreme Court's prior holding that Section 1252(f) "[b]y its plain terms, and even by its title, . . . is nothing more or less than a limit on *injunctive* relief." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481, 119 S.Ct. 936, 942, 142 L.Ed.2d 940 (1999) (emphasis added); *see also Jennings v. Rodriguez*, ___ U.S. ___, ___, 138 S.Ct. 830, 851, 200 L.Ed.2d 122 (2018) ("Section 1252(f)(1) thus prohibits federal courts from granting classwide *injunctive* relief[.]" (cleaned up) (emphasis added)).

Second, vacatur of the Final Memorandum in this case is not implicated by the Supreme Court's holding or reasoning in *Aleman Gonzalez* because vacatur under the Administrative Procedure Act does not "enjoin or restrain the operation of" Sections 1226 or 1231. *See* 8 U.S.C. § 1252(f)(1). In fact, the Court preemptively explained this distinction in its Memorandum Opinion and Order. (Dkt. No. 240 at 94 n.71) (citing *Capital Area Immigrants' Rights Coal. v. Trump*, 471 F. Supp. 3d 25, 60 (D.D.C. 2020)).

Finally, reading *Aleman Gonzalez* as the Government does is not only an incorrect interpretation of that case, but it would likely insulate virtually every rule related to the INA from judicial review. Such a result is inconsistent with the Fifth Circuit's explicit rejection of the Government's claimed authority to have "unreviewable and unilateral discretion to ignore statutory limits imposed by Congress and to remake entire titles of the United States Code to suit the preferences of the executive branch." *Texas v. Biden*, 20 F.4th 928, 1004 (5th Cir. 2021), *cert. granted*, 142 S.Ct. 1098, 212 L.Ed.2d 1 (2022).

## CONCLUSION

Notwithstanding the foregoing, the Court hereby **EXTENDS** the administrative stay of the Final Judgment, (Dkt. No. 241), an additional seven days to June 24, 2022, for

the sole purpose of providing the Fifth Circuit sufficient time to decide whether an additional stay should be entered. The Court **DENIES** all other requested relief.

It is SO ORDERED.

Signed on June 14, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**